UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC, | CASE NO. 19-CV-04587-JPO |
| Plaintiff, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| ROC-A-FELLA RECORDS INC, DEF JAM RECORDINGS INC., UNIVERSAL MUSIC GROUP, SONY MUSIC HOLDINGS INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROC-A-FELLA
RECORDS, LLC AND UMG RECORDINGS, INC.'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL BACKGROUND .................................................................................... 3

III.  LEGAL STANDARD ................................................................................................ 5

IV.  THE FAC FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT .......... 7

V.   CONCLUSION ........................................................................................................ 11

i

# TABLE OF AUTHORITIES

<b>Page(s)</b>

## CASES

*Allen v. WestPoint-Pepperell, Inc.*,
  945 F.2d 40 (2d Cir. 1991)................................................................................7

*Appalachian Enters., Inc. v. ePayment Solutions, Ltd.*,
  2004 WL 2813121 (S.D.N.Y. Dec. 8, 2004) .........................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................5, 6

*Atuahene v. City of Hartford*,
  10 Fed. App'x 33 (2d Cir. 2001)..................................................................6, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).....................................................................................5

*Bower v. Weisman*,
  639 F. Supp. 532 (S.D.N.Y. 1986) ................................................................11

*Broughel v. Battery Conservancy*,
  2010 WL 1028171 (S.D.N.Y. 2010)............................................................6, 9

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
  2003 WL 296561 (S.D.N.Y. Feb. 11, 2003).......................................................8

*Caraveo v. Nielsen Media Research, Inc.*,
  2002 WL 530993 (S.D.N.Y. Apr. 8, 2002)......................................................11

*Childress v. Taylor*,
  945 F.2d 500 (2d Cir. 1991).........................................................................3

*Cole v. John Wiley & Sons, Inc.*,
  2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012)......................................................8

*Donna v. Dodd, Mead & Co., Inc.*,
  374 F. Supp. 429 (S.D.N.Y. 1974) .................................................................4

*Energy Intelligence Grp., Inc. v. Jeffries, LLC*,
  101 F. Supp. 3d 332 (S.D.N.Y. 2015)..............................................................9

ii

**TABLE OF AUTHORITIES**
continued

**Page(s)**

*Lambertini v. Fain*,
  2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014) ....................................................10

*Marvullo v. Gruner & Jahr*,
  105 F. Supp. 2d 225 (S.D.N.Y. 2000)..............................................................6, 8

*Medina v. Bauer*,
  2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) .........................................................8

*Nicholls v. Tufenkian Import/Export Ventures, Inc.*,
  367 F. Supp. 2d 514 (S.D.N.Y. 2005)...................................................................9

*Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*,
  2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ....................................................6, 8

*Perry v. Mary Ann Liebert, Inc.*,
  2018 WL 2561029 (S.D.N.Y. June 4, 2018) ...................................................3, 10

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57 (2d Cir. 2010)...........................................................................6, 7, 9

*Ritani, LLC v. Aghjayan*,
  880 F. Supp. 2d 425 (S.D.N.Y. 2012)..............................................................7, 9

*Rose v. Hewson*,
  2018 WL 626350 (S.D.N.Y. Jan. 30, 2018) .........................................................9

*Rothman v. Gregor*,
  220 F.3d 81 (2d Cir. 2000)...................................................................................7

*Telebrands Corp. v. Del Labs., Inc.*,
  719 F. Supp. 2d 283 (S.D.N.Y. 2010)...................................................................7

*Thomson v. Larson*,
  147 F.3d 195 (2d Cir. 1998)..................................................................................3

*Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.*,
  1997 WL 598461 (S.D.N.Y. Sept. 25, 1997)......................................................11

iii

11356890.1

## TABLE OF AUTHORITIES
continued

**Page(s)**

*Weissmann v. Freeman*,
    868 F.2d 1313 (2d Cir. 1989)...........................................................................................4

### STATUTES

17 U.S.C.
    § 101.............................................................................................................................3
    § 505...........................................................................................................................11

