UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC,<br><br>　　　　Plaintiff,<br>　v.<br><br>ROC-A-FELLA RECORDS INC, DEF JAM RECORDINGS INC., UNIVERSAL MUSIC GROUP, SONY MUSIC HOLDINGS INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND,<br><br>　　　　Defendants. | CASE NO. 19-CV-04587-JPO<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS ROC-A-FELLA RECORDS, LLC AND UMG RECORDINGS, INC.'S MOTION TO DISMISS**

11395399.8

**TABLE OF CONTENTS**

<div align="right">**Page**</div>

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

I. PLAINTIFF HAS FAILED TO SHOW THAT THE FAC CONTAINS SUFFICIENT ALLEGATIONS OF COPYRIGHT INFRINGEMENT OF THE "HELP ME" COMPOSITION .................................................................................... 3

II. PLAINTIFF'S POST-LITIGATION COPYRIGHT REGISTRATION OF THE VERY SAME COMPOSITION SMACKS OF BAD FAITH AND COMPOUNDS THE FAC's DEFICIENCIES ......................................................................................... 6

III. CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................ 2, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................... 2

*Broughel v. Battery Conservancy*,
    No. 07 CV 7755(GBD), 2010 WL 1028171 (S.D.N.Y. 2010) ............................................ 4, 5

*Calloway v. Marvel Entm't Grp.*,
    No. 82 Civ. 8697 (RWS), 1983 WL 1141 (S.D.N.Y. June 30, 1983) ...................................... 9

*Cole v. Allen*,
    3 F.R.D. 236 (S.D.N.Y. 1942) ................................................................................................ 5

*DiMaggio v. Int'l Sports Ltd.*,
    No. 97 Civ. 7767(HB), 1998 WL 549690 (S.D.N.Y. Aug. 31, 1998) ..................................... 9

*Ellis v. Jean*,
    No. 10 Civ. 8837(LMM), 2011 WL 6368555 (S.D.N.Y. Dec. 16, 2011) ................................ 5

*Griffin v. Sheeran*,
    351 F. Supp. 3d 492 (S.D.N.Y. 2019) ..................................................................................... 6

*Kelly v. L.L. Cool J.*,
    145 F.R.D. 32 (S.D.N.Y. 1992) ............................................................................................... 9

*Lambertini v. Fain*,
    No. 12-CV-3964 (DRH) (ARL), 2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014) ..................... 5

*Lindsay v. Wrecked and Abandoned Vessel R.M.S.*,
    No. 97 Civ. 9248(HB), 1999 WL 816163 (S.D.N.Y. Oct. 13, 1999) ....................................... 5

*Newton v. Diamond*,
    388 F.3d 1189 (9th Cir. 2004) ................................................................................................. 6

*Perry v. Mary Ann Liebert, Inc.*,
    2018 WL 2561029 (S.D.N.Y. June 4, 2018) ........................................................................... 4

**TABLE OF AUTHORITIES**
continued

**Page(s)**

*Ritani, LLC v. Aghjayan*,
880 F. Supp. 2d 425 (S.D.N.Y. 2012)....................3, 4

*Rose v. Hewson*,
No. 17cv1471 (DLC), 2018 WL 626350 (S.D.N.Y. Jan. 30, 2018)....................6

*The Diamond Collection, LLC v. Underwraps Costume Corp.*,
2:17-cv-00061, 2018 WL 1832928 (E.D.N.Y. Apr. 16, 2018)....................4

**STATUTES**

17 U.S.C. § 505....................10

**OTHER AUTHORITIES**

Rule 8....................2

Defendants Roc-A-Fella Records, LLC (sued incorrectly as Roc-A-Fella Records Inc.) and Def Jam Recordings, a division of UMG Recordings, Inc. (sued incorrectly as Def Jam Recordings Inc. and Universal Music Group) (collectively, "Moving Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the claim for copyright infringement ("Count I") asserted by Plaintiff Ernie Hines ("Hines" or "Plaintiff") in the First Amended Complaint dated July 12, 2019 ("FAC").[1]

## PRELIMINARY STATEMENT

Plaintiff's opposition not only entirely fails to rebut Moving Defendants' Rule 12(b)(6) motion, it instead creates further grounds in support of Defendants' position that the FAC is woefully deficient under the requisite post-*Iqbal* pleading standards for a copyright infringement claim. As Moving Defendants demonstrated in their opening papers, and as Plaintiff fails to address, Plaintiff's jumbled claim against multiple parties and works provides zero identification, as is required, as to what music or lyrics is allegedly substantially similar between Defendants' works and the protectable elements of Plaintiff's composition "Help Me."

