UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC )<br>                Plaintiff              )<br>v.                                        )<br>                                      )<br>ROC-A-FELLA RECORDS INC, DEF JAM )<br>RECORDINGS INC., UNIVERSAL MUSIC GROUP, )<br>SONY MUSIC HOLDINGS INC., )<br>SHAWN CARTER p/k/a JAY-Z and )<br>TIMOTHY MOSLEY p/k/a TIMBALAND )<br>            Defendants           ) | Action No.<br>19-CV-04587 |

# PLAINTIFF'S OPPOSITION TO DEFENDANT SHAWN CARTER'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR INSUFFICENT SERVICE AND CROSS MOTION FOR AN ENLARGMENT OF TIME TO SERVE DEFENDANTS PURSUANT TO RULE 6(B)

Christopher Brown
CB3465
Brown & Rosen LLC
100 State Street, Suite 900
Boston, MA 02109
(T) 617-728-9111
cbrown@brownrosen.com
*Counsel for Plaintiff*

Dated: September 27, 2019

# I. INTRODUCTION

Plaintiff Ernie Hines d/b/a Colorful Music hereby opposes the Rule 12(b)(5) Motion To Dismiss filed by Defendant Shawn Carter p/k/a Jay-Z for insufficient service of process. Plaintiff has completed service of process on Carter pursuant to the F.R.C.P 4. Plaintiff also files its Cross Motion pursuant to F.R.C.P. 6(b) for an enlargement of time to serve Timothy Mosely ("Mosely") and any other defendant the Court may rule was improperly served. Plaintiff requests an enlargement of time until November 15, 2019.

**1. Service of Shawn Carter Complies with Federal Rule of Civil Procedure 4(e)(1) and 4(e)(2)(c).[1]**

Under FRCP 4, an individual within the United States may be served by delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy to an agent authorized or appointed by law to receive service of process. New York CPLR 308 provides several additional methods for service of the summons and complaint in an action filed in federal court in the state. Beller & Keller v. Tyler, 120 F. 3rd 21 (2d Cir. 1997).

Federal Rule of Civil Procedure 4(e), in relevant part, states that:

> ... [S]ervice upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent

---

[1] Defendant Carter makes mention to F.R.C.P.4(e)(3) in his Memorandum of Law (page 4), however, that rule does not exist.

person, may be effected in any judicial district of the
United States:

**(1) pursuant to the law of the state in which the district court is located ... for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State.**

(2) doing any of the following:

(a) delivering a copy of the summons and of the complaint to the

individual personally;

(b) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(c) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.**

### A. Service of Shawn Carter Complies With Federal Rule of Civil Procedure 4(e)(1).

Pursuant to F.R.C.P. 4(e)(1), Carter can be served pursuant to CPLR § 308(4), which delineates what is commonly referred to as "nail and mail" service. Section 308(4) states that service can be effected by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons ... [to] his or her actual place of business.

- Step 1: Affix the summons to the door of either the actual place of business, dwelling place, or usual place of abode within New York Sate of the person to be served and
- Step2: Mail the process by first class mail to the person to be served at his or her last known residence or mailing them to his or her actual place of business. CPLR 308(4).

Process servers are permitted to fix the summons and complaint to a door of the person's business and mail to the person's business pursuant to CPLR 308(4). Beller & Keller v. Tyler, 120 F. 3rd 21 (2d Cir. 1997). In this action, Carter contends that service of process on Marc De

Neree ("DeNerre") and the mailing of the documents to Carter's office constitutes improper service pursuant to F.R.C.P 4. This argument is without merit.

The process server, Mr. Del Los Santos ("Santos") went to Roc Nation LLC on August 27, 2019 to serve Carter. Santos was (1) prohibited from going to Carter's office inside Roc Nation LLC and (2) was unable to affix the documents to Carter's office door.[2] Instead, after informing the receptionist at Roc Nation LLC that he was there to serve process on Carter, Santos was told to wait and the receptionist would provide a person authorized to accept service for Carter. After waiting for approximately five (5) minutes, DeNeree came to the lobby and talked with Santos. DeNeree took the documents for Carter, indicated he was authorized to accept service for Carter and provided his name and title to Santos. DeNeree then executed Santos' ledger for the accepted service. See Affidavit of Juan De Los Santos dated September 26, 2019 and Exhibit B. Santos then mailed the documents to Carter's office as well. This is valid service under CPLR 308(4). Compare with Sanders v. Elie, 29 AD3d 773, 816 NYSD 509 (2d 2006); Earle v. Valente, 302 AD 2d 353, 754 NYS2d 364 (2d 2003); Annis v. Long, 298 AD2d 340, 751 NTs2d 370 (2d Dept 2002). Hence, Carter was properly served pursuant to F.R.C.P 4 via sufficient service under CPLR 308(4).

Process servers are permitted to fix the summons and complaint to a door of the person's business and mail to the person's business pursuant to CPLR 308(4). Beller & Keller v. Tyler, 120 F. 3rd 21 (2d Cir. 1997).

