UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC, | : |
| | : |
| Plaintiff, | :    19-cv-04587 (JPO) |
| | : |
| v. | : |
| | : |
| ROC-A-FELLA RECORDS INC., DEF JAM RECORDINGS INC., UNIVERSAL MUSIC GROUP, SONY MUSIC HOLDINGS INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND, | : <br> : <br> : <br> : <br> : |
| | : |
| Defendants. | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**<u>SONY MUSIC ENTERTAINMENT'S MOTION TO DISMISS</u>**

JONATHAN D. DAVIS, P.C.
10 Rockefeller Plaza
Suite 1015
New York, New York 10020
(212) 687-5464

*Attorneys for Defendant Sony Music Entertainment*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

THE AMENDED COMPLAINT ALLEGATIONS.................................................................... 2

LEGAL STANDARD................................................................................................................... 3

ARGUMENT ................................................................................................................................ 5

POINT I ........................................................................................................................................ 5

THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE
PLAINTIFF HAS FAILED TO PLEAD SUBSTANTIAL SIMILARITY................................... 5

POINT II ....................................................................................................................................... 8

THE COPYRIGHT INFRINGEMENT CLAIM CLAIM SHOULD BE DISMISSED
BECAUSE SME LACKS FAIR NOTICE OF THE CLAIM ASSERTED AGAINST IT ........... 8

POINT III ...................................................................................................................................... 9

THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE
PLAINTIFF ADDRESSES DEFENDANTS COLLECTIVELY AND FAILS TO PLEAD A
PLAUSIBLE CLAIM ................................................................................................................... 9

CONCLUSION........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*A Star Grp., Inc. v. Manitoba Hydro*,
   621 F. App'x 681 (2d Cir. 2015) .................................................................................................. 2

*Acuff–Rose Music, Inc. v. Jostens, Inc.*,
   155 F.3d 140 (2d Cir. 1998) ......................................................................................................... 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................. 3, 4, 8

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ..................................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................. 2, 3, 8

*Broughel v. Battery Conservancy*,
   No. 07 CV 7755(GBD), 2010 WL 1028171 (S.D.N.Y. Mar. 16, 2010) ...................................... 8

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
   36 F.3d 1147 (1st Cir. 1994) ........................................................................................................ 5

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ..................................................................................................................... 6

*Gaste v. Kaiserman*,
   863 F.2d 1061 (2d Cir. 1988) ...................................................................................................... 6

*In re Cellco P'ship*,
   663 F. Supp. 2d 363 (S.D.N.Y. 2009) ......................................................................................... 4

*Intersong-USA v. CBS, Inc.*,
   757 F. Supp. 274 (S.D.N.Y. 1991) .............................................................................................. 6

*Jarvis v. A&M Records*,
   827 F. Supp. 282 (D.N.J. 1993) ................................................................................................... 6

*Jean v. Bug Music, Inc.*,
   No. 00 CIV 4022(DC), 2002 WL 287786 (S.D.N.Y. Feb. 27, 2002) .......................................... 6

*Lambertini v. Fain*,
   No. 12-CV-3964 (DRH)(ARL), 2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014) ........................ 8

*Marvullo v. Gruner & Jahr*,
  105 F. Supp. 2d 225 (S.D.N.Y. 2000) ............................................................................ 6, 10

*McDonald v. West*,
  138 F. Supp. 3d 448 (S.D.N.Y. 2015) .................................................................................. 6

*Newton v. Diamond*,
  204 F. Supp. 2d 1244 (C.D. Cal. 2002) ............................................................................ 4, 6

*Newton v.* Diamond,
  388 F.3d 1189 (9th Cir. 2004) ........................................................................................... 4, 7

*Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*,
  No. 12 Civ. 2837(KFB), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ..................................... 9

*Palladium Music. Inc. v. EatSleepMusic, Inc.*,
  398 F.3d 1193 (10th Cir. 2005) ............................................................................................. 4

