

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
A Professional Corporation
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

October 15, 2019

**VIA ECF**

Hon. J. Paul Oetken, U.S.D.J.
Thurgood Marshall
United States Courthouse
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

    Re:    **Ernie Hines d/b/a Colorful Music v. Roc-A-Fella Records, Inc. et al.,
             Case No. 19-cv-04587 (JPO)**

Dear Hon. Oetken:

       We are counsel for Defendant Shawn Carter p/k/a Jay-Z ("Carter") in the above-captioned action, whose motion to dismiss the First Amended Complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(5), was fully briefed and submitted to the Court on October 4, 2019.

       We write to respectfully request that the Court reject Plaintiff's purported "Reply Memorandum in support of his Cross Motion For an Enlargement of Time to Serve Defendants Pursuant to Rule 6(b)" and declaration of Chris Brown, filed on October 11, 2019 (ECF Nos. 61-62) as an improper surreply on Carter's motion to dismiss in violation of this Court's rules.  In this case, and with this surreply, Plaintiff's counsel has shown disregard for the federal rules, the Southern District of New York local rules, and the rules of this Court.[1]

       The Individual Practices of this Court, Part 2.B. expressly state that surreply memoranda "will not be accepted."  Plaintiff's effort to caption his October 11 surreply as a reply to a purported cross motion is baseless, as he never filed a cross motion or direct motion for relief.[2] The only motion pending on the issue of service is Carter's motion to dismiss.  A notice of motion is a basic requirement under Local Civil Rule 6.1.  As there is clearly none filed by Plaintiff here, his statement that he filed a "cross motion" is inaccurate.  *See, Agniel v. Central Park Boathouse LLC*, No. 12 Civ. 7227(NRB), 2015 WL 463971, at *4 (S.D.N.Y. Jan. 26, 2015) (citing Local Civil Rule 6.1 and stating "[Defendant] failed to file a notice of motion, and thus cannot properly be said to . . . have made a 'cross-motion' at all").  Plaintiff's October 11, 2019 "reply" is a thinly veiled effort to have the last word on Carter's motion to dismiss, in violation

---

[1] Plaintiff also filed an improper surreply on the motion to dismiss filed by Defendants Roc-A-Fella Records, LLC and Def Jam Recordings, a division of UMG Recordings, Inc, ("Moving Defendants") when, after briefing on the motion was complete, he injected a new copyright registration into the case in response to Moving Defendants' reply.  ECF Nos. 43, 46.
[2] While Plaintiff claimed his brief in opposition to Carter's motion was a "cross motion," no cross motion was ever made, as pointed out in Carter's reply brief.  *See* Reply, ECF No. 56, at 1 n.2, 6 n.6.


of the rules as to surreplies, and should be stricken from the record. Indeed, Plaintiff has even filed a new declaration purporting to add and change facts beyond those contained in his opposition papers. It is axiomatic that the rules exist to provide parties with a fair opportunity to respond to motion submissions, and Plaintiff's conduct brazenly ignores their requirements.

In the event that the Court is inclined to allow this submission, Carter respectfully seeks permission to submit a response thereto. Even though Plaintiff's improper surreply provides no substantive challenge to Carter's motion and no basis for any enlargement of time, it is replete with inapposite case law and misrepresentations. Plaintiff seeks to justify his dilatory conduct, but there is no justification. Plaintiff attempts to camouflage the undisputed facts that he made only one attempt to serve Carter and no attempts to serve Mosley prior to the conclusion of the 90-day service period under Federal Rule of Civil Procedure 4(m). Plaintiff can offer no justifiable excuse, even in his improper surreply, for his lack of diligence in failing to properly request issuance of a summons as to Carter (and Mosley) for over two months after filing the Complaint, and in failing to serve or ask for more time to serve within the time frame confines of Rule 4(m). As such, a discretionary extension, let alone a finding of good cause, is simply not warranted. *See, e.g., Taylor v. City of New York*, 16 Civ. 7857 (NRB), 2019 WL 2343655 (S.D.N.Y. June 3, 2019); *Cassano v. Altshuler*, 186 F. Supp. 3d 318 (S.D.N.Y. 2016); *Etheredge-Brown v. Am. Media, Inc.*, No. 13-CV-1982(JPO), 2015 WL 4877298 (S.D.N.Y. Aug. 14, 2015) (Oetken, J.); *Spinale v. United States*, No. 03CIV1704KMWJCF, 2005 WL 659150 (S.D.N.Y. Mar. 16, 2005).

Respectfully,

/s/ Christine Lepera

Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml