UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC | ) |
|           Plaintiff | ) Action No. |
| v. | )  19-CV-04587 |
| | ) |
| ROC-A-FELLA RECORDS INC, DEF JAM | ) |
| RECORDINGS INC., UNIVERSAL MUSIC GROUP, | ) |
| SONY MUSIC ENTERTAINMENT, | ) |
| SHAWN CARTER p/k/a JAY-Z and | ) |
| TIMOTHY MOSLEY p/k/a TIMBALAND | ) |
|           Defendants | ) |
| | ) |

# PLAINTIFF'S OPPOSITION TO DEFENDANT SONY MUSIC ENTERTAINMENT'S MOTION TO DISMISS THE AMENDED COMPLAINT

Christopher Brown
CB3465
Brown & Rosen LLC
100 State Street, Suite 900
Boston, MA 02109
(T) 617-728-9111
cbrown@brownrosen.com
*Counsel for Plaintiff*

Dated:  October 18, 2019

# TABLE OF CONTENTS

I. INTRODUCTION                                                                5

II. FACTS                                                                      5

III. ARGUMENT                                                                 10

1. Rule 12(b) Standard of Review                                             10

2. Plaintiff Has Alleged Substantial Similarity Between Plaintiff's Song
and Defendants Infringing Works                                              11

3. Plaintiff Has Provided Fair Notice Of The Claim Asserted To Sony
Music Entertainment                                                          16

4. Plaintiff Has Identified the Actions of Infringement Committed By Each
Defendant And Has Plead a Plausible Claim                                    21


IV. CONCLUSION                                                               22

1

## TABLE OF CITATIONS

**Cases**

Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328
(2d Cir. 2006)                                                              10

Atuahene v. City of Hartford, 10 F. App'x 33  (2d Cir. 2001)               22

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)                       10,15-16

Brass v. American Films Technologies, 987 F.2d 142 (2d Cir. 1993)          11

Calcutti v. SBU, Inc., 273 F.Supp.2d 488 (S.D.N.Y. 2003)                   11

Calloway v. Marvel Entertainment Group, No. 82 Civ. 8697, 1983
WL 1141 (S.D.N.Y. June 30, 1983)                                           20

Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp 2d 280
(E.D.N.Y. 2002)                                                          14,15,20

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002)                 11

Cole v. Allen, 3 F.R.D. 236 (S.D.N.Y. 1942)                                19

Cole v. John Wiley & Sons Inc., 2012 WL 3133520 (S.D.N.Y, Aug 1, 2012)     18

Computer Assocs., Inc v. Atai Inc., 982 F.2d 693 (2d Cir. 1992)            15

DiMaggio v. Int'l Sports Ltd., No. 97 Civ. 7767 (HB), 1998 WL
549690 (S.D.N.Y. August 31, 1998)                                         19

Ellis v. Jean, No.-8837(LMM), 2011 WL 6368555 (S.D.N.Y. Dec. 16, 2011)     15

EMI Records Ltd. v. Premise Media Corp., No. 601209, 2008 WL 5027245
(N.Y. Sup. Ct. Aug. 8, 2008)                                              20

Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119 (2d Cir. 1994)  13

Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759 (2d Cir. 1991)         12

2

Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.,
763. F Supp. 1 (S.D.N.Y. 1991)    13

Grand Upright v. Biz Markie, 780 F. Supp. 182 (S.D.N.Y. 1991)    14

Iqbal v. Hasty, 490 F.3d 143  (2d Cir. 2007)    10

Jaghory v. New York State Dep't of Ed., 131 F.3d 326 (2d Cir. 1997)    10

Kelly v. L.L. Cool J, 145 F.R.D. 32 (S.D.N.Y. 1992)    13

Knitwaves, Inc. v.Lollytogs Ltd. (Inc.), 71 F.3d 996 (2d Cir. 1995)    12-13

Kopec v. Coughlin, 922 F.2d 152  (2d Cir. 1991)    10

Lindsay v. R.M.S. Titanic, 52 U.S.P.Q.2d 1609 (S.D.N.Y. 1999)    18

Lennon v. Seaman, No. 99 Civ. 2664 (LBS), 2002 WL 109525
(S.D.N.Y. Jan. 28, 2002)    18,20

Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225  (S.D.N.Y. 2000)    11, 21

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)    10

Nicholls v. Tufenkian Import/Export Ventures, Inc., 367 F. Supp. 2d 514
(S.D.N.Y. 2005)    17

Ochre LLC v. Rockwell Architecture Planning and Design, P.C.,
No. 12 Civ. 2837(KFB), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012)    21

Peter F. Gaito Architecture, LLC v. Simone Development Corp.,
602 F.3d 57 (2d Cir. 2010)    11-13

Plunket v. Doyle, No. 99 Civ. 11006 (KMW), 2001 WL 175252
(S.D.N.Y. Feb. 22, 2001)    15,19,20

Reid v. Am. Soc. of Composers, Authors and Publishers, No. 92 Civ. 270
(SWK), 1994 WL 3409 (S.D.N.Y. Jan. 5, 1994)    19

Ritani, LLC v. Aghjayan et al,  (S.D.N.Y July 20, 2012)    13,15,19

Three Boys Music Corp. v. Bolton, 212 F.3d 477 (9th Cir. 2000)                17

Spencer v. Connecticut, 560 F. Supp. 2d 153, (D. Conn. 2008)                16

Wagner v. First Horizon Pharm. Corp, 464 F. 3d 1273 (11th Cir. 2006)                21

Walker v. City of New York, 974 F.2d 293, 298 (2d Cir. 1992)                10

Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986)                12

Warner Bros. Inc. v. Am. Broad. Cos., 720 F.2d 231 (2d Cir. 1983)                12

Williams et al, v. Gaye, et al., 9th Cir., No. 15-56880, March 21, 2018                14,18

Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101 (2d Cir. 2001)                12

**Treaties and Statutes**

17 U.S.C. § 102                17

# I. INTRODUCTION

Plaintiff Ernie Hines d/b/a Colorful Music ("Plaintiff" or "Hines") hereby opposes the Rule 12(b)(6) Motion To Dismiss filed by Defendant Sony Music Entertainment ("Sony"). Sony contends that Plaintiff has not properly plead a claim for copyright infringement and the Amended Complaint should be dismissed. This Court should deny Sony's Motion.

# II. FACTS

**Relevant Paragraphs Of The Amended Complaint (As they Appear In The Amended Complaint) Relating To Defendants' Motion To Dismiss**

2.      Ernie Hines d/b/a Colorful Music ("Hines") has an address of 227 Elgin Ave. Apt 2A Forest Park, IL 60130.

3.      Roc-a-Fella Records Inc. ("RFR"), is a New York entity, DOS ID 1988516.

4.      Def Jam Recordings Inc. ("Def Jam") is a New York entity with an address of  1755 Broadway 7th Floor, New York, NY 10019.

5.      Universal Music Group Inc. ("Universal") is a Delaware entity and is registered in New York, DOS ID 3178160.  Universal owns Def Jam and RFR, and has a business address of 2220 Colorado Ave., Santa Monica, CA 90404. The registered agent for Universal is CT Corporation System, 28 Liberty Street, New York, NY 10005.

6.      Sony Music Holdings Inc. ("Sony"), is a Delaware entity that is registered in New York DOS ID 1218162.  The registered agent is Corporation Service Company, 80 State Street, Albany, NY 12207.  Sony has an office at 25 Madison Ave, New York, NY 10010.

7.      Shawn Carter p/k/a ("Jay-Z") is an American mogul and rapper, and a resident of the State of New York.

8.      Timothy Mosley p/k/a ("Timbaland") is an American music producer. He is the owner of Timbaland Productions Inc., a Virginia entity, ID No. 05264957, with a business address of L.L. Business Management Inc., 3000 Marcus Ave. Suite 1W5, Lake Success, NY 11042 on file with the Virginia Secretary of State's Office. The registered agent for Timbaland Productions, Inc. is United Corporate Services, Inc. 7705 Yolanda Road, Richmond, VA 23229.

