IT'UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC,<br><br>　　　　Plaintiff,<br>　v.<br><br>ROC-A-FELLA RECORDS INC, DEF JAM RECORDINGS INC., UNIVERSAL MUSIC GROUP, SONY MUSIC HOLDINGS INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND,<br><br>　　　　Defendants. | CASE NO. 19-CV-04587-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT TIMOTHY MOSLEY'S MOTION FOR AN ORDER (1) VACATING THE CERTIFICATE OF DEFAULT ENTERED BY THE CLERK OF COURT AGAINST MOSLEY ON OCTOBER 25, 2019; AND (2) DISMISSING MOSLEY FROM THE ACTION ON THE GROUND OF INSUFFICIENT SERVICE OF PROCESS**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND .................................................................................................... 2
    A.    Plaintiff Failed to Serve Mosley By The August 16, 2019 Deadline ..................... 2
    B.    Plaintiff Makes Improper Attempts to Serve Mosley Long After the Deadline to Do So Admittedly Elapsed ................................................................... 4

ARGUMENT .............................................................................................................................. 5
    A.    STANDARD OF REVIEW ..................................................................................... 5
        1.    Standard for Vacating a Certificate of Default .......................................... 5
        2.    Standard for Granting a Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process ................................................................. 6
    B.    THE CERTIFICATE OF DEFAULT SHOULD BE VACATED, AND MOSLEY SHOULD BE DISMISSED FROM THE ACTION, BECAUSE PLAINTIFF FAILED TO EFFECT VALID SERVICE OF PROCESS ................ 7
        1.    Plaintiff Made No Service Within the 90 Day Deadline ........................... 7
        2.    The Alleged Service Would Have Been Void, Even if the Service Attempt Had Been Timely ........................................................................ 7
    C.    PLAINTIFF SHOULD BE DENIED AN EXTENSION OF TIME TO ATTEMPT TO SERVE MOSLEY ...................................................................... 10

CONCLUSION ......................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*,
  197 F.R.D. 104 (S.D.N.Y. 2000) ................................................................................11

*Alianz Ins. Co. v. Otero*,
  No. 01 Civ. 2598 LMM HBP, 2003 WL 262335 (S.D.N.Y. Jan. 30, 2003) ..............9

*Cassano v. Altshuler*,
  186 F. Supp. 3d 318 (S.D.N.Y. 2016) ................................................................10, 11

*Chapman v. Stricker*,
  81 F. App'x 77 (7th Cir. 2003) ....................................................................................6

*Darden v. DaimlerChrysler N. Am. Holding Corp.*,
  191 F. Supp. 2d 382 (S.D.N.Y. 2002) .........................................................................7

*Davis v. Musler*,
  713 F.2d 907 (2d Cir. 1983) ........................................................................................5

*Earle v. Valente*,
  754 N.Y.S.2d 364 (2d Dep't 2003) .............................................................................9

*Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*,
  187 F.R.D. 503 (S.D.N.Y. 1999) .........................................................................10, 11

*Enron Oil Corp. v. Diakuhara*,
  10 F.3d 90 (2d Cir. 1993) ............................................................................................6

*FBM Holdings LLC v. Goldwerks, Inc.*,
  No. 03-CV-2939 (DRH)(MLO), 2006 WL 1229160 (E.D.N.Y. May 5, 2006) .........5

*George v. Prof. Disposables Int'l, Inc.*,
  221 F. Supp. 3d 428 (S.D.N.Y. 2016) ................................................................10, 12

*Hawthorne v. Citicorp Data Sys., Inc.*,
  219 F.R.D. 47 (E.D.N.Y. 2003) ..................................................................................5

*Howard v. Klynveld Peat Marwick Goerdeler*,
  977 F. Supp. 654 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999) ......................6

# TABLE OF AUTHORITIES

# (*Continued*)

**Page(s)**

*In re Veon Ltd. Sec. Litig.*,
 No. 15-CV-08672 (ALC), 2018 WL 4168958 (S.D.N.Y. Aug. 30, 2018) ................................7

