UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC, | CASE NO. 19-CV-04587-JPO |
| Plaintiff, | **ORAL ARGUMENT REQUESTED** |
| v. | |
| ROC-A-FELLA RECORDS INC, DEF JAM RECORDINGS INC., UNIVERSAL MUSIC GROUP, SONY MUSIC HOLDINGS INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND, | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR LEAVE TO AMEND</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................... 1

FACTUAL BACKGROUND ....................................................................................... 3
    A.    Plaintiff Files the Original Complaint But Fails to Allege What Was
        Infringed .................................................................................................... 3
    B.    Aware of the Original Complaint's Pleading Deficiencies, Plaintiff
        Compounds the Deficiencies by Amending the Complaint As Of Right to
        Assert a Dubious New Copyright Registration ........................................ 4
    C.    Defendants Bring Rule 12(b)(6) Motions to Dismiss the FAC, Putting
        Plaintiff on Further Notice of His Pleading Deficiencies ........................ 5
    D.    Plaintiff Seeks a Third Bite at the Apple, But Still Fails to Properly Allege
        Copyright Infringement ............................................................................ 6

ARGUMENT ............................................................................................................... 7
    A.    Legal Standard ......................................................................................... 7
    B.    Amendment Should Be Denied Because Plaintiff Has Violated the Rules of
        this Court .................................................................................................. 8
    C.    Amendment Should Be Denied as Futile Because Plaintiff Still Fails to
        Properly Allege Copyright Infringement ................................................. 9
        1.    The Proposed SAC Fails to Provide Notice of What Musical Material
                Was Allegedly Infringed and How It Was Infringed ................................ 10
        2.    The Proposed SAC Fails to Give Notice of Which of Plaintiff's Many
                Copyright Registrations Encompasses the Allegedly Infringed
                Expression ................................................................................................ 12
    D.    Amendment Also Should Be Denied Because of Plaintiff's Bad Faith and
        Undue Delay, Which Have Prejudiced the Moving Defendants ......................... 14

II.    CONCLUSION ................................................................................................ 16

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Am. Fed'n. of State Cty. and Mun. Employees Dist. Council 37 Health & Sec.*
   *Plan v. Bristol-Myers Squibb Co.*,
   No. 12 Civ. 2238 (JPO), 2013 WL 6409323 (S.D.N.Y. Dec. 9, 2013) (Oekten,
   J.)..........................................................................................................................................9

*Bay Harbour Mgmt., LLC v. Carothers*,
   474 F. Supp. 2d 501 (S.D.N.Y. 2007)...........................................................................14, 15

*Broughel v. The Battery Conservancy*,
    No. 07 Civ. 7755 (GBD), 2010 WL 1028171 (S.D.N.Y. Mar. 16, 2010) ...........................10

*Calloway v. Marvel Entm't Grp.*,
   No. 82 Civ. 8697 (RWS), 1983 WL 1141 (S.D.N.Y. June 30, 1983) ..............................12, 13

*DiMaggio v. Int'l Sports Ltd.*,
   No. 97 Civ. 7767(HB), 1998 WL 549690 (S.D.N.Y. Aug. 31, 1998)....................................13

*Foman v. Davis*,
   371 U.S. 178 (1962)..............................................................................................................7

*Intersong-USA v. CBS, Inc.*,
   757 F. Supp. 274 (S.D.N.Y. 1991)......................................................................................11

*Kelly v. L.L. Cool J.*,
   145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994)..................................12, 13

*Lopez v. BigCommerce, Inc.*,
   No. 16 Civ. 8970 (JPO), 2017 WL 3278932 (S.D.N.Y. Aug. 1, 2017) (Oetken,
   J.)..........................................................................................................................................9

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)...................................................................................................7

*Nightingale Grp., LLC v. CW Cap. Mgmt., LLC*,
   No. 11 Civ. 9293 (PAE), 2012 WL 2674539 (S.D.N.Y. July 5, 2012) ..................................8

*Poindexter v. EMI Record Grp. Inc.*,
   No. 11 Civ. 559 (LTS) (JLC), 2012 WL 1027639 (S.D.N.Y. Mar. 27, 2012) .......................11

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Prince v. Suffolk Cty. Dept. of Health Servs.*,
  No. 89 Civ. 7243 (LAP), 1995 WL 144782 (S.D.N.Y. Apr. 3, 1995) .................................15

