

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Christine Lepera
A Professional Corporation
(917) 546-7703 Phone
(917) 546-7673 Fax
ctl@msk.com

November 18, 2019

**VIA ECF**

Hon. J. Paul Oetken, U.S.D.J.
Thurgood Marshall
United States Courthouse
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

Re:   Ernie Hines d/b/a Colorful Music v. Roc-A-Fella Records, Inc. et al.,
      Case No. 19-cv-04587 (JPO)

Dear Judge Oetken:

      We are counsel to defendants including Roc-A-Fella Records, LLC and Def Jam Recordings, a division of UMG Recordings, Inc. (together, "Defendants") in the above-referenced action. We write regarding Plaintiff's pending Motion for Leave to Amend the First Amended Complaint (the "Motion").

      Plaintiff filed the Motion on October 20, 2019, and in support thereof, submitted to the Court a Proposed Second Amended Complaint (the "PSAC") (ECF No. 68-1)—which, if the Court accepted, would constitute Plaintiff's ***third*** complaint filed in this action. On November 4, 2019, Defendants filed a brief in opposition to the Motion, in which they explained, *inter alia*, that amendment would be futile because the allegations in the PSAC regarding substantial similarity and regarding Plaintiff's copyright registrations were inadequate to state a viable claim for copyright infringement. (ECF No. 82.)

      Now, on reply, Plaintiff has effectively withdrawn his request for leave to file the PSAC, and instead Plaintiff improperly makes a brand new request for relief. Plaintiff now seeks permission to file a ***fourth*** complaint (ECF Nos. 88-1, 88-2), which has never been previously provided to Defendants or the Court, and which Plaintiff inaccurately describes as a "Revised Proposed Second Amended Complaint." This fourth complaint contains brand new, never-previously-asserted allegations regarding Plaintiff's copyright registrations (¶ 28), and, with respect to substantial similarity, attaches and incorporates by reference a lengthy expert report by a purported musicologist. Plaintiff never previously provided Defendants with this musicologist report. Because the report is dated September 8, 2019, it is incontestable that Plaintiff could have annexed it as an exhibit to the PSAC—however, Plaintiff chose not to do so.

      It is wholly improper for Plaintiff to request leave to file a brand-new complaint, annexing a never-before-seen expert report, for the first time on reply. *See, e.g., Travelers Cas. & Sur. Co. v. J.D. Elliott & Co.*, No. 03 Civ. 9720, 2004 WL 2339549, at *3 (S.D.N.Y. Oct. 5,

11677680.2

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



2004) ("To the extent Travelers seeks new relief in reply, its application is procedurally defective."); *Irish Lesbian and Gay Organization v. Giuliani*, 918 F. Supp. 728, 731 (S.D.N.Y. 1996) ("Reply papers are not the proper place for new … requests for relief."). *Accord, Horne v. Potter*, No. 07 Civ. 61829, 2009 WL 10667086 at *1 n.2 (S.D. Fla. Mar. 11, 2009).

It is readily apparent from the procedural history of this action that Plaintiff's counsel has intentionally withheld information regarding the basis for his claim, and made his pleading an endlessly moving target, in order to frustrate the defense of this action and cause Defendants to incur unnecessary legal fees. As set forth in Defendants' brief in opposition to the Motion, since the inception of this action, Defendants had been seeking for Plaintiff to supplement the allegations in his pleading regarding substantial similarity and copyright registrations. Rather than do so, Plaintiff's counsel waited until Defendant's motion to dismiss the ***First*** Amended Complaint ("FAC") was fully briefed before filing the instant Motion for leave to file the PSAC, thereby causing Defendants to expend substantial unnecessary fees, and violating this Court's Individual Practice Rules. Now, Plaintiff has caused even more unnecessary expenditure by belatedly seeking leave to assert this fourth complaint.

In light of the procedurally improper nature of Plaintiff's reply submission, and the prejudice which Plaintiff's procedural gamesmanship has caused Defendants, Plaintiff's fourth complaint and the expert report annexed thereto should be stricken by the Court. Alternatively, Defendants request that the Court grant them leave to file a brief in response to Plaintiff's new submission, and that the Court award Defendants the attorneys' fees and costs they incurred in moving to dismiss the FAC and in opposing Plaintiff's Motion for leave to assert the PSAC.

We greatly appreciate the Court's consideration of these matters.

Respectfully,

/s/ Christine Lepera

Christine Lepera
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

CTL/sml

11677680.2