### FEDERAL RULES

Federal Rules of Civil Procedure
    Rule 12(b)(6)......................................................................................................1, 5, 6, 7
    Rule 12(e).....................................................................................................................11

iv

## I.     INTRODUCTION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Roc-A-Fella Records, LLC (sued incorrectly as Roc-A-Fella Records Inc.) and Def Jam Recordings, a division of UMG Recordings, Inc. (sued incorrectly as Def Jam Recordings Inc.[1] and Universal Music Group) (collectively, "Moving Defendants") hereby move for an Order dismissing the claim for copyright infringement ("Count I") asserted by Plaintiff Ernie Hines ("Hines" or "Plaintiff") in the First Amended Complaint dated July 12, 2019 ("FAC").

 As discussed below, Plaintiff's FAC fails to comply with the most basic pleading requirements of the Federal Rules.  First, Count I conclusorily jumbles together two separate infringement claims against different parties involving two separate works, claiming both works allegedly infringe Plaintiff's copyright as a co-author of a composition entitled "Help Me Put Out The Flame (In My Heart)" ("Help Me").  Plaintiff alleges two cursory claims that "Help Me" is infringed by the "song" entitled "Paper Chase" recorded by Shawn Carter, professionally known as Jay-Z, and the "song" entitled "Toe 2 Toe" recorded by the recording artist professionally known as "Ginuwine."  In so doing, Plaintiff has asserted an improper omnibus claim for infringement against all of the defendants, without specifying how or when each defendant allegedly infringed his rights in "Help Me."

Second, compounding the pleading deficiencies identified above, Plaintiff fails to allege a single fact that identifies *what* alleged material from "Help Me" is allegedly copied in *either* "Paper Chase" or "Toe 2 Toe."  Instead, he merely attempts to recite the basic elements of an infringement claim (yet even fails in that barebones attempt).  As set forth below, Plaintiff must

---

[1] Def Jam Recordings is a division of UMG Recordings, Inc. and does exist as a separate corporate entity.  The entity "Def Jam Recordings, Inc.," does not exist and should be dismissed from this action entirely.

allege *facts* that could support a claim under the United States Copyright Act for infringement of his composition copyright, including but not limited to facts that demonstrate any substantial similarities in original and protectable elements between "Help Me" and "Paper Chase," or between "Help Me" and "Toe 2 Toe."  Plaintiff does not (and cannot) allege any similarities— much less substantial similarity—in protectable expression between "Help Me" and either "Paper Chase" or "Toe 2 Toe."  Plaintiff's FAC contains nothing more than blanket legal conclusions unsupported by facts: "'Paper Chase' contained a sample of the … composition of 'Help Me'" (FAC, ¶ 13), "'Toe 2 Toe' contains a sample of 'Help Me'" (FAC, ¶ 21), and "Defendants have unlawfully used the sample of Hines and never sought his approval to sample his work." (FAC, ¶ 27).

Third, Plaintiff's failure to allege *any* such facts is intentional, because Plaintiff knows he cannot plead that any actionable similarities exist between "Help Me" and the works at issue. Before Plaintiff amended his original Complaint, counsel for Moving Defendants requested copyright information from Plaintiff's counsel, specifically, a copy of the materials deposited with the United States Copyright Office that identified the composition sought to be registered and which defines the scope of Plaintiff's asserted copyright in the composition "Help Me." When Plaintiff failed to provide that information, Moving Defendants' counsel obtained a copy of the sheet music for "Help Me" that had been deposited with the United States Copyright Office (the "Help Me Deposit Copy")[2] and, through their own musicological analysis, ascertained there is no expression in the Help Me Deposit Copy that bears any relevant similarity

---

[2] The Help Me Deposit Copy is attached as Exhibit A to the concurrently filed Declaration of Christine Lepera, dated August 21, 2019 (the "Lepera Declaration").

to either "Paper Chase" or "Toe 2 Toe." [3]  Notwithstanding the fact that defense counsel

provided this information—and notwithstanding that it is ***Plaintiff's*** burden to provide it—

Plaintiff still fails to provide any factual or musicological support that "Paper Chase" or "Toe 2

Toe" infringes any protectable expression in the Help Me Deposit Copy.  Plaintiff instead

amended his Complaint as of right, and consciously ignored the Help Me Deposit Copy while

failing to supplement or elaborate on any allegations of alleged infringement.  Count I should be

dismissed accordingly.