Worse, Plaintiff now has purported to inject a newly obtained federal registration for the very same "Help Me" composition into this action. Plaintiff only obtained this new registration after this lawsuit was filed in June of 2019 ("June 2019 Registration"), and he now maintains that he can base his claim for infringement of *one composition* upon three registrations: both his initial 1969 copyright registration for "Help Me" ("1969 Registration") and 1997 renewal registration ("Renewal Registration"), as well as the June 2019 Registration, without identifying *any* material at issue in *any* registration. The June 2019 Registration further muddies the

---

[1] Terms are as defined in Moving Defendants' opening brief.

pleadings, and also demonstrates that Plaintiff is seeking to manipulate the registration process to change the copyright in the "Help Me" composition as a litigation tactic, *albeit* one that is unavailing. Plaintiff has clearly exacerbated his pleading deficiencies by alleging the vague application of multiple copyright registrations, one of which smacks of a bad faith filing based upon material misstatements.

Accordingly, Plaintiff's allegations fail to provide Defendants with "fair notice" of Plaintiff's claim and the grounds upon which it rests. Not surprisingly, given the blatant insufficiency of the FAC, Plaintiff cites no authority that supports the legitimacy of his pleading; indeed any case that he cites in fact *supports dismissal*.[2]

Plaintiff had the opportunity to amend his complaint, and in fact did so. He persists in his steadfast refusal to provide any detail as to *what was infringed*, instead maintaining that his bare allegations sufficiently state a claim for copyright infringement. They do not. For all of the reasons set forth herein and in Moving Defendants' opening papers, Plaintiff's Count I claim for copyright infringement should be dismissed.[3]

---

[2] Recognizing that the law overwhelmingly supports Moving Defendants' position, Plaintiff half-heartedly attempts to rely on pre-*Iqbal* Rule 8 pleading standards that have not been applicable in this Circuit, or any other for that matter, for over a decade. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). But even under the old pleading standards, Plaintiff's claim is *still* insufficient.

[3] Plaintiff does not address, and in effect concedes, that Plaintiff's joint authorship claim asserted against the two individual defendants—Timothy Mosley ("Mosley") and Shawn Carter ("Carter") is patently baseless and subject to dismissal with prejudice. *See* Memo. at 3 n. 4. Thus, this entire case should be dismissed.

**ARGUMENT**

I. **PLAINTIFF HAS FAILED TO SHOW THAT THE FAC CONTAINS SUFFICIENT ALLEGATIONS OF COPYRIGHT INFRINGEMENT OF THE "HELP ME" COMPOSITION**

In his opposition, Plaintiff claims that his bare conclusory allegation that a sample of the composition "Help Me" appears in Defendants' works "Paper Chase" and "Toe 2 Toe" is sufficient because it meets the "legal standard identified in *Ritani*": "A Complaint for copyright infringement must state (1) which specific original works are the subject of the claim (2) the plaintiff owns the copyright (3) that the works have been registered and (4) by what acts and during what time defendant has infringed on the copyright." Opp. at 11-12 (citing *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440 (S.D.N.Y. 2012)).

Tellingly, however, Plaintiff chooses to omit from his papers what that court said next in the very same opinion: "Post-*Iqbal*, the courts in this Circuit considering motions to dismiss copyright claims have held that a plaintiff with a valid copyright ***must allege*** that (1) defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." *Id.* at 441-42 (emphasis added) (citing *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 438 (S.D.N.Y. 2011)). Plaintiff also ignores that the *Ritani* court went on to find plaintiff's copyright infringement claim in that case deficient for *precisely* the reason Plaintiff's claim is deficient here: "Here, neither the Initial nor Amended Complaint contains any allegations as to any *particular elements of the [works] that are claimed to be protected*, or *that the expressions or the elements are 'substantially similar.'*" *Id.* at 443 (emphasis added). Indeed, "even assuming [defendants] copied [plaintiff's] work, the failure to plead facts regarding how the [works] are

3

'substantially similar,' including *identifying the protectable elements of the works as part of its claim*, will result in the dismissal of the copyright claim." *Id.* at 442 (emphasis added).