Furthermore, service is sufficient pursuant to F. R. C.P 4(e)(1) as Carter was properly served pursuant to CPLR 308(2). CPLR 308 sets forth the different ways by which service of

---

[2] This is after Mr. Santos attempted to service Carter at the address on file for Carter's Roc-a-Fella Records Inc. ("Records") business on August 5, 2019 located at 1411 Broadway 39th Floor, New York, NY. Despite the fact that the address is still "active" with the New York Secretary of State, Records, no longer utilized the address.

3

process upon an individual can be effected in order for the court to obtain jurisdiction over that person. CPLR 308(2) provides, in pertinent part, that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence or business. Service in this manner "is a two-step form of service in which a delivery and mailing are both essential" <u>Aurora Loan Servs., LLC v. Revivo</u>, 2019 NY Slip Op 06210 (App. Div. August 21, 2019). There are many instances in which co-employees and service on minors have been deemed sufficient service under CPLR 308(2) and service on Carter was no different and sufficient.

In <u>Chemical Bank v. Kuehl</u>, N.Y.L.J., Oct. 19, 1972 at 16, col. 2 (Sup. Ct. N.Y. County), service upon the 17-year old son of the defendant was held proper. The court noted that it is not insufficient as a matter of law to serve an adolescent, since there is no statutory requirement of delivery to an adult: "The test applied...is whether the person served was of sufficient age and understanding to transmit the papers to the defendant." <u>Id.</u> Similarly, the defendant's 13-year old son was held to be a person of suitable age and discretion in <u>Bradian v. Chavez</u>, N.Y.L.J., April 23, 1968, at 16, col. 6 (Sup. Ct. Bronx County). A hospital administrator was held to be a person of suitable age and discretion to accept service of process for a doctor working in the hospital in <u>Chalk v. Catholic Medical Center</u>, N.Y.L.J., Sept. 1, 1976, at 8, col. 3 (Sup. Ct. Kings County). In <u>G-M Assoc. v. Aldo Realty Co.</u>, N.Y.L.J., Jan. 5, 1977, at 19, col. 2 (Sup. Ct. Suffolk County), delivery of the summons and complaint to a part-time domestic in a household was deemed valid service. The court therein noted that, unlike Federal Rule 4(d)(1), "CPLR 308(2) does not require that the person served reside in the defendant's abode and thus service on a

domestic whose residence is elsewhere would seem to be proper in New York, provided, of course, that the person is 'a person of suitable age and discretion.'" Id.

Furthermore, when a process server is not permitted to proceed to the person who is to be served by a doorman or some other employee, the outer bounds of the actual location must be deemed to extend to the location at which the process server's progress is arrested. See F.I. DuPont, Glore Forgan & Co. v. Chen, 41 N.Y.2d 794, 396 N.Y.S.2d 343, 346, 364 N.E.2d 1115, 1117 (1977). In Chen, that location was a lobby. The Court ruled, that the service in Chen, met the service requirements of CPLR § 308(2) by leaving the summons and complaint with the doorman in the lobby.  Hence, the service of Carter as indicted the Affidavit of Service filed with this court and the Affidavit of Santos dated September 26, 2019, is valid and sufficient service of Carter.

### B. Service of Shawn Carter Complies With Federal Rule of Civil Procedure 4(e)(2)(c).

Service of process is also sufficient pursuant to F.R.C.P 4(e)(2). An agent's authority to accept service may be implied from the relationship between the principal and agent. See Sikhs for Justice v. Nath, 850 F. Supp. 2d 435 (S.D.N.Y. 2012). An agent's authority to accept service may be implied in fact.   See, e.g., Gibbs v. Hawaiian Eugenia Corp., 581 F.Supp. 1269, 1271 (S.D.N.Y.1984);  see also 2 Moore's Federal Practice ¶ 4.10[4], at 4-173 to 4-174 ("The agency for the receipt of process may be implied from the surrounding circumstances.");   4A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §  1097, at 84-85 (2d ed. 1987) ("[A]lthough authority to accept process need not be explicit, it must either be express or implied from the type of relationship between defendant and the alleged agent.");   1 Robert C. Casad, Jurisdiction in Civil Action §  3.01[2][b], at 3-12 to 3-13 (1991) ( "Some cases have found actual

appointment in the absence of any express grant of authority, however, by resort to the doctrine of apparent authority or agency by estoppel."). U.S. v. Ziegler Bolt and Parts Co., 111 F.3d 878 (Fed. Cir. 1997).