*Perry v. Mary Ann Liebert, Inc.*,
  No. 17-CV-5600(CS), 2018 WL 2561029 (S.D.N.Y. June 4, 2018) ......................................... 8

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
  602 F.3d 57, 63 (2d Cir. 2010) ........................................................................................... 4, 6

*Poindexter v. EMI Record Grp. Inc.*,
  No. 11 Civ. 559(LTS)(JLC), 2012 WL 1027639 (S.D.N.Y. March 27, 2012) .................. 4, 6, 7

*Ritani, LLC v. Aghjayan*,
  880 F. Supp. 2d 425 (S.D.N.Y. 2012) ............................................................................ 4, 6, 8

*Rogers v. Koons*,
  960 F.2d 301 (2d Cir.1992) ..................................................................................................... 5

*Rose v. Hewson*,
  17CV1471 (DLC), 2018 WL 626350 (S.D.N.Y. Jan. 30, 2018) ............................................... 5

*Spencer v. Connecticut*,
  560 F. Supp. 2d 153 (D. Conn. 2008) ..................................................................................... 8

*Velez v. Sony Discos*,
  No. 05 Civ. 0615(PKC), 2007 WL 120686 (S.D.N.Y. Jan. 16, 2007) ..................................... 6

*Zalewski v. Cicero Builder Dev., Inc.*,
  754 F.3d 95, 100 (2d Cir. 2014) .............................................................................................. 5

**<u>Statutes</u>**

17 U.S.C. § 102(a) ............................................................................................................... 4

This memorandum of law is respectfully submitted on behalf of Defendant Sony Music Entertainment ("SME") (incorrectly sued as "Sony Music Holdings Inc.")[1] in support of its motion under Fed. R. Civ. P. 12(b)(6) for an order dismissing Count I of the Amended Complaint, dated July 12, 2019, ("Amended Complaint"), [Dkt. No. 13], filed by Plaintiff Ernie Hines ("Hines" or "Plaintiff") for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

SME is one of six named defendants that Hines has indiscriminately lumped together in a single copyright infringement claim concerning two separate songs that allegedly infringe his musical composition "Help Me Put Out The Flame (In My Heart)" ("Help Me").

Plaintiff's copyright claim is already the subject of one motion to dismiss filed by Defendants Roc-A-Fella Records, LLC ("Roc-A-Fella") and UMG Recordings, Inc. ("UMG") (the "UMG Motion"). The copyright infringement claim alleged against SME suffers from the same infirmities identified by Roc-A-Fella and UMG in their motion, which seeks dismissal of Plaintiff's copyright infringement claim in its entirety against <u>all</u> defendants.[2]

Plaintiff's omnibus claim neither specifies how or when each defendant allegedly infringed Plaintiff's composition "Help Me," nor what material in each allegedly infringing song is copied from, or substantially similar to, "Help Me." Moreover, Plaintiff fails to allege any

---

[1] SME was substituted for Sony Music Holdings, Inc. by stipulation on September 4, 2019. [Dkt. No. 39].

[2] Because the arguments advanced in support of the UMG Motion are directly applicable to SME (as well as to the other defendants), SME joins the UMG Motion, and adopts and incorporates its arguments, declarations, and exhibits by reference into this memorandum of law. Memorandum of Law In Support of Defendants Roc-A-Fella Records, LLC and UMG Recordings, Inc.'s Motion to Dismiss ("UMG Memo") [Dkt. No. 31]; Declaration of Christine Lepera ("Lepera Decl.") [Dkt. No. 32], Exs. A-B [Dkt. No. 32-1, 32-2]; Reply Memorandum of Law In Support of Defendants Roc-A-Fella Records, LLC and UMG Recordings, Inc.'s Motion to Dismiss ("UMG Reply") [Dkt. No. 40]; Declaration of Leo M. Lichtman ("Lichtman Decl.") [Dkt. No 41], Ex. A [Dkt. No 41-1].

plausible factual predicate upon which SME's liability may be premised.  Rather than pleading facts, the Amended Complaint is replete with "labels and conclusions," an attempted "formulaic recitation of the elements of [the] cause of action," and "naked assertions devoid of further factual enhancement," which are all hallmarks of a deficient pleading under *Twombly* and *Iqbal*.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For the reasons provided below and in the UMG Motion, Plaintiff's copyright infringement claim against SME should be dismissed.