9.      Hines is the co-author and composer of the song "Help Me Put Out The Flame (In My Heart)" ("Help Me") which is registered with the United States Copyright Office.  It was originally registered in 1969 and has a renewal registration of EU0000154302. The song was released on Stax Records over forty (40) years ago.

10.     "Help Me" was also released in 1993 on The Complete Stax Volt Soul Singles. See  https://www.allmusic.com/album/the-complete-stax-volt-soul-singles-vol-2-1968-1971-mw0000622330. The 1993 version of "Help Me" has a United States Copyright Registration of PA 2-184-476.


***Vol. 2… Hard Knock Life 1998- Jay-Z***

11.     ***Vol. 2... Hard Knock Life*** ("HKL") is the third studio album by American rapper Jay-Z. It was released on September 29, 1998, by RFR and Def Jam. It went on to become a commercially successful album, selling over 5 million copies in the United States. See Exhibit A to Amended Complaint.

12.     The album HKL contains the song "Paper Chase" which is performed by Jay-Z featuring the legendary female rapper "Foxy Brown" and is produced by Timbaland.  The credits on the song identify the composers/writers of the song as Jay-Z and Timbaland.

13.     All the Defendants were aware that the song "Paper Chase" contained a sample of the master recording and composition of "Help Me" as performed by Hines.

14.     Jay-Z and Timbaland failed to financially acknowledge Hines' contributions to the composition (Paper Chase).

15.     All the Defendants knew or should have known that "Paper Chase" contained a sample of "Help Me" yet none of the defendants from 1998 through 2018 ever attempted to contact Hines or pay for the sample of the master or composition.

17.     The credits for "Paper Chase" on Tidal, another entity owned by Jay-Z, clearly identifies the unauthorized use of the sample of "Help Me", indicating that all of the defendants knew of the use of Hines' song in "Paper Chase".  See Exhibit B to Amended Complaint.

7

18.     Upon information and belief, "Paper Chase" has been played millions of times on traditional, satellite and digital radio and appears on multiple compilation albums including the 2003 release, "Bring It On- The Best of Jay-Z".

https://www.discogs.com/Jay-Z-Bring-It-On-The-Best-Of/release/1031110  and the 2011 release "The Best Of Jay-Z" https://www.discogs.com/Jay-Z-The-Best-Of/release/6244319, released by Sony.

19.     Despite the commercial success of HKL and "Paper Chase", the Defendants have failed to pay Plaintiff and never informed Plaintiff of the use of his composition. The Defendants knew or should have known of their copyright infringement and their actions were willful in the infringement. All the Defendants knew that they did not have a clearance from Hines to use the "Help Me" composition in "Paper Chase". The Defendants converted the use of "Help Me" for their own benefit.


### *100 %Ginuwine 1999-Ginuwine*

20.     Upon information and belief, the same sample of "Help Me" was included by Sony and Timbaland in the song "Toe 2 Toe" in which was released on the Ginuwine album "100% Ginuwine" in March 1999 on Sony. "100% Ginuwine" has sold over 2 Million copies to date.  Exhibit C to Amended Complaint.

21.     Timbaland is identified as the composer of the song "Toe 2 Toe" on the Ginuwine

song released by Sony in 1999. "Toe 2 Toe" contains a sample of "Help Me".

22.     Neither Timbaland or Sony ever attempted to contact Hines to get his clearance for the use of the composition sample on "Help Me" on the Ginuwine album.

23.     The Defendants have unlawfully infringed on Hines' copyright and have converted the copyright for their own use.

24.     The Defendants never had Plaintiff's consent nor did the Defendants ever seek Plaintiff's consent for over twenty (20) years. Plaintiff learned of the use of his song in the Jay-Z and Ginuwine albums in 2018.