*Jackson v. City of New York*,
 2015 WL 44700004 (S.D.N.Y. June 26, 2015) .........................................................................6

*Kearney v. Neurosurgeons of New York*,
 31 A.D.3d 390 (2d Dep't 2006) ................................................................................................8

*Maldonado v. Country Wide Home Loans, Inc.*,
 No. CV 14-7145 (JMA) (AKT), 2016 WL 11481201 (E.D.N.Y. Jan. 4, 2016) .....................10

*Mende v. Milestone Tech., Inc.*,
 269 F. Supp. 2d 246 (S.D.N.Y. 2003) ......................................................................................6

*Mopex, Inc. v. Am. Stock Exchange, LLC*,
 No. 02 Civ. 1656(SAS), 2002 WL 342522 (S.D.N.Y. Mar. 5, 2002) ......................................7

*Preston v. New York*,
 223 F. Supp. 2d 452 (S.D.N.Y. 2002) ......................................................................................6

*Sartor v. Toussaint*,
 70 F. App'x 11 (2d Cir. 2002) ..................................................................................................9

*Sibley v. Jamestown Bd. of Public Utilities*,
 No. 11-CV-01043, 2012 WL 2886505 (W.D.N.Y. July 13, 2012) ......................................5, 6

*Sikhs for Justice v. Nath*,
 893 F. Supp. 2d 598 (S.D.N.Y. Sept 21, 2012) ........................................................................7

*Simpson v. Wells Fargo Bank*,
 No. 15-CV-1487 (JMF), 2016 WL 10570967 (S.D.N.Y. Dec. 15, 2016) ..............................11

*Smith v. Bray*,
 No. 13-cv-07172-NSR-LMS, 2014 WL 5823073 (S.D.N.Y. Nov. 10, 2014) ........................10

*Spinale v. U.S.*,
 No. 03CIV1704KMWJCF, 2005 WL 659150 (S.D.N.Y. 2005) ............................................11

*Urbont v. Sony Music Entm't*,
 No. 11 Civ. 4516(NRB), 2012 WL 1592519 (S.D.N.Y. May 4, 2012) ................................6, 8

# TABLE OF AUTHORITIES

## (*Continued*)

**Page(s)**

*Webster Indus., Inc., v. Northwood Doors, Inc.*,
  244 F. Supp. 2d 998 (N.D. Iowa 2003) .................................................................................. 5

*Wilson v. Walmart Store, Inc.*,
  2016 WL 11481723, *3 (E.D.N.Y. Aug. 22, 2016), *report and
  recommendation adopted*, 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016) ........................ 5, 6

*Yan v. Bocar*,
  No. 04 Civ. 4194(LAK), 2005 WL 3005338 (S.D.N.Y. Sept. 30, 2005) ............................... 6

*Zapata v. City of New York*,
  502 F.3d 192 (2d Cir. 2007) .................................................................................................. 11

**STATUTES**

Fed. R. Civ. P.
  4(e)(1) ..................................................................................................................................... 7
  4(e)(2) ..................................................................................................................................... 8
  4(e)(2)(1) ................................................................................................................................. 8
  4(m) ..................................................................................................................... 1, 2, 3, 7, 11
  12(b)(5) .......................................................................................................................... 3, 6, 10
  12(b)(6) ................................................................................................................................... 1
  12(b)(6) ................................................................................................................................... 6
  55(c) ........................................................................................................................................ 5

**OTHER AUTHORITIES**

N.Y. C.P.L.R.
  § 308(1) ................................................................................................................................... 9
  § 308(2) ......................................................................................................................... 8, 9, 10
  § 308(4) ............................................................................................................................... 8, 9
  § 308(f), .................................................................................................................................. 9

Pursuant to Rules 12(b)(5) and 55(c) of the Federal Rules of Civil Procedure, Defendant Timothy Mosley p/k/a Timbaland ("Mosley") respectfully submits this memorandum of law in support of his motion for an order: (1) vacating the certificate of default entered by the Clerk of Court against Mosley on October 25, 2019; and (2) dismissing Mosley from the action on the ground of insufficient service of process.