*Ramirez v. M L Rest. Corp.*,
  No. 14 Civ. 4030 (VEC), 2015 WL 12564227 (S.D.N.Y. Mar. 13, 2015) ..............................9

*Reich v. Lopez*,
  No. 13 Civ. 5307 (JPO), 2015 WL 5999661 (S.D.N.Y. Oct. 9, 2015) (Oetken,
  J.) .................................................................................................................................................9

*Ritani, LLC v. Aghjayan*,
  880 F. Supp. 2d 425 (S.D.N.Y. 2012) ...........................................................................10, 11

*Rose v. Hewson*,
  17 Civ. 1471 (DLC), 2018 WL 626350, 8 (S.D.N.Y. Jan. 30, 2018) ....................................11

*Sullivan v. New York State Unified Court System*,
  No. 15 Civ. 4023 (JPO), 2016 WL 3406124 (S.D.N.Y. June 17, 2016)
  (Oetken, J.) ..................................................................................................................................9

*Tegg Corp. v. Beckstrom Elec. Co.*,
  08 Civ. 435, 2008 WL 2682602 (W.D. Pa. July 1, 2008) .......................................................13

*The Diamond Collection, LLC v. Underwraps Costume Corp.*,
  No. 2:17 Civ. 00061 (ADS) (SIL), 2018 WL 1832928 (E.D.N.Y. Apr. 16,
  2018) .........................................................................................................................................11

*Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*,
  No. 14 Civ. 7040 (JPO), 2015 WL 7078656 (S.D.N.Y. Nov. 13, 2015) ..................................9

*U.S. v. West Prods., Ltd.*,
  No. 95 Civ. 1424 (CSH), 1997 WL 668210 (S.D.N.Y. Oct. 27, 1997) ...................................15

*Vedder Price P.C. v. US Cap. Partners, LLC*,
  No. 16 Civ. 6787 (JPO), 2019 WL 1986737 (S.D.N.Y. May 6, 2019) (Oetken,
  J.) .................................................................................................................................................9

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure
    Rule 11 ..................................................................................................................12
    Rule 12(b)(6) ...........................................................................................................5
    Rule 15(a) ...........................................................................................................7, 15

Individual Practice Rule 3.D.ii. ..................................................................................2, 8

Defendants Roc-A-Fella Records, LLC (sued incorrectly as Roc-A-Fella Records Inc.) and Def Jam Recordings, a division of UMG Recordings, Inc. (sued incorrectly as Def Jam Recordings Inc. and Universal Music Group) (collectively, the "Moving Defendants")[1] respectfully submit this Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend to file a Second Amended Complaint.[2]

## PRELIMINARY STATEMENT

By his motion, Plaintiff is belatedly seeking leave to file a *third* complaint, despite the fact that the Moving Defendants have a fully briefed motion to dismiss presented against his second complaint ("Pending Motion to Dismiss"), which motion Plaintiff vigorously opposed. Worse, Plaintiff has continued to ignore the deficiencies raised in the Pending Motion to Dismiss, as well as this Court's rules,[3] by choosing to propound a proposed third complaint (the Second Amended Complaint, or "SAC") that fails for the exact same reasons that Plaintiff's original complaint and First Amended Complaint ("FAC") failed.  *All three* of Plaintiff's purported complaints are utterly deficient, because they all fail to allege: (a) *what* protectable musical material from his composition "Help Me Put Out The Flame (In My Heart)" ("Help Me") was purportedly copied by the allegedly infringing tracks "Paper Chase" and "Toe 2 Toe";

---

[1] Plaintiff's proposed SAC continues to incorrectly name the Moving Defendants.

[2] The arguments presented on this motion by the Moving Defendants apply with equal force and effect to all defendants, including Defendants Shawn Carter p/k/a Jay-Z and Timothy Mosley p/k/a Timbaland, each of whom has filed a pending motion to dismiss for insufficient service of process.

[3] As discussed more below, this Court's rules make it clear that any amendment to a complaint following the filing of a motion to dismiss should be made in response to that motion, and not weeks afterward.

or (b) *how* Plaintiff's numerous copyright registrations for the "Help Me" composition each pertain to the allegedly infringed material.