## II.    FACTUAL BACKGROUND

Plaintiff initiated this action on May 18, 2019.  ECF Dkt. No. 1.  Plaintiff's original

Complaint asserted two claims: one for infringement of his copyright interest as a co-author of

the musical composition "Help Me" and one for conversion.  ECF Dkt. No. 1, pp. 6-7.  Plaintiff

filed the FAC on July 12, 2019.  ECF Dkt. No. 13.  In the FAC, Plaintiff maintained his

copyright infringement claim, omitted his conversion claim, and added a putative claim for

declaratory judgment of joint authorship in both "Paper Chase" and "Toe 2 Toe." [4]  FAC, pp. 6-7.

---

[3] Plaintiff does not claim ownership in any sound recording of "Help Me," and makes no claim for infringement thereof.  The only copyright registration at issue, as alleged in paragraph 9 of the FAC, is a renewal registration for the pre-1978 composition copyright registered under the Copyright Act of 1909.  As discussed below, the only copyright that is thus protectable and actionable by Plaintiff is the one encompassed by the Help Me Deposit Copy.  No sound recording of "Help Me" is relevant to the scope of the copyright in the ***composition*** "Help Me."  Contrary to Plaintiff's allegations, however, and though not relevant here, there is no admission by any defendant that there is any infringement of any sound recording of "Help Me."

[4] Plaintiff's joint authorship claim is asserted only against the two individual defendants—Timothy Mosley ("Mosley") and Shawn Carter ("Carter").  Those defendants have not been served and the requisite 90 days allotted to accomplish service has now run, mandating dismissal of the entire action as against them.  In all events, Plaintiff's second claim is patently baseless on the face of the pleading, and subject to dismissal with prejudice.  A "joint work" under the Copyright Act is one "prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole."  17 U.S.C. § 101.  To properly plead co-ownership, the claimant must plead and prove that each putative co-author: (1) made independently copyrightable contributions to the work; and (2) ***intended*** to be co-authors whose respective contributions would be merged into a joint work.  *See Childress v. Taylor*, 945 F.2d 500, 505-07 (2d Cir. 1991); *Thomson v. Larson*, 147 F.3d 195, 200 (2d Cir. 1998); *Perry v. Mary Ann Liebert, Inc.*, 2018 WL 2561029, at *9 (S.D.N.Y. June 4, 2018).  Plaintiff not only fails to plead either of these elements, but his clearly inconsistent factual allegations in the FAC

In the FAC, Plaintiff alleges he is a co-author and composer of "Help Me," which he alleges was registered with the U.S. Copyright Office in 1969 and has a renewal registration of EU0000154302. FAC, ¶ 9. Plaintiff's single infringement claim lumps all of the defendants together and conclusorily alleges separate infringement by separate parties involving separate works, namely that "Help Me" was infringed by the "songs" entitled "Paper Chase" recorded by Shawn Carter, p/k/a "Jay Z" and "Toe 2 Toe" recorded by the recording artist Elgin Lumpkin p/k/a "Ginuwine." FAC, ¶¶ 11-29. Nowhere in the FAC are there any factual allegations regarding the alleged similarities between original, protectable elements of "Help Me" (whose copyright protection is defined in the Help Me Deposit Copy) and either "Paper Chase" or "Toe 2 Toe." The only allegations proffered are the following vague, boilerplate labels and conclusions:

- "'Paper Chase' contained a sample of the . . . composition of 'Help Me'" (FAC, ¶ 13);

- "'Paper Chase' contained a sample of 'Help Me'" (*Id.*, ¶ 15);

- "'Toe 2 Toe contains a sample of 'Help Me'" (*Id.*, ¶ 21);

- Referencing the "use of Hines' song in 'Paper Chase'" (*Id.*, ¶ 17);

- Referring to the "use of the composition sample on 'Help Me' on the Ginuwine album" (*Id.*, ¶ 22); and

- "Defendants have unlawfully used the sample of Hines" (*Id.*, ¶ 27).