Countless other cases within the Second Circuit subscribe to this pleading standard—cases that Plaintiff would have this Court ignore:

- In *Perry v. Mary Ann Liebert, Inc.*, the court dismissed plaintiff's copyright infringement claim for failing to plausibly plead which aspect of defendant's work infringed a protectable aspect of plaintiff's work and how those aspects were substantially similar. 2018 WL 2561029, at *5 (S.D.N.Y. June 4, 2018).

- In *The Diamond Collection, LLC v. Underwraps Costume Corp.*, the court dismissed defendant's copyright counterclaims regarding alleged infringement of costume designs where defendant had "not even described its own copyrighted patterns," leaving the court to "speculate what the defendant's copyrighted . . . pattern[s] look[] like, and how any of the patterns in the Plaintiff's costumes are substantially similar to the Defendant's patterns." 2:17-cv-00061 (ADS)(SIL), 2018 WL 1832928, at *4-5 (E.D.N.Y. Apr. 16, 2018). The court further explained, "[s]imply stating that the costumes were 'identical or substantially similar' is a legal conclusion that this Court need not accept as true." *Id.* at *4.

- In *Broughel v. Battery Conservancy*, the court refused to grant leave to plaintiff to further amend her complaint because plaintiff continued to offer "only vague and general allegations of similarity between her work and the . . . images used by defendants." No. 07 CV 7755(GBD), 2010 WL 1028171, at *2 (S.D.N.Y. 2010). While plaintiff alleged certain elements of her works that she claimed were infringed, her allegations were nonetheless insufficient because she could not

4

demonstrate "what aspect of any images used by the defendant that make them legally similar to her own copyrighted works." *Id.*

- In *Lambertini v. Fain*, the court dismissed plaintiff's copyright claims where she failed to allege substantial similarity and the "only discernable allegation as to the similarities between Plaintiff's and Defendant's works is Plaintiff's claim that Defendant's works have 'the look and feel of [P]laintiff's line of works.'" No. 12-CV-3964 (DRH) (ARL), 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014). The court confirmed that the plaintiff has the burden of alleging not only that the defendant copied her work, but must "identify[] with some degree of specificity how Defendant's works are substantially similar to her own" *Id.* [4]

In his opposition, Plaintiff does nothing more than regurgitate the same conclusory allegations contained in the FAC. *See* Opp. at 8-9. The FAC does not allege any facts regarding what material in what work is substantially similar to *any* copyright *protected* aspects of the

---

[4] Plaintiff cites virtually no valid authority to support his argument that his bald assertions are sufficient to state a claim, and instead cites several pre-*Iqbal* cases supporting dismissal that are *analogous to the instant case*. *See, e.g., Cole v. Allen*, 3 F.R.D. 236, 237 (S.D.N.Y. 1942) ("[T]he defendants are entitled to know *what particular portions* of the copyrighted work they are charged with having infringed.") (emphasis added); *Lindsay v. Wrecked and Abandoned Vessel R.M.S.*, No. 97 Civ. 9248(HB), 1999 WL 816163, at *4 (S.D.N.Y. Oct. 13, 1999) (finding allegations that defendant "knowingly and willfully infringe[d] upon Plaintiff's copyright" to amount to "vague and conclusory allegations" that were, "as a matter of law, insufficient to withstand the instant motion"). The one post-*Iqbal* case Plaintiff cites in which the court denied a Rule 12(b)(6) motion is clearly distinguishable. *See Ellis v. Jean*, No. 10 Civ. 8837(LMM), 2011 WL 6368555 (S.D.N.Y. Dec. 16, 2011). There, the court noted that the plaintiffs alleged defendants "appropriated more than just lyrics" and claimed defendants had copied the "hook" of their musical composition, which included five different musical elements plaintiff claimed to own. *Id.* at *5. This is nothing like the case at hand, where Plaintiff has *not* alleged (or even identified in his opposition) copying of a single protectable element of the "Help Me" composition, nor, as explained *infra*, how multiple registrations purportedly apply.