In this case, on August 27, 2019, Santos, process server, informed the receptionist at Roc Nation LLC that he needed to serve Shawn Carter, Roc Nation's founder. He was told to wait for a person authorized to accept service and the receptionist was seen making phone calls by Santos. Five minutes later, DeNeree approached Santos in the lobby and informed him that he was authorized to accept service on behalf of Carter and was Carter's executive assistant. Now, DeNeree claims (1) it was his first day at work (2) that he was accepting "routine mailing" and (3) that he is not Carter's executive assistant but is the executive assistant for Desiree Perez, Carter long time business partner of 22 years. Either DeNeree's September 16, 2019 Declaration is a falsehood, or Carter was attempting to evade service at his place of business. Neither can be tolerated by this Court. For the reasons and the case law cited above, DeNeree was an agent of Carter authorized to accept service of process pursuant to F.R.C.P. 4(e)(2).[3]

**2. Untimely Service of Carter Pursuant to F.R.C.P. 4(m) And Cross Motion For More Time To Serve Defendants**

Federal Rule of Civil Procedure 4(m) states as follows:

> (m) **Time Limit for Service**. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[3] Noticeably absent from the record is an Affidavit from Carter disaffirming the actions of DeNeree.

The Complaint in this action was filed on May 18, 2019 and an Amended Complaint was filed two (2) months later on July 15, 2019. Of the six (6) defendants in this action, one only defendant remains without service, Timothy Mosley ("Mosley"), and he is represented by the same counsel for Universal Music Group, Shawn Carter and Roc-A-Fella Records.

Service on Mosley has been difficult because he sold his home, a Miami, FL condominium on June 25, 2019 that he purchased in 2018. See Exhibit "B" (Deed) and "C" (Forbes 2018 Article) to the Affidavit of Christopher Brown dated September 27, 2019. Plaintiff requests more time to locate Mosley, however, it is clear that he has actual notice of the litigation through his counsel. Plaintiff requests until November 15, 2019 to serve Mosley and any other defendants in which service is challenged.

Good cause is "generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999). It "is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." George v. Prof. Disposables Int'l, Inc., 221 F. Supp. 3d 428, 432-33 (S.D.N.Y. 2016).

Plaintiffs have served 5 of the 6[4] Defendants in this action and has been diligent in serving the parties. There is no prejudice to the defendants in this action. The Amended Complaint was filed in this action on July 15, 2019 and service for the 5 defendants appear on the Docket Sheet. No defendant has filed an Answer to the Amended Complaint as of yet.

---

[4] The service attempts on Carter occurred on August 5, 2019 and August 27, 2019.

Actual notice and/or lack of prejudice to the defendant is an adequate basis for excusing noncompliance with Rule 4(m) when the plaintiff has attempted to complete service on the parties. In re Veon Ltd. Sec. Litig., No. 15-CV-08672 (ALC), 2018 WL 4168958, at *19 (S.D.N.Y. Aug. 30, 2018); Cassano v. Altshuler, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016). As 5 of the 6 Defendants have been served and all of the defendants have actual notice of the litigation, an enlargement of time is warranted to complete service on the one (1) defendant remaining, until November 15, 2019.

District courts have discretion to extend time to serve process even in the absence of good cause. Hahn v. Office & Prof. Empls. Intern.Union, AFL-CIO, 107 Supp. 3d 379, 382 (S.D.N.Y 2015). In making this decision, courts will consider whether (1) the defendant had actual notice that the plaintiff had filed a claim (2) the defendant concealed a defect in attempted service (3) the defendant suffered prejudice as a result of plaintiff's delay, and (4) if the statute of limitation would bar the refiled action. Osrecovery, Inc. v. One Group Intern, Inc., 234 F.R.D. 59, 62 (S.D.N.Y 2005). In deciding whether to grant an extension, courts can balance excuses offered by the plaintiff, the length of the delay, and any prejudice to either party. See Spinale v. U.S., No. 03CIV1704KMWJCF, 2005 WL 659150, at *4 (S.D.N.Y. 2005). As previously indicated, only one (1) defendant had not been served, Mosley, but he has actual notice of the lawsuit, has not been prejudiced, the delay in serving the last defendant has not been long and the statute of limitations has not run. For these reasons, an enlargement of time pursuant to F.R.C.P 6 (b) is requested until November 15, 2019.[5] Plaintiff amended the Complaint in July 2019 and 5

---

[5] Plaintiff also requests and enlargement of time to serve Defendant Carter is the existing service is deemed insufficient.

defendants were served by the conclusion of August 2019. Plaintiff has not delayed in serving the parties and the request to enlarge time should be granted by this Court.

**3. Duty To Avoid Unnecessary Expenses of Serving Summons.**

F.R.C. P. 4 requires cooperation in saving expenses for serving a Summons and Complaint. On July 13, 2019 and July 18, 2019 it was requested that Attorney Lepera who is counsel to Universal Music Group, Roc-a-Fella Records Inc, Shawn Carter and Timothy Mosley accept service of process. See Exhibit A to Affidavit of Christopher Brown dated, September 27, 2019. Attorney Lepera failed to respond.

## CONCLUSION

For the reasons states above, the Defendant Carter's Motion To Dismiss for insufficient service must be denied and Plaintiff's Cross Motion for an enlargement of time to serve Defendant Mosley must be granted.

ERNIE HINES D/B/A COLORFUL MUSIC
By His Attorneys,

Christopher Brown
CB3465
Brown & Rosen LLC
Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
cbrown@brownrosen.com

Dated: September 27, 2019