### THE AMENDED COMPLAINT ALLEGATIONS

Plaintiff is the co-author of a composition titled "Help Me Put Out The Flame (In My Heart)" that was purportedly registered with the United States Copyright Office in 1969 (Registration No. EU0000154302).  Amended Complaint, ¶ 9 [Dkt. No. 13].  Under the 1909 Copyright Act (the "1909 Act"), Hines obtained a registration for his copyright by depositing a copy of the sheet music with the United States Copyright Office (the "Help Me Deposit Copy").  1909 Act, § 10.  An image of the Help Me Deposit Copy is attached as Exhibit A to the Lepera Declaration.  Lepera Decl., Ex. A [Dkt. No. 32-1].  In 1997, Hines obtained a renewal registration of his copyright in "Help Me" (Registration No. RE0000754150).  Lichtman Decl., Ex. A [Dkt. No. 41-1].[3]

---

[3] Based on counsels' letters to the Court, Plaintiff apparently attempted to obtain two additional copyright registrations of the same musical work since this action was commenced on May 18, 2019, one or both of which registrations may contain material misrepresentations of fact.  *See* [Dkt. Nos. 43, 46, 50].  SME respectfully submits that these registrations are irrelevant to the determination of this motion and should not be considered by the Court.  *See A Star Grp., Inc. v. Manitoba Hydro*, 621 F. App'x 681, 683 (2d Cir. 2015) ("[A] party may not amend its pleadings through statements in its briefs.").  Indeed, counsel for Roc-A-Fella and UMG have made clear, Plaintiff's recent registration activity reflects a bad faith attempt to contrive copyright protection for new elements which were not part of Plaintiff's composition.  *See* UMG Reply at 7-10 [Dkt. No. 40].  But regardless of whether these registrations have any legal effect, they do nothing to address the infirmities in the Amended Complaint.

2

The Amended Complaint alleges that Plaintiff's copyright ownership extends to the musical composition. Amended Complaint, ¶ 9 [Dkt. No. 13]. It does not allege that Hines owns any copyright interest in any sound recording of performances of "Help Me," although it does allege that a recording was released by Stax Records over forty years ago and re-released in 1993. Amended Complaint, ¶¶ 9-10 [Dkt. No. 13].

The Amended Complaint alleges that Defendants SME and producer Timothy Mosley p/k/a Timbaland inserted a sample of "'Help Me' … in the song 'Toe 2 Toe' in [sic] which was released on the Ginuwine album '100% Ginuwine' in March 1999 on Sony." Amended Complaint, ¶ 20 [Dkt. No. 13]. No facts are alleged to identify the nature of the "sample" at issue, its length, its musical elements, where in "Toe 2 Toe" it allegedly is found, or how it can be identified as a sample incorporating any of Hines's composition. In addition, the Amended Complaint fails to identify what protectable elements of Plaintiff's composition are purportedly sampled in "Toe 2 Toe."

## **LEGAL STANDARD**

Under *Twombly* and *Iqbal*, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation and quotation omitted); *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual content must suffice to move plaintiff's claim "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations and citations omitted).

3

"In order to establish a claim of copyright infringement, a plaintiff with a valid copyright must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010) (internal quotation omitted); *see also Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 441-42 (S.D.N.Y. 2012) (noting that courts in this Circuit require plaintiffs to *allege* these elements under post-*Iqbal* pleading standards to avoid dismissal). Dismissal is proper where a plaintiff fails to allege that a substantial similarity exists between defendant's work and protectable elements of plaintiff's work. *Peter F. Gaito*, 602 F.3d at 69.