26.     Hines is the co-author of "Help Me" which is registered in the United States Copyright Office.

27.     All of the Defendants have unlawfully used the sample of Hines and never sought his approval to sample his work.

28.     The Defendants have infringed on Hines's exclusive rights under the United States Copyright Act.

# III. ARGUMENT

## 1. Rule 12(b)(6) Standard of Review

A case is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure where the complaint is not legally sufficient to state a claim upon which relief can be granted. *See* Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir. 1991). In deciding a Rule 12(b)(6) motion, the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); *accord* Jaghory v. New York State Dep't of Ed., 131 F.3d 326, 329 (2d Cir. 1997). A court should grant dismissal where, after considering plaintiffs' allegations in this generous light, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Walker v. City of New York, 974 F.2d 293, 298 (2d Cir. 1992). At the same time, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006). Rather, in order to withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007); *See also* Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (A pleader is obliged "to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible.").

On a motion to dismiss a complaint, the Court considers: (1) the factual allegations in the complaint; (2) documents attached to the complaint as exhibits or incorporated therein by

reference; (3) matters of which judicial notice may be taken; and (4) documents that are "integral" to the complaint. Calcutti v. SBU, Inc., 273 F.Supp.2d 488, 498 (S.D.N.Y. 2003) (*citing* Brass v. American Films Technologies, 987 F.2d 142, 150 (2d Cir. 1993); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

**2. Plaintiff Has Alleged Substantial Similarity Between Plaintiff's Song and Defendants Infringing Works**

To allege copyright infringement, a plaintiff must allege substantial similarity between defendant's work and protectable elements of plaintiff's work.  Peter F. Gaito Architecture, LLC v. Simone Development Corp., 602 F.3d 57,69 (2d Cir. 2010) "Broad, sweeping allegations of infringement do not comply with Rule 8." Marvullo v. Gruner & Jahr, 105 F. Supp. 2d 225, 230 (S.D.N.Y. 2000).

Sony's alleges that the Amended Complaint fails to specify any elements of Plaintiff's composition  that that are protected and substantially similar to "Toe 2 Toe." Sony argue that only allegations concerning "Toe 2 Toe" is that it "contains", "include[s]", or "use[s]" an unspecified sample of "Help Me." Amended Complaint, ¶¶ 20-22, 27 [Dkt. No. 13]. Sony argues that the failure to identify what the portion of the musical composition has been infringed, mandates that the Amended Complaint be dismissed.

Sony is keenly aware of the portion of the song at issue. The Defendants "self-identified" that they sampled Hines' "Help Me" composition.  See Exhibit B to the Amended Complaint in regards to "Paper Chase". Sony actually released "Paper Chase" in 2011.  See paragraph 18 of Amended Complaint.  Just as in "Paper Chase", the

11

composition for "Toe 2 Toe" contains the same infringing guitar riff that appears in "Help Me".  The sample of the guitar riff  portion of the compositon is the substantial similarity between "Help Me" and the two (2) infringing songs.

In order to prove a claim of copyright infringement under federal law requires a plaintiff to show "substantial similarity" between the copyrighted work and the allegedly infringing work. Peter F. Gaito Architecture, LLC, 602 F.3d at 63.  A plaintiff fails to state a claim for copyright infringement if, upon consideration of the complaint and the works themselves, the court determines that "the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or . . . no reasonable jury, properly instructed, could find that the two works are substantially similar." Id. (quoting Warner Bros.Inc. v. Am. Broad. Cos., 720 F.2d 231, 240 (2d Cir. 1983)). Because "the works themselves supercede and control contrary descriptions of them," Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986), a court may properly make this determination as a matter of law, prior to any discovery, because "what is required is only a . . . comparison of the works." Folio Impressions, Inc. v. Byer Cal., 937 F.2d 759, 766 (2d Cir. 1991).

"The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard the aesthetic appeal as the same." Peter F. Gaito, 902 F.3d at 66 (quoting Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir. 2001). The 'ordinary observer' in the context of this test is "an average lay observer," and the relevant question is whether such an observer "would

recognize the alleged copy as having been appropriated from the copyrighted work." Knitwaves,

Inc. v.Lollytogs Ltd. (Inc.), 71 F.3d 996, 1002 (2d Cir. 1995). In cases that involve copyrighted

works with "both protectable and unprotectable elements," this inquiry must be "more

discerning." Peter F. Gaito, 602 F.3d at 66 (quoting Fisher-Price, Inc. v. Well-Made Toy Mfg.