## PRELIMINARY STATEMENT

Today, Plaintiff's counsel requested that the Clerk enter a certificate of default against Mosley, falsely attesting that Plaintiff had timely and properly served Mosley on October 1, 2019, *see* ECF No. 72. Plaintiff's counsel had the audacity to make this representation and request notwithstanding his prior own *admission* that he failed to serve Mosley within the requisite 90 day time requirement of Federal Rule of Civil Procedure 4(m), as set forth in his own purported motion for an enlargement of time to serve Mosley. *See* Plaintiff's putative cross motion to Defendant Carter's motion to dismiss. ECF No. 54, at 7 (Plaintiff requesting until November 15, 2019 to serve Mosley).

Notably, this Court has not granted any such motion for an enlargement of the 90 day period for service on Mosley, and Mosley submits that Plaintiff's lack of diligence and improper tactics discussed below fully militate in favor of denying same.

By his own admission, Plaintiff chose to sit back and deliberately made **no** effort to serve Mosley within the requisite 90 days after commencing the action. His only attempt at purported service on Mosley was *after* the 90 days which, as discussed below, is not only ineffective absent a Court approved enlargement of time, it is also wholly improper as a method for service under

1

either the Federal or state rules.[1] Given that there was no service *even attempted* in the 90 days, by Plaintiff's own admission, and given that this Court has not issued any order allowing service after the 90 days, Plaintiff's counsel's tactical effort to game the system and obtain an undeserved default is outrageous.

Moreover, Plaintiff appears to acknowledge that he does not have a viable complaint on record. The other Defendants have submitted motions to dismiss the current First Amended Complaint, which motions Plaintiff opposed, but in response to which Plaintiff made no effort to seek leave to amend his pleading. Now, however, Plaintiff's counsel has just filed a motion for leave to amend to assert his *third pleading*—a Second Amended Complaint. In the face of this procedural setting, Plaintiff's tactic to seek a default smacks of pure bad faith and should not be countenanced. Indeed, Plaintiff's counsel's *speed* in trying to gain a baseless entry of default should be viewed in the context of his blatant lack of diligence in attempting to comply with the rules for service. This contrast in conduct speaks volumes as to Plaintiff's *bona fides*. For all of the reasons set forth below, Mosley respectfully submits this motion be granted in its entirety.

## FACTUAL BACKGROUND

**A.       Plaintiff Failed to Serve Mosley By The August 16, 2019 Deadline**

Plaintiff commenced this action through the filing of his original Complaint against defendants including Mosley on May 18, 2019. ECF No. 1. Accordingly, pursuant to Fed. R. Civ. P. 4(m), ***the deadline for Plaintiff to effect proper service of process upon Mosley was***

---

[1] Notwithstanding the fact that there had been no attempt at service in the 90 days, Mosley has submitted this motion to dismiss out of an abundance of caution to challenge the purported untimely and improper service Plaintiff attempted.

2

***August 16, 2019.  Plaintiff made no effort to effect service of process upon Mosley prior to the expiration of the 90-day deadline on August 16, 2019.***

Plaintiff filed his First Amended Complaint ("FAC") as of right on July 12, 2019.  ECF No. 13.  Although Plaintiff requested issuance of a summons to Mosley on May 18, 2019 when he commenced this action, his request was denied by the Clerk's Office as deficient.  ECF No. 5.  Plaintiff did not properly request issuance of a summons to Mosley until July 24, 2019.  ECF No. 21.  The Clerk's Office issued a summons to Mosley on July 25, 2019.  ECF No. 25.

On September 17, 2019, Defendant Shawn Carter p/k/a Jay-Z ("Carter") filed a motion pursuant to Fed. R. Civ. P. 12(b)(5) to be dismissed from the action on the ground of insufficient service of process (the "Carter Motion").  On September 29, 2019, Plaintiff filed a memorandum of law in opposition to the Carter Motion.  ECF No. 54.  In that memorandum, Plaintiff made an informal request to the Court to be granted an extension of time to effect service of process on both Carter and Mosley beyond the 90-day deadline in Rule 4(m), which deadline had already expired.[2]  *Id.* at 6-7.  Plaintiff admitted in his memorandum that Plaintiff did not effect service of process on Mosley prior to the expiration of the 90-day deadline.  *Id.* at 7.  The Court has not yet issued any ruling addressing Plaintiff's informal request for more time to serve Mosley (or Carter)—and for the reasons set forth herein, that request should be denied.  The deadline to have effected service of process upon Mosley remains August 16, 2019.