Indeed, Plaintiff's conduct, evidenced in particular by this motion, reveals his intent to continue to obfuscate—and not clarify—these matters. Plaintiff has been given a clear road map of the deficiencies in his pleadings on several occasions, first when Moving Defendants received the original complaint, and then again in connection with the Pending Motion to Dismiss. At each turn, Plaintiff does the exact opposite of curing the deficiencies—he exacerbates them by adding more copyright registrations for the same work into the mix, and alleging vagaries with respect to what is at issue. Plaintiff has no interest in providing clear and fundamental answers regarding his putative claim.

The specific grounds for denial of Plaintiff's motion for leave to amend are the following:

*First*, pursuant to this Court's Individual Practice Rule 3.D.ii., Plaintiff was required to have sought to file the proposed SAC within twenty-one (21) days of the filing of the Moving Defendants' motion to dismiss the FAC. Instead of doing so, Plaintiff filed a brief in opposition to the motion to dismiss. Plaintiff did not file his motion to amend until over five (5) weeks after the deadline for this motion under Rule 3.D.ii. Plaintiff has no excuse for violating this Rule; notably there is absolutely nothing that Plaintiff has added to the SAC that he did not already know when he filed this case

*Second*¸ the proposed amendment would be futile because it fails—just like the prior two complaints—to allege what protectable expression has been purportedly infringed, or which of Plaintiff's many copyright registrations purportedly protects the allegedly infringed expression.

*Third*, Plaintiff has engaged in dilatory, bad faith tactics by repeatedly refusing to provide basic information regarding his copyright infringement claim.  This has resulted in unnecessary delay and expense, causing significant prejudice to the Moving Defendants.

Accordingly, the Moving Defendants respectfully submit that Plaintiff's motion to file yet a third deficient pleading—which continues to deprive the Moving Defendants of basic information, and which is in contravention of this Court's rules—should be denied, and the Moving Defendant's Pending Motion to Dismiss should be granted.

## FACTUAL BACKGROUND

### A.     Plaintiff Files the Original Complaint But Fails to Allege What Was Infringed

Plaintiff initiated this action for copyright infringement on May 18, 2019.  ECF No. 1. The original complaint alleged that a composition Plaintiff co-authored entitled "Help Me Put Out The Flame (In My Heart)" ("Help Me") was infringed by Defendants.  *Id.* at ¶¶ 10, 13, 20. The complaint alleged that "Help Me" was protected by a 1969 copyright registration (the "1969 Registration") and renewal registration of EU0000154302 (the "Renewal Registration").  *Id.* ¶ 10.[4]  The original complaint further alleged that the sound recording of "Help Me" was released on Stax Records over forty (40) years ago.  *Id.*  However, Plaintiff makes no claim to own that sound recording.

The original complaint further alleged that "Help Me" was infringed by two tracks: (1) "Paper Chase" by the artist professionally known as Jay-Z; and (2) "Toe 2 Toe" by the artist professionally known as Ginuwine.  *Id.* ¶¶ 13, 20.  However, the original complaint provided no

---

[4] In actuality, Registration No. EU0000154302 covers the 1969 Registration, and Registration No. 00007541540 covers the Renewal Registration.  Declaration of Leo M. Lichtman ("Lichtman Decl.") Exs. A, C.

details of the alleged infringements.  It did not allege what elements of "Help Me" were

protected; nor did it allege which of those elements were purportedly copied by "Paper Chase" or

"Toe 2 Toe."  Instead, the original complaint alleged only that Defendants' songs contained a

"sample" of "Help Me."  *Id.*

### B. Aware of the Original Complaint's Pleading Deficiencies, Plaintiff Compounds the Deficiencies by Amending the <u>Complaint As Of Right to Assert a Dubious New Copyright Registration</u>

After receiving the original complaint, the Moving Defendants requested copyright

information from Plaintiff's counsel.  Specifically, the Moving Defendants requested a copy of

the materials Plaintiff deposited with the United States Copyright Office, which materials define

the scope of Plaintiff's asserted copyright in the "Help Me" composition (the "Help Me Deposit

Copy").  Plaintiff's counsel ignored that request.  Despite Plaintiff's lack of cooperation, the

Moving Defendants were eventually able to obtain the Help Me Deposit Copy.  Lichtman Decl.