---

are fatal to his claim. Plaintiff alleges, in blanket contradiction of any intent to co-author, that he did not have any intention whatsoever to create a joint work with either Mosley or Carter. *See* FAC, ¶ 16 (Plaintiff "does not listen to rap music and was unaware that 'Paper Chase' contained his music and composition until 2018."); *Id.* at ¶ 24 ("Defendants never had Plaintiff's consent nor did the Defendants ever seek Plaintiff's consent for over twenty (20) years. Plaintiff learned of the use of his song in the Jay-Z and Ginuwine albums in 2018."). Plaintiff's claim of joint ownership is also patently inconsistent with his claims of infringement. Indeed, "[i]t is settled law . . . that a joint owner of a copyright . . . cannot be liable to a co-owner for copyright infringement, since a copyright owner cannot infringe his own copyright." *Donna v. Dodd, Mead & Co., Inc.*, 374 F. Supp. 429, 430 (S.D.N.Y. 1974) (internal citation omitted); *Weissmann v. Freeman*, 868 F.2d 1313, 1318 (2d Cir. 1989).

4

As noted above, prior to filing the FAC, Plaintiff refused to provide counsel for the Moving Defendants with the Help Me Deposit Copy, and upon receiving same from defense counsel, chose to ignore its application to his claims in filing the FAC.

## III.    LEGAL STANDARD

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While the Federal Rules of Civil Procedure do not require "detailed factual allegations," a pleading that offers merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted).  To the contrary, to survive a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citation omitted); *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level").  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Ascertaining whether there is a

plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

"Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of ***each*** of the defendants." *Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (emphasis added); *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint that "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct"). "A plaintiff cannot merely 'lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Ochre*, 2012 WL 6082387, at *6. Moreover, in the context of copyright infringement, dismissal is also warranted when a party fails to specify the acts by which each defendant allegedly infringed a plaintiff's rights. Indeed, "Rule 8(a)(2) has been construed to require a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement. . . . It must set out the 'particular infringing acts … with some specificity. Broad, sweeping allegations of infringement do not comply with Rule 8.'" *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).

Dismissal under Rule 12(b)(6) is also appropriate when a party fails to delineate the basis upon which a plaintiff claims the works are substantially similar. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 69 (2d Cir. 2010) ("In short, because plaintiffs have failed to allege that 'a substantial similarity exists between defendants' work and the protectable [sic] elements of plaintiffs',' the district court properly dismissed plaintiffs' federal copyright claim."); *Broughel v. Battery Conservancy*, 2010 WL 1028171, at *2 (S.D.N.Y. 2010) (plaintiff

11356890.1

denied leave to re-assert copyright infringement claim based on "only vague and general allegations of similarity").

In deciding a motion to dismiss brought under Rule 12(b)(6), a court may consider "facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc*., 945 F.2d 40, 44 (2d Cir. 1991); *Rothman v. Gregor*, 220 F.3d 81, 88-89 (2d Cir. 2000). Here, Moving Defendants respectfully submit that based on these standards this Court should take judicial notice of the Help Me Deposit Copy (attached as Exhibit A to the Lepera Declaration), and Plaintiff's failure to address same, in evaluating the pleading deficiencies at hand. *See Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010) ("The Court may properly take judicial notice of official records of the United States Patent and Trademark Office and the United States Copyright Office.") (collecting cases).

## IV.   THE FAC FAILS TO STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

"Post-*Iqbal*, the courts in this Circuit considering motions to dismiss copyright claims have held that a plaintiff with a valid copyright must allege that '(1) defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 441-42 (S.D.N.Y. 2012); *Peter F. Gaito*, 602 F.3d at 69.