"Help Me" composition.[5]  Accordingly, under these clear authorities, Plaintiffs' complaint is facially invalid.  *See Iqbal*, 556 U.S. at 678 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

## II. PLAINTIFF'S POST-LITIGATION COPYRIGHT REGISTRATION OF THE VERY SAME COMPOSITION SMACKS OF BAD FAITH AND COMPOUNDS THE FAC's DEFICIENCIES

Plaintiff filed this action on May 18, 2019.  In his original complaint dated May 16, 2019 (ECF No. 1), Plaintiff relied *solely* on a copyright registration for the "Help Me" composition that he filed in 1969, along with his renewal registration thereof in 1997.  Plaintiff purported to first register the "Help Me" composition on December 23, 1969 (Registration No. EU0000154302), and in connection therewith, provided the Copyright Office with the Help Me Deposit Copy sheet music ("1969 Registration").[6]  On January 3, 1997, Plaintiff filed a renewal

---

[5] Plaintiff alleges ownership in only the composition, *not* any sound recording embodying it.  "In copyright cases alleging infringement of a musical composition, a court considers only a song's composition—the notes, rhythm, and harmony, for example—and does not consider elements of *performance* of the composition . . . ."  *Rose v. Hewson*, No. 17cv1471 (DLC), 2018 WL 626350, at *3 (S.D.N.Y. Jan. 30, 2018) (emphasis added).  This would include aspects of the sound recording that are not attributable to the underlying composition.  Moreover, "[i]n the context of musical compositions, common elements are not entitled to copyright protection because they are no longer original and already in the public domain."  *Griffin v. Sheeran*, 351 F. Supp. 3d 492, 497 (S.D.N.Y. 2019).  Contrary to Plaintiff's view that the alleged sampling "is what makes 'Paper Chase and 'Toe 2 Toe' substantially similar to 'Help Me,'" Opp. at 16, the use of sampled excerpts, in itself, "is not sufficient to sustain a claim for infringement."  *Newton v. Diamond*, 388 F.3d 1189, 1196 (9th Cir. 2004) (holding that defendant's use of a brief sampled excerpt from a composition did not amount to actionable copying).  Moreover, no Defendant has admitted any "sampling" of any sound recording or composition, and Plaintiff has not even identified what aspect of the "Help Me" composition is allegedly "sampled."

[6] The 1969 Registration and Help Me Deposit Copy are attached as Exhibits A and B to the Declaration of Christine Lepera filed in support of Moving Defendants' motion to dismiss ("Lepera Decl."), ECF No. 32-1 and 32-2.

registration purportedly for the same composition (Registration No. RE0000754150) ("Renewal Registration").  Declaration of Leo M. Lichtman ("Lichtman Decl."), Ex. A.

Upon receipt of the complaint, Moving Defendants' counsel asked Plaintiff's counsel for the Help Me Deposit Copy upon which the 1969 Registration and Renewal Registration were obtained, and which governs the scope of the copyright that Plaintiff claimed was infringed in the lawsuit at hand.  Plaintiff ignored that request, and then further ignored Defendants' subsequent demand that he identify what material in the Help Me Deposit Copy was infringed, a copy of which had been obtained by Moving Defendants despite Plaintiff's lack of cooperation.  *See* Memo. at 2; Lepera Decl. Ex. A.

Then, unbeknownst to Moving Defendants, but while Plaintiff continued this suit based on the 1969 Registration and Renewal Registration, Plaintiff surreptitiously applied for an entirely *new* registration purportedly for the same "Help Me" composition, which he obtained on June 28, 2019 ("June 2019 Registration"), and which he attaches to his opposition papers to this motion.[7]  In the barebones FAC Plaintiff filed less than two weeks later on July 12, 2019, Plaintiff conclusorily identifies three registrations (the 1969 Registration, the Renewal

---

[7] Plaintiff makes the absurd claim that Defendants "fail to provide the deposit to this Court," for the 2019 Registration. Opp. at 17-18. Of course, just like the 1969 Registration, the materials accompanying the 2019 Registration are in Plaintiff's possession and he chose not to provide them to the Court or to the Moving Defendants.  Plaintiff neglects to mention that he concealed his application for the 2019 Registration from the Moving Defendants while continuing his suit on the prior registration and refusing to identify the compositional material at issue in the complaint.  Given Plaintiff's previous lack of cooperation, Moving Defendants are undertaking to obtain the file and correspondence from the U.S. Copyright Office.  But it is *Plaintiff's* burden to put forward allegations sufficient to show what is at issue.  This would include, *inter alia*, providing the Court with what Plaintiff alleges he owns that was infringed.

11395399.8

Registration, and the June 2019 Registration) but provides no further information about them, what each of them entail, or how they purportedly relate to his claim.