Where a copyright plaintiff alleges ownership only of the musical composition but not the sound recording, "the Court's inquiry is confined to whether the unauthorized use of the [] composition itself was substantial enough to sustain an infringement claim," and "the Court must filter out the elements unique to the sound recording and consider only the [work's] compositional elements." *Poindexter v. EMI Record Grp. Inc.*, No. 11 Civ. 559(LTS)(JLC), 2012 WL 1027639, at *4 (S.D.N.Y. March 27, 2012) (internal citation and quotation omitted).[4]

Under the 1909 Act, the scope of copyright protection for an unpublished work is defined by the deposit copy. *Skidmore v. Led Zeppelin*, 905 F.3d 1116, 1134 (9th Cir. 2018) ("We are persuaded that for unpublished musical works under the 1909 Act, the deposit copy defines the

---

[4] Sound recordings and their underlying musical compositions are "separate works with their own distinct copyrights." *In re Cellco P'ship*, 663 F. Supp. 2d 363, 368-69 (S.D.N.Y. 2009) (quoting *Palladium Music. Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1197 n.3 (10th Cir. 2005)); 17 U.S.C. § 102(a). A musical composition "consists of rhythm, harmony, and melody, and it is from these elements that originality is to be determined." *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002) (internal citations omitted), *aff'd*, 388 F.3d 1189 (9th Cir. 2004). "A musical composition's copyright protects the generic sound that would necessarily result from any performance of the piece." *Id.* The sound recording, on the other hand, is "the aggregation of sounds captured in the recording." *Id.* (internal quotation marks omitted).

4

scope of the copyright."), *reh'g en banc granted*, 925 F.3d 999 (2019); *Rose v. Hewson*, 17CV1471 (DLC), 2018 WL 626350, at *3 (S.D.N.Y. Jan. 30, 2018) ("In copyright cases alleging infringement of a musical composition, a court considers only a song's composition – the notes, rhythm, and harmony, for example – and does not consider elements of performance of the composition[.]"); *Nicholls v. Tufenkian Imp./Exp. Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) ("[A] copyright does not encompass [elements] that vary in essential respects from what was presented to the Copyright Office. Otherwise, the purposes of the deposit requirement would be nullified."); *accord Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161 (1st Cir. 1994) (noting deposit copy's "purpose of providing [] sufficient material to identify the work in which registrant claims a copyright").

## ARGUMENT

## POINT I

### THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PLEAD SUBSTANTIAL SIMILARITY

Since "[n]ot every portion or aspect of a copyrighted work is given copyright law's protection[,] ... not all copying is wrongful." *Zalewski v. Cicero Builder Dev., Inc.*, 754 F.3d 95, 100 (2d Cir. 2014). It is copying of the protected elements of a copyrighted work that the law forbids. *Id.* at 101-102 (discussing distinction between copying and wrongful copying).

Although a musical composition is protected as a complete work, not every element of a song is necessarily protected. *See, e.g.*, *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir.1992). Copyright protection extends only to those components of the work that are original and non-trivial. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348-51 (1991).

In assessing originality, courts are "mindful of the limited number of notes and chords available to composers and the resulting fact that common themes frequently appear in various

5

compositions, especially in popular music." *Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988); *Jarvis v. A&M Records*, 827 F. Supp. 282, 291 (D.N.J. 1993) ("Easily arrived at ... chord progressions are usually non copyrightable[.]"); *see also Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143-44 (2d Cir. 1998) (common phrase unprotectable); *McDonald v. West*, 138 F. Supp. 3d 448, 456 (S.D.N.Y. 2015) (same); *Poindexter*, 2012 WL 1027639, at *4 (single note unprotectable); *Velez v. Sony Discos*, 2007 WL 120686, at *12 (S.D.N.Y. Jan. 16, 2007) (eight-measure musical phrase in song structure is "widely used structural device"); *Newton v. Diamond*, 204 F. Supp. 2d at 1256 ("six-second segment – consisting of two notes in a three-note sequence with one background note" not protectable); *Jean v. Bug Music, Inc.*, No. 00 CIV 4022(DC), 2002 WL 287786, at *7 (S.D.N.Y. Feb. 27, 2002) (common three-note musical sequence accompanying common lyrical phrase not protectable); *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282 (S.D.N.Y. 1991) (holding that "common elements [that] are found in many other well-known songs" are not original and unprotectable).