Corp., 25 F.3d 119, 123 (2d Cir. 1994)). In such cases, the court "must attempt to extract the

unprotectable elements from [its] consideration and ask whether the protectable elements,

standing alone, are substantially similar." Knitwaves, Inc.,71 F.3d at 1002.

A Complaint for copyright infringement must state (1) which specific original

works are the subject of the claim (2) the plaintiff owns the copyright (3) that the works

have been registered and (4) by what acts and during what time defendant has infringed

on the copyright Ritani, LLC v. Aghjayan et al, (S.D.N.Y July 20, 2012) page 26, Exhibit

A to the Declaration of Christopher Brown dated September 3, 2019;  Franklin Elec.

Publishers, Inc. v. Unisonic Prods. Corp., 763. F Supp. 1, 4(S.D.N.Y. 1991); Kelly v.

L.L. Cool J, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).

The Amended Complaint satisfies elements 1-4 identified above as presented in Ritani.

(1) the song "Help Me" is the original work at issue. (2)  Hines is a co-owner of the copyrights

for Help Me and authored the song.  (3) Hines has registered copyrights and extensions for the

song "Help Me" and (4) the Amended Complaint states that Sony sold and released "Paper

Chase" in 2011 and "Toe 2 Toe" in 1999 (paragraphs 18-29 of Amended Compliant) in violation

of Plaintiff's rights. Sony sold infringing songs that sampled the master recording of 'Help Me"

which contained the "Help Me" composition in 1999 and 2011. The sampling of the composition

is what makes "Paper Chase" and "Toe 2 Toe" substantially similar to "Help Me" and the composition is entitled to broad protection. See Grand Upright v. Biz Markie, 780 F. Supp. 182 (S.D.N.Y. 1991)(a preliminary injunction in a copyright infringement case was ordered when a sample of plaintiff's musical composition was used  in defendant's song) (See also Williams et al, v. Gaye, et al., 9th Cir. No. 15-56880, March 21, 2018 (the Ninth Circuit Court of Appeals sided (in part) with a lower court by stating that "Got to Give It Up" was "entitled to broad copyright protection because musical compositions are not confined to a narrow range of expression.").

As alleged in the Amended Complaint, the credits for "Paper Chase" on Tidal as provided by Jay-Z and/or Roc-a-Fella, and/or Timbaland, and/or Universal, clearly identifies the unauthorized use of the sample of "Help Me". See Exhibit B to the Amended Complaint.  The defendants are in privity of contract and have "self-identified" their use of the musical composition "Help Me". Surely they are aware of the portions of the composition they have utilized (the guitar riff) without authorization.

In regards to "Toe 2 Toe," the same original guitar riff in the "Help Me" composition also appears in "Toe 2 Toe".  Sony has been properly notified of the similarities between the songs.[1]

---

[1] Plaintiff also has a musicologist that has compared the similarities between the songs and has included that infringement exists.

At this stage of the litigation a plaintiff need only give the opposing party fair notice of what the Plaintiff's claim is and the grounds on which it rests. Capitol Records, Inc. v. Wings Digital Corp., 218 F. Supp 2d 280, 284 (E.D.N.Y. 2002).  "Neither Twombly nor Iqbal requires a plaintiff in a copyright infringement action to plead specific evidence or extra facts beyond what is needed to make that claim plausible. Ritani, LLC,  (S.D.N.Y July 20, 2012 page 27); Ellis v. Jean, No.-8837(LMM), 2011 WL 6368555 at 4 (S.D.N.Y. Dec. 16, 2011). Thus once there has been notice of the claim, factual and evidentiary issues…should be developed during discovery." Capitol Records, 218 F. Supp. 2d at 284, Plunket, No. 99-11006 , 2001WL 175252, at *4 (S.D.N.Y. Feb 22, 2001) (stating that plaintiff need not specify each infringing act, as "discovery is likely to provide may of the details of the allegedly infringing acts and  much of this information may be exclusively in defendants' control.").