---

[2] Although Plaintiff referred to this request for an extension of time in his memorandum as a "cross-motion," Plaintiff did not file any formal Notice of Cross-Motion seeking this relief.  *See* ECF No. 63.

### B. Plaintiff Makes Improper Attempts to Serve Mosley Long After the Deadline to Do So Admittedly Elapsed

Even though Plaintiff's deadline to serve Mosley had long since expired, and even though the Court has not granted any extension of that deadline, Plaintiff has nonetheless recently attempted service on Mosley. Specifically, on October 1, 2019, a process server dropped a copy of the summons and FAC in front of Mosley's accountant Bruce Seckendorf at the office of Mr. Seckendorf's accounting firm LL Business Management, Inc. ("LLBM") in Lake Success, New York (the "Accounting Office"). Declaration of Bruce Seckendorf ("Seckendorf Decl."), ¶ 4. The Accounting Office is not Mosley's actual place of business. Mosley has never worked at the Accounting Office. Nor is the Accounting Office the dwelling place or usual place of abode of Mosley. *Id.* ¶ 3.

Notably, the process server did not ask whether Mr. Seckendorf was authorized to accept service of process on Mosley. *Id.* ¶ 5. In fact, Mr. Seckendorf is not authorized, and has never been authorized, to accept service of process on Mosley. *Id.*

On October 4, 2019, Plaintiff filed an affidavit of alleged service upon Mosley. ECF No. 60. The affidavit contends that Plaintiff's process server purportedly delivered the summons and FAC on October 1 to Mr. Seckendorf's office and then mailed the summons to that same address in a "First Class Mail Envelope marked 'Personal and Confidential.'"

Plaintiff's affidavit of service additionally contends that on September 23, 2019, a process server affixed a copy of the summons and FAC to the door at the address 1770 N Bayshore Drive, Unit 2612/2615, Miami, FL 33132 (the "Miami Property"), and thereafter mailed the summons in a "postpaid envelope" to the same address "bearing the words 'Personal & Confidential' by First Class Mail." ECF No. 60-1. However, Mosley sold the Miami Property

4

over a year ago. Seckendorf Decl. ¶ 6. Accordingly, the Miami Property is not now, and was not at the time of attempted service, Mosley's residence, dwelling place, usual place of abode, or actual place of business. *Id.*

Even though Plaintiff admits that he did not serve Mosley with process prior to the expiration of his deadline to do so, Plaintiff nonetheless improperly filed on the ECF system a request for entry of a certificate of default against Mosley today, October 25, 2019. ECF Nos. 71-72. The clerk entered a certificate of default against Mosley almost immediately thereafter. ECF No. 73.

## ARGUMENT

### A. STANDARD OF REVIEW

#### 1. Standard for Vacating a Certificate of Default

"The Second Circuit has expressed, on numerous occasions, that defaults are strongly disfavored." *Sibley v. Jamestown Bd. of Public Utilities*, No. 11-CV-01043, 2012 WL 2886505, at *4 (W.D.N.Y. July 13, 2012). Courts may vacate a certificate of default "for good cause." Fed. R. Civ. P. 55(c). **The fact that the defendant was not been served with valid service of process <u>per se</u> constitutes good cause for vacating the certificate of default, and, in fact, renders the certificate of default void <u>ab initio</u>.** *Wilson v. Walmart Store, Inc.,* 2016 WL 11481723, *3 (E.D.N.Y. Aug. 22, 2016), *report and recommendation adopted*, 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016) (citing *Davis v. Musler*, 713 F.2d 907, 918 (2d Cir. 1983); *FBM Holdings LLC v. Goldwerks, Inc.*, No. 03-CV-2939 (DRH)(MLO), 2006 WL 1229160, at *3 (E.D.N.Y. May 5, 2006); *Webster Indus., Inc., v. Northwood Doors, Inc.*, 244 F. Supp. 2d 998, 1010 (N.D. Iowa 2003); *Hawthorne v. Citicorp Data Sys., Inc.*, 219 F.R.D. 47, 49-50