Ex. B.

Thereafter, the Moving Defendants requested that Plaintiff's counsel identify what

material in the Help Me Deposit Copy was allegedly infringed by "Paper Chase" and "Toe 2

Toe."  Again, Plaintiff's counsel ignored this request.  Lichtman Decl. ¶ 3.

Instead of providing Moving Defendants with the information they requested, Plaintiff

surreptitiously applied for an entirely *new* registration, purportedly for the exact same "Help Me"

composition, which registration Plaintiff obtained on June 28, 2019 (the "June 2019

Registration").  According to Plaintiff's registration application, the June 2019 Registration

purports to cover "some additional music and lyrics" for "Help Me" that were not covered by the

1969 Registration and the Renewal Registration.  Lichtman Decl. Ex. D.  However, Plaintiff's

registration application does not specify what those "additional music and lyrics" are.

4

Two weeks later, Plaintiff amended his complaint, filing the First Amended Complaint (the "FAC") on July 12, 2019.  ECF No. 13.  The FAC contains the exact same barebones "sampling" allegation as the original complaint—nowhere in the FAC does Plaintiff allege *what* protectable elements of "Help Me" were copied by "Paper Chase" or "Toe 2 Toe."  Rather, the only material factual allegation added to the FAC is a reference to the June 2019 Registration. *Id.* ¶ 10.  Thus, the FAC implicates multiple copyright registrations—the 1969 Registration, the Renewal Registration, and the June 2019 Registration—for Plaintiff's one musical composition at issue.  However, the FAC does not identify which registration Plaintiff relies on to support his infringement claim, *i.e.* which registration governs the scope of *what* was allegedly infringed. This is particularly problematic given that the June 2019 Registration covers "some additional music and lyrics," but the FAC does not address what those "additional music and lyrics" are. Nor the does the FAC explain whether the alleged infringement relates to the original "music and lyrics" from the 1969 Registration, or the "additional music and lyrics" purportedly included in the 2019 Registration.

### C.    Defendants Bring Rule 12(b)(6) Motions to Dismiss the FAC, Putting Plaintiff on Further Notice of His Pleading Deficiencies

On August 21, 2019, the Moving Defendants filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) (the "Pending Motion to Dismiss").  ECF Nos. 30-32.  In the Pending Motion to Dismiss, the Moving Defendants challenged Plaintiff's utter failure to allege (a) what aspect of the "Help Me" composition was copied by "Paper Chase" or "Toe 2 Toe;" or (b) which copyright registration is at issue.  ECF No. 31, at 9-10; ECF No. 40, at 6-9.  The Pending Motion to Dismiss remains *sub judice*.[5]

---

[5] Another defendant, Sony Music Entertainment, also moved to dismiss the FAC.  ECF No. 58.

Plaintiff's brief in opposition to the Pending Motion to Dismiss refused to identify what material from "Help Me" was allegedly copied by "Paper Chase" and "Toe 2 Toe."  Nor did Plaintiff's brief identify which copyright registration pertains to that material.  ECF No. 38. Instead, Plaintiff's brief confused matters further, by doubling down on his reliance on multiple copyright registrations.  Specifically, Plaintiff argued that the June 2019 Registration covers a "1993" version of "Help Me" that was released on a Stax compilation album—without explaining how the "1993" version of "Help Me" differs from the original version included in the 1969 Registration.  ECF No. 38, at 12.  Nor did Plaintiff's brief explain why Plaintiff's Renewal Registration, *which he filed in 1997*, makes no mention of a purported "1993" version. Lichtman Decl. Ex. C.

To make matters worse, after briefing of the Pending Motion to Dismiss was completed, Plaintiff filed a letter with the Court attaching yet *another* new copyright registration for "Help Me," RE0000932464 (the "Addendum Registration"), which registration Plaintiff surreptitiously obtained on June 26, 2019.  ECF No. 43; Lichtman Decl. Ex. E.  Plaintiff never once mentioned the Addendum Registration in the FAC or in his brief in opposition to the Pending Motion to Dismiss.  ECF No. 46.