Plaintiff's Count I must be dismissed due to Plaintiff's failure to properly allege the basic elements of a copyright claim. First, it improperly purports to assert an omnibus claim for copyright infringement against several defendants involving separate works by separate authors and recording artists, without any facts to support such a claim. Instead, Plaintiff vaguely alleges

7

that "All of the Defendants have unlawfully used the sample of Hines and never sought his

approval to sample his work" and "have infringed on Hines's exclusive rights under the United

States Copyright Act."  FAC, ¶¶ 27-28.  However, Plaintiff cannot collapse these distinct claims

of infringement into one and vaguely claim that all of the defendants are liable for infringement

without any specificity whatsoever.  This is insufficient to give Defendants notice of the claims

being asserted against them, and as many courts have recognized, justifies the dismissal of this

claim outright.  *See Atuahene*, 10 Fed. App'x at 34; *Appalachian Enters., Inc. v. ePayment

Solutions, Ltd.*, 2004 WL 2813121, at *7, *9 (S.D.N.Y. Dec. 8, 2004) (complaint that "does not

identify any particular defendant that committed any specific act of wrongdoing against plaintiff"

and "simply attributes the wrongful acts as being committed collectively" fails to satisfy the

requirements of Rule 8 and dismissing complaint that "lumps together all of the defendants in

each claim without providing any factual allegations to distinguish their conduct."); *Medina v.

Bauer*, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants

together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the

requirements of rule 8.  Specifically, the allegations fail to give adequate notice to these

defendants as to what they did wrong."); *Ochre*, 2012 WL 6082387, at *6-7 ("This failure to

isolate the key allegations against each defendant supports dismissal under the standards set forth

in *Twombly* and *Iqbal*.").

     Indeed, as the case law makes clear, a copyright plaintiff is required to allege, at a very

minimum, "by what acts" he claims ***each*** defendant infringed his copyright interests.  *Cole v.

John Wiley & Sons, Inc.*, 2012 WL 3133520, at *13 (S.D.N.Y. Aug. 1, 2012); *Marvullo v.

Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000); *Brought to Life Music, Inc. v. MCA*

8

*Records, Inc.*, 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003) (complaint fails to state claim for copyright infringement where plaintiff "has not attempted to describe 'by what acts and during what time' [the defendant] infringed the copyright."); *Energy Intelligence Grp., Inc. v. Jeffries, LLC*, 101 F. Supp. 3d 332, 342 (S.D.N.Y. 2015) (granting motion to dismiss in part where complaint "plainly fails to plead 'by what acts' Jeffries infringed Plaintiffs' copyright."). Plaintiff has not made the slightest effort to provide these required details.  These deficiencies warrant dismissal of Count I.

Plaintiff's infringement claim should also be dismissed because it contains zero factual identification of any materials from the Help Me Deposit Copy that are allegedly infringed in either "Paper Chase" or "Toe 2 Toe."[5]  Courts consistently recognize that where a plaintiff fails to allege substantial similarity between the allegedly infringed work and the allegedly infringing works through non-conclusory facts, he fails to state a claim for copyright infringement.  *See Peter F. Gaito*, 602 F.3d at 69; *Ritani*, 880 F. Supp. 2d at 443 (dismissing copyright claim where "neither the Initial nor Amended Complaint contains any allegations as to any particular elements of the rings that are claimed to be protected, or that the expressions or the elements are 'substantially similar'" and "merely states that [the defendant's] websites ***contained*** a number of [plaintiff's jewelry designs]") (emphasis added); *Broughel,* 2010 WL 1028171, at *2 (plaintiff denied leave to re-assert copyright infringement claim based on "only vague and general allegations of similarity" and did not "articulate with any specificity … what aspect of any

---

[5] The Help Me Deposit Copy, which is governed by the Copyright Act of 1909, determines the full scope of Plaintiff's composition copyright in "Help Me."  *See, e.g.*, *Rose v. Hewson*, 2018 WL 626350, at *3 (S.D.N.Y. Jan. 30, 2018) ("In copyright cases alleging infringement of a musical composition, a court considers only a song's composition . . . and does not consider elements of performance of the composition"); *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) ("[A] copyright does not encompass [elements] that vary in essential respects from what was presented to the Copyright Office. Otherwise, the purposes of the deposit requirement would be nullified.").