Because Plaintiff scurried to get a new registration only after this lawsuit, and only after Moving Defendants obtained the Deposit Copy for the 1969 Registration, Plaintiff's filing of the 2019 Registration reflects a transparent, bad faith attempt to concoct a new compositional copyright different from the original 1969 Registration upon which Plaintiff filed (and continues) this lawsuit.  This belated effort to make up new purported elements of the "Help Me" composition was patently done solely for this litigation.  Plaintiff claims the "new" registration relates to a purported "1993 version" of the "Help Me" composition, (FAC ¶ 10), but entirely fails to explain how the "1993 version" differs from the original version included in the 1969 Registration—*which Plaintiff renewed in 1997*.  *See* Lichtman Decl., Ex. A.  According to the 2019 Registration, Plaintiff registered "some additional music and lyrics," which Plaintiff fails to identify.  He does not address how the original "music and lyrics" from the 1969 Registration or the so-called "additional music and lyrics" purportedly included in the 2019 Registration differ, or how the "music and lyrics" from *either* registration are allegedly infringed.  Nor does Plaintiff even attempt to explain why it took him 26 years to register such "additional" material, particularly as he filed the 1997 Renewal Registration of the original copyright *four years after* the "1993 version," without any mention of the "1993 version" thereof, and based solely on the 1969 Help Me Deposit Copy.[8]

---

[8] Plaintiff contends that even if the Help Me Deposit Copy accompanying the 1969 Registration determines the full scope of Plaintiff's composition copyright, it would not apply to the 2019 Registration.  Opp. at 18 n.4.  Plaintiff misses the point that the validity of this June 2019 Registration is seriously in question, as it appears to contain material misstatements of fact.  A bad faith copyright filing misrepresenting facts regarding the composition will ultimately be subject to invalidation.  In all events, at this juncture, Plaintiff's pleading is deficient as

8

Plaintiff has made it clear that that he has no interest in rectifying the FAC's deficiencies and intends to rely on these multiple, undifferentiated registrations for one composition. *See* Opp. at 17-18; *see also* FAC ¶¶ 9-10. Plaintiff's reliance on ***three*** registrations for ***one*** composition, coupled with his lack of explanation thereof, creates another fundamental defect and ambiguity in the FAC. *See, e.g., DiMaggio v. Int'l Sports Ltd.*, No. 97 Civ. 7767(HB), 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998) (dismissing copyright claim where the plaintiff "fail[ed] to allege with sufficient clarity that the copyrights in [his] images were registered pursuant to the statutory requirements" because there was no indication that the certificate of registration identified in the complaint covered the works at issue); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992) (holding that plaintiff "has failed to meet the requirements of Rule 8 by failing to allege that the copyright on one of his songs has been registered pursuant to the statute" where the facts surrounding the registration of plaintiff's song were ambiguous); *Calloway v. Marvel Entm't Grp.*, No. 82 Civ. 8697 (RWS), 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) ("[The complaint] fails to specify the registration numbers of the copyrights allegedly infringed. Such allegations are crucial here, since evidently there are two copyrights concerning [plaintiff's work] filed more than nine months apart.").

Indeed, Plaintiff's conspicuous silence on the key issues discussed above only serves to support the grant of Moving Defendants' Rule 12(b)(6) motion. Plaintiff should not be permitted to pursue this case with multiple registrations over the same work and with gaping holes in his pleading. Notably, Plaintiff has had multiple opportunities to provide the requisite information, and has steadfastly refused to do so, including in opposition to this motion. His cavalier offer to

---

explained herein, and Plaintiff's bad faith registration compounds these deficiencies.

amend should be rejected as he has failed to demonstrate any good faith basis for doing so. His case should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, and those stated in the Moving Defendants' opening Memorandum of Law, the Moving Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiff's copyright infringement claim with prejudice. Moving Defendants reserve the right to seek an award of their attorneys' fees and costs in defending against this lawsuit pursuant to 17 U.S.C. § 505.

DATED: New York, New York  
September 10, 2019

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Christine Lepera  
Christine Lepera (CL 9311)  
437 Madison Ave., 25th Floor  
New York, New York 10022  
Telephone: (212) 509-3900  
Facsimile: (212) 509-7239  
Email: ctl@msk.com

*Attorneys for Defendants Roc-A-Fella Records, LLC and Def Jam Recordings, a division of UMG Recordings, Inc.*

11395399.8