Thus, to allege copyright infringement, a plaintiff must allege substantial similarity between defendant's work and protectable elements of plaintiff's work. *Peter F. Gaito*, 602 F.3d at 69; *Ritani*, 880 F. Supp. 2d at 443. "Broad, sweeping allegations of infringement do not comply with Rule 8." *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).

Here, the Amended Complaint fails to specify any elements of Plaintiff's composition – much less any elements that are protected and substantially similar to "Toe 2 Toe." The only allegations concerning "Toe 2 Toe" is that it "contains", "include[s]", or "use[s]" an unspecified sample of "Help Me." Amended Complaint, ¶¶ 20-22, 27 [Dkt. No. 13]. These allegations refer to the practice of sampling, which "entails the incorporation of short segments of prior sound recordings into new recordings." *Newton*, 388 F.3d at 1192. Plaintiff, in response to the UMG

Motion, argues that the bare allegation of sampling is all that is required. Plaintiff's Opposition to Defendants' Motion to Dismiss the Amended Complaint, at 18 [Dkt. No. 38]. Plaintiff is wrong.

The insurmountable problem with the Amended Complaint is that it does not allege that Plaintiff owns the copyright in the sound recording that was allegedly sampled. Amended Complaint, ¶ 9 [Dkt. No. 13]. Hines owns only the copyright in the musical composition. *Id.*, ¶¶ 26, 31 [Dkt. No. 13]. And the Amended Complaint fails to allege that any protectable elements of Plaintiff's composition are in the sample allegedly used in "Toe 2 Toe."

If, for example, the sample contains only "elements unique to the sound recording" and does not contain any of Plaintiff's "compositional elements," then there can be no claim for infringement. *Poindexter*, 2012 WL 1027639, at *4. In *Poindexter*, the plaintiff alleged that his composition was infringed by the use of a sample that consisted "in its entirety, of a single 'F-sharp' pickup note played on a piano without harmonization or any other accompaniment." *Id*. The two-second note was used in the opening of the allegedly infringing work and repeated throughout the loop. *Id.* The court held, as a matter of law, "that the sample is *de minimis* and cannot support a claim of copyright infringement." *Id.*

Plaintiff fails to articulate what the allegedly infringing sample consists of, whether any of his compositional elements are in it, and if so, which ones. The crucial allegations that would serve to connect what Hines owns with what SME and the other defendants allegedly used are missing. By omitting any factual allegations that would address these questions, Plaintiff has, at best, alleged a possible claim, but not a plausible one. *Iqbal*, 556 U.S. at 683.

The courts in the Southern District of New York consistently dismiss infringement actions when a plaintiff fails to: (a) allege any particular elements of their work that are claimed to be protected, or substantially similar, *Ritani*, 880 F. Supp. 2d at 443; (b) specify what aspects

7

of defendant's work makes it legally similar to their own, *Broughel v. Battery Conservancy*, No. 07 CV 7755(GBD), 2010 WL 1028171, at *2 (S.D.N.Y. Mar. 16, 2010); *Lambertini v. Fain*, No. 12-CV-3964 (DRH)(ARL), 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014); or (c) plead which aspect of an allegedly infringing work infringes a protectable aspect of plaintiff's work. *Perry v. Mary Ann Liebert, Inc.*, No. 17-CV-5600(CS), 2018 WL 2561029, at *5 (S.D.N.Y. June 4, 2018).