Plaintiff has no obligation to provide an expert musicologist report in the Amended Complaint. The Defendants have notice of the Plaintiff's claim and the infringement that appears in "Paper Chase" and "Toe 2 Toe". Discovery will provide the Defendants with more information. Hence, for the reasons stated above, the Defendants Motion must be denied. If the Court chooses to address the substantial similarities between the works, there are many instances in which alleged copyright infringement where the question of substantial similarity cannot be addressed without the aid of discovery or expert testimony. See Computer Assocs., Inc v. Atai Inc., 982 F.2d 693, 713 (2d Cir. 1992). Plaintiff would request to have discovery occur on the issue.

15

**3. Plaintiff Has Provided Fair Notice Of The Claim Asserted To Sony Music Entertainment**

Sony contends that there are  no allegations in the Amended Complaint concerning the elements of Plaintiff's composition that are allegedly infringed and Sony argues that it has not been provide with fair notice of the copyright claims.  See Twombly, 550 U.S. at 555 (a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests") (internal quotation marks omitted); Spencer v. Connecticut, 560 F. Supp. 2d 153, 160 (D. Conn. 2008) ("[W]hen looking at a complaint, a defendant should not have to guess what the claims against him are[.]"). Sony's argument is without merit.

Plaintiff has provided notice and has plead (1) Plaintiff's ownership and authorship (2) identification of the copyrights at issue (3) Sony's selling and releasing the infringing songs "Paper Chase" and "Toe 2 Toe" that infringement on Plaintiff's copyright and (4) the time frame in which the infringement occurred. The 1993 version of "Help Me" has a United States Copyright Registration of PA 2-184-476. Jay Z and Timbaland claim to have written "Paper Chase". "Paper Chase" contains a sample of "Help Me" composition, indicating the substantial similarities between the works.  The credits for "Paper Chase" on Tidal, another entity owned by Jay-Z, clearly identify the unauthorized use of the sample of "Help Me".  See Exhibit B to the Amended Complaint. Sony also released the infringing song, "Paper Chase" in 2011. See paragraph 18 to the Amended Complaint. The defendants are all within privity of contract and have "self-

16

identified" the sample of "Help Me"  in  "Paper Chase".  For any of the defendants to

allege that it was unaware of the sample is disingenuous.

In regards to "Toe 2 Toe," Timbaland and Ginuwine claim ownership to the

musical composition for "Toe 2 Toe" which was released in 1999 by Sony. "Toe 2 Toe"

contains a sample of the guitar riff in the "Help Me" composition.  Ginuwine contends

that he had no part of creating the music, only the lyrics See paragraph 34 of Amended

Complaint.

In Sony's Memorandum Of Law, Sony appears to argue that  the sheet music

deposit for Help Me in 1969 (renewal registration  EU0000154302 renewal and

addendum registration of RE0000932464 )[2]  fails to provide proper notice of the musical

composition deposit for United States Copyright Registration of PA 2-184-476 and the

intellectual property Plaintiff seeks to protect in this copyright infringement litigation.  A

copy of the United States Copyright Registration of PA 2-184-476 is attached as Exhibit

B to the Declaration of Christopher Brown dated September 3, 2019. "Help Me" as it was

released in 1993 on The Complete Stax Volt Soul Singles (United States Copyright

Registration of PA 2-184-476) is credited on the  HKL album as being the sample for

---

[2]It appears that Sony is attempting to argue that the portion of Help Me which appears in the infringing compositions for "Paper Chase" and " Toe 2 Toe" does not appear in the initial deposit copy with United Sates Copyright Office. This is of no consequence as Plaintiff also maintains protection of the copyright under the 1909 Copyright Act based on the 1969 copyright, renewals and addendums of the copyright. Nicholls v. Tufenkian Import/Export Ventures, Inc., 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005) ("[A] copyright does not encompass [elements] that vary in essential respects from what was presented to the Copyright Office, however, a  copyright is valid where inaccuracies in deposit copy were, minor, not essential.) Citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 486-487 (9th Cir. 2000).