5

(E.D.N.Y. 2003)). *See also Yan v. Bocar*, No. 04 Civ. 4194(LAK), 2005 WL 3005338, at *12 (S.D.N.Y. Sept. 30, 2005); *Chapman v. Stricker*, 81 F. App'x 77, 79 (7th Cir. 2003).[3]

## 2. Standard for Granting a Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process

When a defendant raises a Rule 12(b)(5) challenge to sufficiency of service of process, the plaintiff bears the burden of proving the adequacy of service. *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citing *Preston v. New York*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)). A plaintiff must establish a prima facie case of proper service "through specific factual allegations and any supporting materials." *Urbont v. Sony Music Entm't*, No. 11 Civ. 4516(NRB), 2012 WL 1592519, at *2 (S.D.N.Y. May 4, 2012). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd* 173 F.3d 844 (2d Cir. 1999). In resolving the motion to dismiss on the ground of insufficient service of process, the Court may consider materials outside the pleadings. *Jackson v. City of New York*, 2015 WL 44700004, at *4 (S.D.N.Y. June

---

[3] In a situation (unlike here) where there has been valid service of process, the Second Circuit has established three criteria that a court should assess in determining whether to vacate a certificate of default for "good cause": (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Here, Mosley satisfies every prong of this test. With respect to the first prong, failure to answer the summons and complaint is clearly not willful where no responsive pleading is due. *Sibley*, 2012 WL 2886505, at *4 Moreover, a "defendant's prompt response [to a certificate of default] counters an allegation of willfulness." *Wilson*, 2016 WL 11481723, at *4. Here, Mosley has moved to vacate the certificate of default on the very day it was entered. With respect to the second prong, this action is at the earliest stage. Discovery has not yet commenced, and the Plaintiff, in fact, has requested leave of Court to file yet another amended pleading. Accordingly, there is no prejudice. *Id.* at *5. With respect to the third prong, Mosley obviously has a meritorious defense. Numerous defendants have moved for dismissal of the First Amended Complaint pursuant to Rule 12(b)(6), and the dispositive arguments asserted by those defendants apply equally to Mosley.

26, 2015); *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

### B. THE CERTIFICATE OF DEFAULT SHOULD BE VACATED, AND MOSLEY SHOULD BE DISMISSED FROM THE ACTION, BECAUSE PLAINTIFF FAILED TO EFFECT VALID SERVICE OF PROCESS

#### 1. Plaintiff Made No Service Within the 90 Day Deadline

It is undisputed that Plaintiff failed to even attempt to serve Mosley until more than 90 days after initiating this action, as required under Federal Rule of Civil Procedure 4(m). Indeed, Plaintiff did not make a single attempt to serve Mosley until approximately 6 weeks after the time period under Rule 4(m) expired, and then he did so without permission.[4]

Absent a grant of an enlargement of time, which the Court has not granted and should not grant,[5] Plaintiff's untimely service attempt is void and a nullity. Plaintiff's application for a certificate of default was based on false and misleading information. As such, the certificate should be vacated, and Mosley should be dismissed from the action.

#### 2. The Alleged Service Would Have Been Void, Even if the Service Attempt Had Been Timely

Plaintiff's attempted service of process would have been invalid, even if it had been made prior to the expiration of the 90-day deadline on August 17, 2019. Plaintiff's Affidavit of Service shows that he attempted to follow state law. *See* Fed. R. Civ. P. 4(e)(1) (stating that

---

[4] Plaintiff's amendment of the complaint on a later date did not restart the time limit for service under Rule 4(m). *See, e.g., In re Veon Ltd. Sec. Litig.*, No. 15-CV-08672 (ALC), 2018 WL 4168958, at *8 (S.D.N.Y. Aug. 30, 2018); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d at 607; *Mopex, Inc. v. Am. Stock Exchange, LLC*, No. 02 Civ. 1656(SAS), 2002 WL 342522, at *9 (S.D.N.Y. Mar. 5, 2002).