### D.   Plaintiff Seeks a Third Bite at the Apple, But Still Fails to Properly Allege Copyright Infringement

Now, more than *five months* after Plaintiff initiated this action and more than a month after the parties fully briefed the Pending Motion to Dismiss, Plaintiff brings this motion seeking leave to file the SAC.  The proposed SAC, however, suffers from the exact same defects as

---

Similar to the Moving Defendants, Sony argued that the FAC failed to specify the protected elements of Plaintiff's composition that were allegedly infringed.  ECF No. 59, at 6-7.  Sony's motion also remains *sub judice*.

Plaintiff's first two complaints.  While the proposed SAC alleges that a "guitar riff" at the beginning of "Help Me" was purportedly infringed by "Paper Chase" and "Toe 2 Toe," it fails to allege what aspects of that riff constitute protectable material—let alone identify which of those allegedly protectable aspects were purportedly used in "Paper Chase" and "Toe 2 Toe."

Nor does the proposed SAC explain why Plaintiff requires four registrations—the 1969 Registration, the Renewal Registration, the June 2019 Registration, and the Addendum Registration—for one composition, or which of the four registrations encompasses the (unidentified) elements of "Help Me" that were allegedly infringed.

## ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course; in all other cases, a party may amend only with the opposing party's written consent or the Court's leave.  While leave should be freely given "when justice so requires," *id.*, the Supreme Court has identified numerous reasons where leave should be denied, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The "grant or denial of an opportunity to amend is within the discretion of the District Court."  *Id.*; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.").

**B.      Amendment Should Be Denied Because Plaintiff
Has Violated the Rules of this Court**

Plaintiff filed this motion to amend in direct contravention of the Court's Individual

Practice Rules.  Those Rules state in relevant part:

> If a motion to dismiss is filed, the plaintiff has the right to amend its
> pleading within 21 days pursuant to Fed. R. Civ. P. 15(a)(1)(B).  If
> the plaintiff elects not to amend its pleading, *no further opportunity
> to amend will ordinarily be granted* and the motion to dismiss will
> proceed in the normal course.

Individual Practices in Civil Cases, Rule 3.D.ii. (emphasis added).  Pursuant to this Rule, a

plaintiff should *either* file a brief in opposition to a motion to dismiss, or amend the complaint to

cure any pleading defects raised in the motion to dismiss, but not both.  This rule promotes

judicial economy and conservation of the parties' resources by prohibiting the very situation that

Plaintiff seeks to create here: to require the defendant to go through with full briefing of a motion

to dismiss, only for the plaintiff to later attempt to circumvent a decision on that fully briefed

motion by belatedly filing an amended complaint.

Plaintiff was on notice of Rule 3.D.ii when the Moving Defendants filed their Pending

Motion to Dismiss seeking to dismiss the FAC.  However, Plaintiff made the deliberate choice at

that time to file a brief opposing the Pending Motion to Dismiss, instead of a second amended

complaint.  Plaintiff's improper request for a third bite at the apple *over a month after the

Pending Motion to Dismiss was fully briefed* should be rejected under this Court's Rules.  *See,

e.g., Nightingale Grp., LLC v. CW Cap. Mgmt., LLC*, No. 11 Civ. 9293 (PAE), 2012 WL

2674539, at *11 (S.D.N.Y. July 5, 2012) (denying untimely leave to amend where plaintiff failed

to follow court's individual practices requiring parties to provide the court with notice of intent

to file an amended pleading after a motion to dismiss is filed, and instead made the "deliberate

8

decision . . .  to defend the [challenged pleading] rather than amend it"); *Ramirez v. M L Rest. Corp.*, No. 14 Civ. 4030 (VEC), 2015 WL 12564227, at *1 (S.D.N.Y. Mar. 13, 2015) (denying untimely leave to amend third amended complaint where plaintiff failed to follow the court's individual practices requiring a party to "choose between responding to a Motion to Dismiss or amending to seek to cure the defects that it identifies; they do not allow parties to do both").