9

images used by the defendant that make them legally similar to her own copyrighted works.");
*Lambertini v. Fain*, 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014) (dismissing copyright
infringement claim where plaintiff did not "identify[] with some degree of specificity how
Defendant's works are substantially similar to her own."); *Perry v. Mary Ann Liebert, Inc.*, 2018
WL 2561029, at *5 (S.D.N.Y. June 4, 2018) ("Plaintiff's copyright infringement claim is
dismissed for failure to plausibly plead which aspect of the Pierce Article infringed a protectable
aspect of her Dissertation and how those aspects are substantially similar.") (internal citations
omitted). Count I is woefully deficient under these governing authorities.

Plaintiff has failed to plead the existence of *any actionable* similarities at all, much less
substantial ones, that exist between the Help Me Deposit Copy and either "Paper Chase" or "Toe
2 Toe." Plaintiff's sole allegations regarding the purported similarities between the works at
issue are devoid of a shred of factual detail and intentionally ignore the Help Me Deposit Copy.
*See* FAC, ¶ 13 ("the song 'Paper Chase' contained a sample of the . . . composition of 'Help
Me'"); *Id.* at ¶ 15 ("'Paper Chase' contained a sample of 'Help Me'"); *Id.* at ¶ 17 (referencing
the "use of Hines' song in 'Paper Chase'"); *Id.* at ¶ 21 ("'Toe 2 Toe contains a sample of 'Help
Me'"); *Id.* at ¶ 22 (referring to the "use of the composition sample on 'Help Me'"); *Id.* at ¶ 27
("Defendants have unlawfully used the sample of Hines"). Plaintiff has chosen to avoid the Help
Me Deposit Copy because he knows that he cannot allege that there are any similarities (let alone
actionable ones) between it and either of the other two works. However, these authorities require
that he be made to address this and his failure to allege how "Paper Chase" and "Toe 2 Toe" are
in any way substantially similar to any protectable expression in the Help Me Deposit Copy is
fatal to any claim of infringement.

Plaintiff's copyright claim fails to meet the requisite pleading requirements on multiple grounds and should be dismissed.[6]

## V.    CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's copyright infringement claim with prejudice.  Moving Defendants reserve the right to seek an award of their attorneys' fees and costs in defending against this lawsuit pursuant to 17 U.S.C. § 505.


DATED:  New York, New York            MITCHELL SILBERBERG & KNUPP LLP
        August 21, 2019


                                      By: /s/ Christine Lepera
                                          Christine Lepera (CL 9311)
                                          437 Madison Ave., 25th Floor
                                          New York, New York 10022
                                          Telephone: (212) 509-3900
                                          Facsimile: (212) 509-7239
                                          Email: ctl@msk.com

                                          *Attorneys for Defendants Roc-A-Fella
                                          Records, LLC and Def Jam Recordings, a
                                          division of UMG Recordings, Inc.*

---

[6] In the event this Court permits Plaintiff's copyright infringement claim to survive (and Moving Defendants respectfully submit it should not), Moving Defendants respectfully request that, at a minimum, this Court require Plaintiff to provide a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e).  As currently pled, none of the defendants can reasonably respond to the allegations of the FAC.  At the very least, Plaintiff should be required to allege specific allegations against each defendant that allegedly violate his rights in the Help Me Deposit Copy, and to identify any specific similarities between the Help Me Deposit Copy and "Paper Chase" or "Toe 2 Toe."  *See, e.g.*, *Tom Kelley Studios Inc. v. Int'l Collectors Soc'y Inc.*, 1997 WL 598461, at *1 (S.D.N.Y. Sept. 25, 1997) (granting motion for a more definite statement where Complaint had "no allegations of specific *acts* of infringement") (emphasis in original); *Caraveo v. Nielsen Media Research, Inc.*, 2002 WL 530993, at *2 (S.D.N.Y. Apr. 8, 2002) (a more definite statement is warranted "when the complaint has made general allegations against numerous defendants and has failed to identify the specific defendants against whom plaintiff is asserting each of his causes of action.") (internal citations omitted); *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) (granting motion for more definite statement where complaint "employ[ed] the term 'defendant' without specifying which particular defendant is referred to[,]" defendant could not "effectively respond to [the] complaint").

11