Based on the foregoing, Plaintiff's failure to allege in the Amended Complaint substantial similarity between his work and the allegedly infringing work "Toe 2 Toe" mandates its dismissal. *See also* UMG Memo at 9-11 [Dkt. No. 31].

### POINT II

### THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE SME LACKS FAIR NOTICE OF THE CLAIM ASSERTED AGAINST IT

With no allegations in the Amended Complaint concerning the elements of Plaintiff's composition that are allegedly infringed, SME is placed in the absurd position of having to guess what Hines intends constitutes the infringement. *Twombly*, 550 U.S. at 555 (a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks omitted); *Spencer v. Connecticut*, 560 F. Supp. 2d 153, 160 (D. Conn. 2008) ("[W]hen looking at a complaint, a defendant should not have to guess what the claims against him are[.]").

While the Help Me Deposit Copy defines the scope of Plaintiff's copyright, *Skidmore v. Led Zeppelin*; *see* Lepera Decl., Ex. A [Dkt. No. 32-1], and is subject to judicial notice, it does not reveal any similarities between the music or lyrics in Hines's composition and "Toe 2 Toe." While Plaintiff contends that a new copyright registration broadens the scope of his rights beyond the original composition, the purported similarities between that work and "Toe 2 Toe" are not

8

alleged in the Amended Complaint and are not otherwise discernable.  *See* Letter from Christopher L. Brown, dated Sept. 12, 2019 [Dkt. No. 43].

Because there are no allegations concerning *any* elements of Plaintiff's composition, the Amended Complaint gives inadequate notice to defendants as to what elements of "Help Me" are at issue.  Accordingly, Count I should be dismissed.  *See generally* UMG Memo at 7-11 [Dkt. No. 31].

**POINT III**

**THE COPYRIGHT INFRINGEMENT CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF ADDRESSES DEFENDANTS COLLECTIVELYAND FAILS TO PLEAD A PLAUSIBLE CLAIM**

Plaintiff's purported copyright infringement claim against SME is deficient because he indiscriminately lumps all defendants and claims together into a single infringement count. Because Plaintiff has not specified what purported misconduct is attributed to each defendant, the copyright infringement claim against SME should be dismissed.

Dismissal is appropriate when a copyright plaintiff fails to "provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning and Design, P.C.*, No. 12 Civ. 2837(KFB), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal when a plaintiff "lump[s] all the defendants together in each claim").  Moreover, Rule 8(a)(2) "require[s] a plaintiff to plead with specificity the acts by which a defendant has committed copyright infringement," setting "out the 'particular infringing acts … with some specificity." *Marvullo*, 105 F. Supp. 2d at 230.

Here, Plaintiff purports to assert a single cause of action for copyright infringement against six defendants without distinguishing their conduct or identifying the specific acts of

wrongdoing that each defendant allegedly committed.  Amended Complaint, ¶¶ 25-29 [Dkt. No. 13].  The specificity required to properly plead copyright infringement is absent here.  For these reasons, the Amended Complaint fails to satisfy Rule 8 and should be dismissed.  *See* UMG Memo at 7-8.  [Dkt. No. 31]; UMG Reply at 3-6 [Dkt. No. 40].

## CONCLUSION

For all of the foregoing reasons, SME respectfully requests that the Court grant its motion to dismiss Count I of the Amended Complaint with prejudice, together with such other and further relief the Court deems just and proper.  SME reserves the right to seek an award of attorneys' fees and costs incurred in defending this action pursuant to 17 U.S.C. § 505.

Dated:   October 4, 2019
         New York, New York

JONATHAN D. DAVIS, P.C.

By:   /s/ Jonathan D. Davis
      Jonathan D. Davis
      Derek A. Williams
      Milton E. Otto
      10 Rockefeller Plaza
      Suite 1015
      New York, New York 10020
      (212) 687-5464

      *Attorneys for Defendant Sony Music Entertainment*