Plaintiff Ernie Hines (See Exhibit B to Amended Complaint). The Copyright Act of 1976

protects "works of authorship" fixed in "sound recordings," 17 U.S.C. § 102.[3]  The

original guitar riff in "Help Me" which appears in the "Paper Chase" and "Toe 2 Toe"

has been properly identified as the composition sample at paragraph 13, 15 20-22 of the

Amended Complaint.  For this reason, Sony has fair notice of the claim and the Motion

To Dismiss must be denied.

Sony's  argument that informing Sony of (1) the albums in which the

infringement appears (2) the song that was infringed (3) the copyrights that were

infringed (4) the years the infringement occurred and (5) the authors/recording companies

involved in the infringement- do not satisfy Rule 12, must be rejected. Sony have been

informed of its actions. Compare with <u>Cole v. John Wiley & Sons Inc.</u>, 2012 WL

3133520 (S.D.N.Y, Aug 1, 2012).. *See, e.g.,* <u>Lindsay v. R.M.S. Titanic</u>, 52 U.S.P.Q.2d

1609, 1612 (S.D.N.Y. 1999) (requiring that "infringing acts be set out with some

specificity," and dismissing copyright claim as a matter of law where plaintiff merely

alleged that defendant "`knowingly and willfully infringe[d] upon Plaintiff's copyright . . .

"); <u>Lennon v. Seaman</u>, No. 99 Civ. 2664 (LBS), 2002 WL 109525, at *6 (S.D.N.Y. Jan.

28, 2002) (holding that defendant did not adequately identify "by what acts" and "at what

---

[3] It remains unsettled whether copyright protection for musical compositions under the 1909 Act extends only to the four corners of the sheet music deposited with the United States Copyright Office, or whether the commercial sound recordings of the compositions are admissible to shed light on the scope of the underlying copyright.  This would apply to the original registration for "Help Me" Registration EU0000154302 in 1969 and is unrelated to Registration PA 2-184-476 or RE0000932464 registration of "Help Me". See <u>Williams et al, v. Gaye,et al.,</u> 9th Cir., No 15-56880, March 21, 2018, page 21.  Attached as Exhibit C to the Declaration of Christopher Brown dated September 3, 2019.

time plaintiff infringed his copyright," where defendant alleged that plaintiff infringed 374 photographs "by copying, publishing, distributing, selling and transferring the Photographs" (citing <u>Reid v. Am. Soc. of Composers, Authors and Publishers</u>, No. 92 Civ. 270 (SWK), 1994 WL 3409, at *2-3 (S.D.N.Y. Jan. 5, 1994))).  The Amended Complaint provides proper notice to the defendants and the Motion To Dismiss the Amended Complaint must be denied.

The facts identified above, provide adequate and sufficient notice to Sony of the copyright claims associated with "Help Me" and the legal standard identified in <u>Ritani</u>, has been met in the Amended Complaint.  Compare with  <u>Cole v. Allen</u>, 3 F.R.D. 236, 237 (S.D.N.Y. 1942) (holding that plaintiff's allegations that defendant copied unspecified episodes, characters and dialogues from any of six books lacked sufficient specificity); <u>Plunket v. Doyle</u>, No. 99 Civ. 11006 (KMW), 2001 WL 175252, at *4 (S.D.N.Y. Feb. 22, 2001) (holding that plaintiff failed to specify which original works were the subject of her copyright claims where she provided a multi-page schedule of certain works, with copyright registration numbers for nine of those works, but also contended in her complaint that her copyright claims were not limited to those works (citing Cole)); <u>DiMaggio v. Int'l Sports Ltd.</u>, No. 97 Civ. 7767 (HB), 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998) (concluding that plaintiff failed to specify which original works were the subject of the copyright claim, where plaintiff merely referred to "nebulous multiple images" (citing <u>Cole</u>). Not only is it inadequate to base an infringement claim on overly-inclusive lists of copyrighted works, but it is also insufficient to list certain works that are the subject of an infringement claim, and then

allege that the claim is also intended to cover other, unidentified works. *See* <u>Plunket</u>, 2001 WL 175252, at *4.   Plaintiff has specified the original works that have been infringed. The Amended Complaint provides proper notice to the defendants and the Motion To Dismiss the Amended Complaint must be denied.