[5] The reasons why the Court should not grant an extension are set forth in Argument Section C, *infra*.

7

service can be effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made).[6] Plaintiff attempted service under N.Y. C.P.L.R. §§ 308(2) and (4). Neither provision was close to being satisfied.

N.Y. C.P.L.R. § 308(2) states that service is effected by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential.'" The Affidavit of Service contends that Plaintiff tried to deliver the summons and First Amended Complaint to Mr. Seckendorf at LLBM's offices and then mailed the summons and FAC to LLBM's offices. ECF No. 60. However, LLBM's offices are not Mosley's actual place of business, dwelling place or usual place of abode. Seckendorf Decl. ¶ 3. Accordingly, Plaintiff failed to comply with N.Y. C.P.L.R. § 308(2). *See Kearney v. Neurosurgeons of New York*, 31 A.D.3d 390, 391 (2d Dep't 2006) (stating that § 308(2) "requires strict compliance" and ordering that complaint should have been dismissed where

---

[6] Plaintiff of course has no basis to argue that he served Mosley pursuant to Fed. R. Civ. P. 4(e)(2). He did not personally deliver the summons to Mosley, nor did he leave the summons at Mosley's dwelling or usual place of abode with someone of suitable age and discretion under subsections (e)(2)(1) and (2). He further did not deliver the summons to Mosley's authorized agent, as Seckendorf is not authorized to accept service of process on Mosley's behalf. Seckendorf Decl. ¶ 5; *see also, e.g., Urbont v. Sony Music Entm't*, No. 11 Civ. 4516(NRB), 2012 WL 1592519, at *2 (S.D.N.Y. May 4, 2012) ("[A]lthough performing artists and professional athletes have managing agents, . . . such agents are not authorized, as such, to accept process for their clients.") (internal citations and quotations omitted).

11613737.3

plaintiffs "failed to establish by a preponderance of the evidence that service was properly effected at [defendant's] actual place of business").

N.Y. C.P.L.R. § 308(4) states that where service under §§ 308(1) and (2) "cannot be made with due diligence," service may be effected "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential.'" The Affidavit of Service contends that Plaintiff affixed the summons and FAC to the Miami Property and then mailed the summons and FAC to the Miami Property. ECF No. 60-1. However, the Miami Property is also not Mosley's actual place of business, dwelling place or usual place of abode, as it was sold over a year ago. Seckendorf Decl. ¶ 6. Plaintiff therefore failed to comply with N.Y. C.P.L.R. § 308(4). *Alianz Ins. Co. v. Otero*, No. 01 Civ. 2598 LMM HBP, 2003 WL 262335, at *2 (S.D.N.Y. Jan. 30, 2003) ("It is clear that the summons and complaint were affixed to the door of the defendants' 'last known residence,' rather than to their 'actual dwelling place or usual place of abode,' as required by § 308(f), and thus service was defective.").[7]

---

[7] Plaintiff also failed to comply with N.Y. C.P.L.R. § 308(4) for the additional reason that he has not shown that he first attempted service under §§ 308(1) and (2) with due diligence. *See* N.Y. C.P.L.R. § 308(4). Prior to affixation, Plaintiff's process server purportedly engaged in only two attempts at personal service. This does not qualify as "due diligence" under the statute. *See Earle v. Valente*, 754 N.Y.S.2d 364, 366 (2d Dep't 2003) (holding that three attempts to personally serve defendant did not constitute requisite due diligence); *Sartor v. Toussaint*, 70 F. App'x 11, 14 (2d Cir. 2002) (citing cases and stating, "[t]here is substantial authority for the proposition that three attempts at residential service do not satisfy the 'due diligence' requirement where the process-server made no attempt to serve the defendant at his actual place of business, in particular where the place of business was known").