### C.    Amendment Should Be Denied as Futile Because Plaintiff Still Fails to Properly Allege Copyright Infringement

"[A]n amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)."  *Vedder Price P.C. v. US Cap. Partners, LLC*, No. 16 Civ. 6787 (JPO), 2019 WL 1986737, at *4 (S.D.N.Y. May 6, 2019) (Oetken, J.) (quoting *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).  Indeed, this Court has repeatedly denied leave to amend where, as here, the proposed amended pleading fails to state a claim.  *See, e.g., id.*; *Lopez v. BigCommerce, Inc.*, No. 16 Civ. 8970 (JPO), 2017 WL 3278932, at *6 (S.D.N.Y. Aug. 1, 2017) (Oetken, J.); *Sullivan v. New York State Unified Court System*, No. 15 Civ. 4023 (JPO), 2016 WL 3406124, at *9 (S.D.N.Y. June 17, 2016) (Oetken, J.); *Thornton Tomasetti, Inc. v. Anguillan Dev. Corp.*, No. 14 Civ. 7040 (JPO), 2015 WL 7078656, at *2 (S.D.N.Y. Nov. 13, 2015); *Reich v. Lopez*, No. 13 Civ. 5307 (JPO), 2015 WL 5999661, at *1 (S.D.N.Y. Oct. 9, 2015) (Oetken, J.); *Am. Fed'n. of State Cty. and Mun. Employees Dist. Council 37 Health & Sec. Plan v. Bristol-Myers Squibb Co.*, No. 12 Civ. 2238 (JPO), 2013 WL 6409323, at *3-4 (S.D.N.Y. Dec. 9, 2013) (Oekten, J.).  Plaintiff's proposed SAC fails to cure his pleading deficiencies, identified months ago in the Pending Motion to Dismiss, and therefore should be denied as futile.

9

      **1.**    **The Proposed SAC Fails to Provide Notice of What Musical**
              **Material Was Allegedly Infringed and How It Was Infringed**

As explained by the Moving Defendants in their Pending Motion to Dismiss, in order to sufficiently plead copyright infringement, a plaintiff with a valid copyright must allege that "(1) defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 441-42 (S.D.N.Y. 2012) (citing *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 438 (S.D.N.Y. 2011)).

Plaintiff's vague allegation that a "guitar riff" at the beginning of "Help Me" was used in "Paper Chase" and "Toe 2 Toe" fails to plausibly plead substantial similarity of *any* protectable elements of "Help Me." *Broughel v. The Battery Conservancy* is instructive. No. 07 Civ. 7755 (GBD), 2010 WL 1028171 (S.D.N.Y. Mar. 16, 2010). There, the court held that leave to amend plaintiff's copyright infringement claim was futile, despite the fact that plaintiff modified her complaint to include more specificity than in her prior complaints. *Id.* at *1. The court explained that plaintiff continued to rest on vague accusations of unauthorized copying, stating that plaintiff's proposed amended pleading "continu[ed] to offer only vague and general allegations of similarity between her work and the . . . images used by defendants." *Id.* at *2.

Plaintiff's allegation in the proposed SAC that "Help Me" contains a "guitar riff" used by Defendants is similarly vague and general. The proposed SAC alleges in conclusory fashion that the guitar riff is "original and contains protectable elements," SAC ¶ 11, but fails to allege what musical content is contained in that guitar riff (such as melodic, rhythmic, or harmonic content), or how such musical content is protectable. Nor does the proposed SAC allege how or where

any such protectable elements were allegedly incorporated into either "Paper Chase" or "Toe 2 Toe."

These deficiencies are glaring in light of the fact that copyright infringement claims are regularly dismissed when they are premised on the alleged copying of *unprotectable* musical elements. *See, e.g., Rose v. Hewson*, 17 Civ. 1471 (DLC), 2018 WL 626350, at *5-8 (S.D.N.Y. Jan. 30, 2018) (dismissing infringement claims where plaintiff failed to explain what elements of a guitar line were original or how the guitar line constituted a substantial enough portion of plaintiff's work to be protectable, and finding further that numerous other elements of plaintiff's work allegedly copied were not protectable); *Poindexter v. EMI Record Grp. Inc.*, No. 11 Civ. 559 (LTS) (JLC), 2012 WL 1027639, at *4 (S.D.N.Y. Mar. 27, 2012) (dismissing infringement claim where any sampling of plaintiff's musical work was *de minimis*); *see also Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 282-83 (S.D.N.Y. 1991) (concluding that plaintiff did not meet burden of showing substantial similarity or protectable expression with respect to alleged infringement of his composition, and noting that common musical elements found in other well-known songs constitute "scenes a faire," or ordinary, unprotectable expression).