Hines so alleges that the infringement begin in 1998/1999 (years of release for "Paper Chase"/"Toe 2 Toe") and continues into today which meets the date requirement. Compare with  <u>Lennon</u>, 2002 WL 109525, at *6; *see also* <u>Calloway v. Marvel Entertainment Group</u>, No. 82 Civ. 8697, 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (dismissing plaintiff's claims for failure to comply with the requirements of Rule 8(a), where the complaint failed, *inter alia,* to specify the dates on which the alleged infringements occurred). Plaintiff has met the burden of establishing what acts were committed by each defendant and the time frame in which the infringement occurred. For this reason, Defendants' motion must be denied. See <u>EMI Records Ltd. v. Premise Media Corp.</u>, No. 601209, 2008 WL 5027245 (N.Y. Sup. Ct. Aug. 8, 2008).

At this stage of the litigation a plaintiff need only give the opposing party fair notice of what the Plaintiff's claim is and the grounds on which it rests. <u>Capitol Records, Inc. v. Wings Digital Corp.</u>, 218 F. Supp 2d 280, 284 (E.D.N.Y. 2002).  Hines has provided Sony with the registration and the original composition that has been infringed. There is no guesswork. Plaintiff has no obligation to provide an expert musicologist report in the Amended Complaint. The Defendants have notice of the Plaintiff's claim and the infringement that appears in "Paper Chase" and "Toe 2 Toe". Discovery will

provide the Defendants with more information. Hence, for the reasons stated above, the

Defendants Motion must be denied.

### 4. Plaintiff Has Identified the Actions of Infringement Committed By Each Defendant And Has Plead a Plausible Claim

Sony argues that Plaintiff's purported copyright infringement claim against it is deficient

because Hines indiscriminately lumps all defendants and claims together into a single

infringement count. Because Hines has specified what purported misconduct is attributed to each

defendant, Sony in particular, the motion must be denied.

Dismissal is appropriate when a copyright plaintiff fails to "provide a plausible factual

basis to distinguish the conduct of each of the defendants." Ochre LLC v. Rockwell Architecture

Planning and Design, P.C., No. 12 Civ. 2837(KFB), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3,

2012); Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal

when a plaintiff "lump[s] all the defendants together in each claim"). Moreover, Rule 8(a)(2)

"require[s] a plaintiff to plead with specificity the acts by which a defendant has committed

copyright infringement," setting "out the 'particular infringing acts … with some specificity."

Marvullo, 105 F. Supp. 2d at 230.

Sony has been informed of its infringing actions. A proper complaint should not

only link facts to causes of action, it should link specific facts to each of the elements of

the claims asserted. Wagner v. First Horizon Pharm. Corp, 464 F. 3d 1273, 1279 (11th

Cir. 2006). It is alleged in the Amended Complaint  that Sony sold and released the

infringing songs beginning in 1999 ("Toe 2 Toe") and 2011 ("Paper Chase"). See

paragraphs 18 and 20 of the Amended Complaint).  In fact, all the defendants have been informed of their actions. Sony, Universal, Def Jam, RFR sold and released the infringing songs beginning in 1998, 1999 and continuing. Jay-Z and Timbaland claim ownership to the "Paper Chase" composition and provided "Paper "Chase" to the corporate defendants to sell.  Timbaland and Ginuwine claim ownership of the "Toe 2 Toe".  Timbaland provided the song "Toe 2 Toe" to the corporate defendants to sell and release.  Plaintiff has linked the facts to each defendant and each cause of action.  For this reason, this Court must deny Sony's Motion To Dismiss.

## CONCLUSION

For the reasons states above, the Defendants' Motion To Dismiss must be denied.

ERNIE HINES D/B/A COLORFUL MUSIC
By His Attorneys,

Christopher Brown
CB3465
Brown & Rosen LLC
Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
Dated: October 18, 2019          cbrown@brownrosen.com