In conclusion, Plaintiff's half-hearted attempts under § 308(2) and 308(4) to serve Mosley were defective. Plaintiff cannot show that he has properly served Mosley. For this additional reason, the certificate of default should be vacated, and Mosley should be dismissed from the action pursuant to Fed. R. Civ. P. 12(b)(5).

### C. PLAINTIFF SHOULD BE DENIED AN EXTENSION OF TIME TO ATTEMPT TO SERVE MOSLEY

The Court should reject any request by Plaintiff for an extension of time to attempt to serve Mosley, because he can show no good cause, nor any reason for a discretionary extension. A party seeking an extension for good cause "bears a heavy burden of proof." *Maldonado v. Country Wide Home Loans, Inc.,* No. CV 14-7145 (JMA) (AKT), 2016 WL 11481201, at *2 (E.D.N.Y. Jan. 4, 2016). Good cause is "generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999). It "is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *George v. Prof. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432-33 (S.D.N.Y. 2016).

While district courts have discretion to extend time to serve process even in the absence of good cause, "the plaintiff must ordinarily advance colorable excuse for neglect." *Smith v. Bray*, No. 13-cv-07172-NSR-LMS, 2014 WL 5823073, at *6 (S.D.N.Y. Nov. 10, 2014); *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 323 (S.D.N.Y. 2016). "In deciding whether to grant an extension, courts balance justifiable excuses offered by the plaintiff, the length of the delay,

and any prejudice to either party." *Spinale v. U.S.*, No. 03CIV1704KMWJCF, 2005 WL 659150, at *4 (S.D.N.Y. 2005).

Plaintiff cannot show good cause for his delay. The record shows no attempt to serve Mosley until late September, well past the ninety day limit permitted under Rule 4(m). Rather, Plaintiff waited sixty seven (67) days after initiating this action—over two thirds of the time period allowed by Rule 4(m) to even properly *request* a summons to Mosley from the Court, despite being on clear notice essentially from day 1 that his prior request was deficient. Plaintiff's lack of diligence precludes a finding of good cause. *See Simpson v. Wells Fargo Bank*, No. 15-CV-1487 (JMF), 2016 WL 10570967 at *1 (S.D.N.Y. Dec. 15, 2016); *Cassano*, 186 F. Supp. 3d at 322; *AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108-09 (S.D.N.Y. 2000).

Nor do the circumstances warrant an *ex post facto* discretionary extension. As a threshold matter, courts considering granting an extension of time notwithstanding a lack of good cause generally consider such motions made by plaintiffs *prior* to the expiration of the Rule 4(m) period, *Eastern Refractories Co.*, 187 F.R.D. at 506. Plaintiff never requested any such relief prior to the deadline. Further, "courts have refused to find justifiable excuse when the plaintiff's neglect and inadvertence are unaccompanied by a diligent effort to identify and remedy the service defect quickly." *Spinale*, 2005 WL 659150, at *4; *Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (upholding dismissal where plaintiff did not make any attempt to serve defendant or seek any extension until *after* the Rule 4(m) period had passed). Where, as here, there is "no acceptable explanation" for Plaintiff's failure "to even attempt to serve [Mosley] within the appropriate time period under Rule 4(m), or request an extension to do so," dismissal

is warranted.  *See George*, 221 F. Supp. 3d at 437.  Additionally, Plaintiff's vexatious, bad faith conduct in obtaining a certificate of default based upon a service attempt that he knows is untimely, strongly militates against granting any discretionary extension.  It is inexcusable for Plaintiff to have forced Mosley to incur the burden and expense of moving to vacate a certificate of default which Plaintiff only obtained by providing false and misleading information to the clerk, and which Plaintiff knows full well is invalid.  Under such circumstances, Plaintiff should not be rewarded with a discretionary extension.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's certificate of default against Mosley was improperly obtained.  It should be vacated, and Mosley should be dismissed from the action.

DATED:  New York, New York
October 25, 2019

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Christine Lepera
Christine Lepera
Leo M. Lichtman
437 Madison Ave., 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
ctl@msk.com
lml@msk.com

*Attorneys for Defendant Timothy Mosley p/k/a Timbaland*