Here, again, Plaintiff does nothing to describe what constitutes his protectable material or how it was allegedly used in "Paper Chase" and "Toe 2 Toe." Plaintiff thus provides inadequate notice of the basis for his claims. *Ritani*, 880 F. Supp. 2d at 443 (finding that "no allegations have been set forth in the Amended Complaint to establish substantial similarity" where plaintiff failed to allege "any particular elements of the [works] that are claimed to be protected); *The Diamond Collection, LLC v. Underwraps Costume Corp.*, No. 2:17 Civ. 00061 (ADS) (SIL), 2018 WL 1832928, at *1 (E.D.N.Y. Apr. 16, 2018) (dismissing defendant's copyright

counterclaims where defendant "[did] not describe any of the copyrighted patterns" allegedly infringed, or any of the costumes that allegedly infringed those patterns, leaving the court to "speculate as to what these patterns and costumes look like").

Because the proposed SAC still does not sufficiently allege copyright infringement, amendment should be denied as futile.

### 2. The Proposed SAC Fails to Give Notice of Which of Plaintiff's Many Copyright Registrations Encompasses the Allegedly Infringed Expression

The proposed SAC fails for the additional reason that it does not provide notice of whether the allegedly infringed material is contained in the 1969 Registration, the Renewal Registration, the June 2019 Registration, or the Addendum Registration. *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994) (dismissing complaint where the plaintiff submitted multiple conflicting certificates of registration for the works at issue without specifying which registration was infringed); *Calloway v. Marvel Entm't Grp.*, No. 82 Civ. 8697 (RWS), 1983 WL 1141, at *3 (S.D.N.Y. June 30, 1983) (same).

Plaintiff's original complaint solely alleged infringement of (unspecified) copyrighted material which was registered in the 1969 Registration and the Renewal Registration. That original complaint made no mention of the June 2019 Registration or the Addendum Registration. Accordingly, for the original complaint to have been filed in good-faith compliance with Fed. R. Civ. P. 11, the allegedly infringed material must be contained in the 1969 Registration and the Renewal Registration.

Nonetheless, in the proposed SAC, Plaintiff now purports to rely on *four* copyright registrations for "Help Me": the 1969 Registration, the Renewal Registration, the June 2019 Registration, *and* the Addendum Registration. Nowhere in the proposed SAC (or elsewhere in

his Court filings) has Plaintiff explained why he filed two additional copyright registrations for "Help Me" (*i.e.*, the June 2019 Registration and the Addendum Registration) after commencing this action.  Plaintiff's filing of these additional registrations, without explanation, reflects a transparent, bad faith attempt to concoct new compositional copyrights which are different from the original 1969 Registration upon which Plaintiff filed (and continues) this lawsuit.

Plaintiff has made it clear that that he intends to rely on these multiple, undifferentiated registrations for one composition—without clarifying which registrations cover which musical elements of the "Help Me" composition.  Although Plaintiff's application for the June 2019 Registration states that it purports to encompass "some additional music" that was not contained in the 1969 Registration, Plaintiff has failed to explain what that "additional music" is, when that "additional music" was created, or whether that "additional music" was allegedly infringed by "Paper Chase" and "Toe 2 Toe."  Nor has Plaintiff provided any explanation of the relevance, if any, of the Addendum Registration to his copyright infringement claim.

Because the SAC fails to answer these basic questions, it does not provide the Moving Defendants with adequate notice, and thus it fails to state a valid claim.  *See, e.g., DiMaggio v. Int'l Sports Ltd.*, No. 97 Civ. 7767(HB), 1998 WL 549690, at *2 (S.D.N.Y. Aug. 31, 1998) (dismissing copyright claim where the plaintiff "fail[ed] to allege with sufficient clarity that the copyrights in [his] images were registered pursuant to statutory requirements" because there was no indication that the certificate of registration identified in the complaint covered the works at issue); *Kelly, supra*, 145 F.R.D. at 36; *Calloway, supra.*, 1983 WL 1141, at *3; *see also Tegg Corp. v. Beckstrom Elec. Co.*, 08 Civ. 435, 2008 WL 2682602, at *8 (W.D. Pa. July 1, 2008) (finding plaintiff's copyright allegations insufficient where the court could not "discern from the

pleadings what original works of the Plaintiff are protected by which of the registered copyrights").

    **D.**    **Amendment Also Should Be Denied Because of Plaintiff's Bad**
            **<u>Faith and Undue Delay, Which Have Prejudiced the Moving Defendants</u>**

As explained *supra*, in addition to futility, a motion for leave to amend may also be denied on the grounds of "bad faith, dilatory motive, [or] prejudice to the opposing party." *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 502-03 (S.D.N.Y. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Fustok v. Conticommodity Servs., Inc.*, 103 F.R.D. 601, 603 (S.D.N.Y. 1984)).  Plaintiff's motion for leave to file the proposed SAC also should be denied due to Plaintiff's bad faith and undue delay in stubbornly refusing to provide the Moving Defendants with the most basic and fundamental information regarding his copyright infringement claim; this intentionally dilatory conduct has prejudiced, and continues to prejudice, the Moving Defendants.

Plaintiff has gone out of his way to conceal from the Moving Defendants what musical material has been allegedly infringed, and what copyright registration pertains to that material— in order to cause confusion and deprive the Moving Defendants of proper notice of his claim. There is no question that Plaintiff has had every opportunity to provide the missing information. The Moving Defendants first requested it after receiving the original complaint—but Plaintiff ignored that request.  The Moving Defendants again pointed out the absence of this information when they filed their motion to dismiss the FAC—but Plaintiff refused to provide it in his opposition to that motion.  Now, Plaintiff seeks to file the proposed SAC, but again he will not disclose the basis for his claim or which registration applies to that claim.  There is also no question that Plaintiff's delay in providing this information has seriously prejudiced the Moving

14

Defendants.  The Moving Defendants have been forced, at significant time and expense, to engage in extensive correspondence and investigatory efforts to obtain information that should have been freely provided by Plaintiff in his original complaint.  They have also had to fully brief a motion to dismiss the FAC, which remains *sub judice*, but which Plaintiff now seeks to circumvent through the filing of his proposed SAC, which is just as deficient as his earlier pleadings.

*Bay Harbour Mgmt., LLC, supra*, is instructive.  In that case, then-District Judge Chin denied in relevant part pursuant to Fed. R. Civ. P. 15(a) a plaintiff's motion to amend given, *inter alia*, that the plaintiff had no justification for waiting to move to amend, and the amendment would cause prejudice to the defendant:

> … [D]efendants would be prejudiced if leave to amend were granted.  Their motion to dismiss the amended complaint had been fully briefed and defense counsel had prepared for oral argument.  Yet, just four business days before the motions were to be argued, [Plaintiff] asked for permission to proceed on a different complaint.  It would not be fair to require defendants to start all over with a new complaint containing new allegations ….

474 F. Supp. 2d at 503.  The same analysis applies here.  *U.S. v. West Prods., Ltd.*, No. 95 Civ. 1424 (CSH), 1997 WL 668210, at *4 (S.D.N.Y. Oct. 27, 1997) (finding undue delay where cross-claimant sought to add additional cross-claims that could have been asserted when she filed her initial cross-claims); *see also Prince v. Suffolk Cty. Dept. of Health Servs.*, No. 89 Civ. 7243 (LAP), 1995 WL 144782, at *7 (S.D.N.Y. Apr. 3, 1995) ("[P]laintiff sought to amend the complaint quite literally on the eve of defendant's motion to dismiss, a fact that in the context of this litigation makes it clear that plaintiff was motivated by a desire to forestall defendant's motion to dismiss.").

## II.    CONCLUSION

For the foregoing reasons, Moving Defendants respectfully request that the Court deny

Plaintiff's Motion to Amend.


DATED:  New York, New York                          MITCHELL SILBERBERG & KNUPP LLP
          November 4, 2019


                                                    By: /s/ Christine Lepera
                                                        Christine Lepera
                                                        Jeffrey M. Movit
                                                        Leo Lichtman
                                                        437 Madison Ave., 25th Floor
                                                        New York, New York 10022
                                                        Telephone: (212) 509-3900
                                                        Facsimile: (212) 509-7239
                                                        Email: ctl@msk.com
                                                        Email: jmm@msk.com
                                                        Email: lml@msk.com

                                                        *Attorneys for Defendants Roc-A-Fella
                                                        Records, LLC and Def Jam Recordings, a
                                                        division of UMG Recordings, Inc.*

16