UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNIE HINES,
                       Plaintiff,

          -v-

ROC-A-FELLA RECORDS, LLC et al.,
                       Defendants.

19-CV-4587 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In the 1960s, Ernie Hines coauthored the soul single "Help Me Put Out The Flame (In My Heart)." Hines claims that a sample from that song has been incorporated, without his permission, into two modern-day hip-hop songs. Accordingly, Hines brings suit against four record labels, as well as the artists Jay-Z and Timbaland. The defendants have moved to dismiss on various grounds. For the reasons that follow, the motions are granted.

**I.    Background**

Unless otherwise indicated, the following facts are taken from the operative complaint (Dkt. No. 13 ("Compl.")) and are assumed true for purposes of these motions to dismiss.[1]

Plaintiff Ernie Hines is the coauthor of the 1969 song "Help Me Put Out The Flame (In My Heart)." (Compl. ¶ 9.) Hines's core allegation is that his copyright in "Help Me" was infringed by Defendants, comprising Shawn Carter (known professionally as "Jay-Z"), Timothy Mosley (known professionally as "Timbaland"), and the record labels Roc-A-Fella Records,

---

[1] Hines has amended his complaint once as a matter of right. (Dkt. No. 13.)

LLC,[2] Def Jam Recordings,[3] UMG Recordings, Inc.,[4] and Sony Music Entertainment[5] (collectively, the "Record Label Defendants").

Hines's allegations center around the practice of "sampling," which involves the "incorporation of short segments of prior sound recordings" — known as "samples" — "into new recordings." *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004). Specifically, Hines alleges that a sample from "Help Me" has been incorporated into two songs without his knowledge and without compensation. The first is "Paper Chase," a song performed by Jay-Z and composed by both Jay-Z and Timbaland. (Compl. ¶¶ 12–13.) The second is "Toe 2 Toe," a song performed by musical artist Ginuwine and composed by Timbaland. (Compl. ¶¶ 20–21.)

Accordingly, Hines brings a claim of copyright infringement against all Defendants. (Compl. ¶¶ 25–29.) He also seeks a declaratory judgment against Jay-Z and Timbaland indicating that he is a "joint owner or joint author" of both "Paper Chase" and "Toe 2 Toe." (Compl. ¶ 32; *see* Compl. ¶¶ 30–35.)

Defendants have filed a host of motions. The Record Label Defendants have filed two motions to dismiss the copyright claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Dkt. Nos. 30, 58.) Jay-Z has filed a motion to dismiss for insufficient service of process under Rule 12(b)(5). (Dkt. No. 47.) In response, Hines has filed a motion for leave to amend the complaint. (Dkt. No. 67.)

---

[2] The complaint incorrectly names "Roc-A-Fella Records Inc." (Compl. ¶ 3; *see* Dkt. No. 31 at 1.)

[3] The complaint incorrectly names "Def Jam Recordings Inc." (Compl. ¶ 4; *see* Dkt. No. 31 at 1.)

[4] The complaint incorrectly names "Universal Music Group Inc." (Compl. ¶ 5; *see* Dkt. No. 31 at 1.)

[5] The complaint incorrectly names "Sony Music Holdings Inc." (Compl. ¶ 6.) Sony Music Entertainment has been substituted by stipulation. (Dkt. No. 39.)

As for Timbaland, he did not answer or otherwise respond to the complaint within the requisite time period. The Clerk of Court entered a certificate of default on October 25, 2019. (Dkt. No. 73.) Timbaland has filed a motion seeking vacatur of the certificate of default and a motion to dismiss for insufficient service of process under Rule 12(b)(5). (Dkt. No. 75.)

## II.     Legal Standards

Rule 12(b)(5) provides for dismissal due to insufficient service of process. "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). The adequacy of service of process is resolved by reference to Federal Rule of Civil Procedure 4(m), which "governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Because a Rule 12(b)(5) motion implicates "whether [the court] has jurisdiction," the court "looks to matters outside the complaint." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016).

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.    Discussion

Defendants seek dismissal of the complaint on different grounds. Jay-Z and Timbaland both seek dismissal for insufficient service of process. The Record Label Defendants seek dismissal for failure to state a claim. Each set of motions is discussed in turn.

### A.     Insufficient Service of Process

The Court begins, as it must, with service of process.  In order for this Court to exercise jurisdiction over Jay-Z and Timbaland, "the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Accordingly, the adequacy of service of process must be resolved "before any merits-based challenge to the complaint."  *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 n.7 (S.D.N.Y. 2016).

The issue here is timeliness of service of process.  Federal Rule of Civil Procedure 4(m) requires that service of process occur within ninety days of the filing of the complaint.  This action was commenced on May 18, 2019 (*see* Dkt. No. 1), which means that service of all defendants was required by August 16, 2019.[6]  In this case, however, neither Jay-Z nor Timbaland was served by that date.  (*See* Dkt. Nos. 36, 60.)  Ordinarily, then, the court "must dismiss the action."  Fed. R. Civ. P. 4(m).  But an extension of the deadline is mandatory if plaintiff "shows good cause for the failure."  *Id.*  Further, even in the absence of good cause, a court may in its discretion extend the deadline and "order that service be made within a specified time."  *Id.*

Hines is not entitled to a mandatory extension because he has failed to demonstrate "good cause" for his failure to serve.  The existence of good cause turns on three factors:  (1) whether "a reasonable effort to effect service has occurred," (2) whether "the plaintiff has moved for an enlargement of time to effect service under Rule 6(b) of the Federal Rules of Civil Procedure," and (3) whether there has been "prejudice to the defendant."  *Echevarria v. Dep't of Corr. Servs.*

---

[6] Although Hines filed an amended complaint on July 12, 2019 (*see* Compl.), "[t]he filing of an amended complaint . . . does not restart the [ninety] day clock for service under Rule 4(m)."  *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y. 2012).

4

*of N.Y.C.*, 48 F. Supp. 2d 388, 392 (S.D.N.Y. 1999).  Here, Hines has not demonstrated a diligent or "reasonable" attempt at timely service of process.  Hines alleges only one (unsuccessful) attempt to serve Jay-Z within the requisite ninety-day period.  (*See* Dkt. No. 62 at 5 n.2; *see also* Dkt. No. 61 at 2.).  And Hines does not allege even a single timely attempt to serve Timbaland.  (*See* Dkt. No. 79 at 7–8.).  Such desultory attempts cannot qualify as "reasonable" efforts to effect service.[7]  Furthermore, Hines did not move for an extension of time to serve either Jay-Z or Timbaland until after the expiration of the deadline for service of process.  (*See* Dkt. No. 53.). That, too, weighs against a finding of diligence.[8]  The Court concludes that Hines has failed to demonstrate good cause,[9] which means that he is not entitled to a mandatory extension of the service deadline.

Nor is there any basis for a discretionary extension.  While a court "*may* grant an extension in the absence of good cause, . . . it is not required to do so." *Zapata v. City of New*

---

[7] *See, e.g.*, *Taylor v. City of New York*, No. 16-CV-7857, 2019 WL 2343655, at *3 (S.D.N.Y. June 3, 2019) (finding no diligence, although "plaintiff's single attempt at service was unsuccessful for reasons outside of his control," because plaintiff "made no other effort to serve . . . [defendant] prior to the conclusion of the 90-day service period"); *Etheredge-Brown v. Am. Media, Inc.*, No. 13-CV-1982, 2015 WL 4877298, at *2 (S.D.N.Y. Aug. 14, 2015) (finding no diligence after plaintiff made one failed attempt at service and then did not "ma[k]e any further efforts to serve [defendant]" within the requisite period); *Reed Holdings, Inc. v. O.P.C. Corp.*, 122 F.R.D. 441, 445 (S.D.N.Y. 1988) (finding no diligence after plaintiff made only one defective attempt at service within the requisite period).

[8] *See, e.g.*, *Taylor*, 2019 WL 2343655, at *3 (finding no good cause in part because plaintiff waited until "nearly three months after the expiration of the service period" to "request . . . additional time to serve"); *Etheredge-Brown*, 2015 WL 4877298, at *2 (finding no good cause in part because plaintiffs "never made a[] [timely] application to the Court to extend the period for service").

[9] The second factor, prejudice to the defendant, is irrelevant if plaintiff has not been diligent in attempting to make service.  *See Taylor*, 2019 WL 2343655, at *3 n.4 ("Because . . . plaintiff has failed to demonstrate that he undertook reasonable efforts to serve [defendant], we need not consider defendant's prejudice in making our good cause determination."); *Cassano*, 186 F. Supp. 3d at 323.

5

*York*, 502 F.3d 192, 197 (2d Cir. 2007).  Relevant considerations include "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service."  *DeLuca*, 695 F. Supp. 2d at 66.  Here, the first and third factors weigh against an extension.  Hines acknowledges that "the statute of limitations ha[s] not run."  (Dkt. No. 79 at 9.)  And there is no evidence that Jay-Z or Timbaland attempted to conceal any defects in attempted service.  (*See* Dkt. No. 79 at 9–11.)  The second and fourth factors, on the other hand, favor an extension.  Neither Jay-Z nor Timbaland contests that they had actual notice of the claims in the complaint.  (*See* Dkt. No. 54 at 8; Dkt. No. 79 at 10; *see also* Dkt. No. 56 at 8; Dkt. No. 85 at 9.)  And neither Jay-Z nor Timbaland identifies any particular prejudice that would arise from an extension.  (*See* Dkt. No. 56 at 8–9; Dkt. No. 85 at 9–10.)

Although some of these factors favor an extension, the "overlapping equitable considerations" that also guided the good-cause inquiry — namely, "[the plaintiff's] lack of diligence in attempting to serve [the defendants] within the limits set by Rule 4(m) [and] [the plaintiff's] failure to seek an extension within those time limits" — "weigh heavily against" an extension.  *Etheredge-Brown*, 2015 WL 4877298, at *4 (first quoting *Zapata*, 502 F.3d at 197).[10]  Here, Hines "ha[s] not put forth a colorable excuse for failing to serve [Timbaland]" by the deadline.  *Id.* at *5.  Nor was his single attempt to serve Jay-Z a "diligent" effort at timely service.  *Id.* at *2.  And Hines has not "advanced any reason that [he] neglected to ask this Court for an extension of the time to serve" either Timbaland or Jay-Z.  *Id.* at *5.  Accordingly, absent

---

[10] *See also Cassano*, 186 F. Supp. 3d at 323 ("To obtain a discretionary extension absent a showing of good cause, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" (quoting *Zapata*, 502 F.3d at 198)).

"some colorable excuse for neglect," *Zapata*, 502 F.3d at 198, the Court declines to exercise its discretion to extend the deadline for service under Rule 4(m). The claims against Jay-Z and Timbaland are dismissed.[11]

### B.   Failure to State a Claim

The remaining defendants (the Record Label Defendants) seek dismissal of the complaint for failure to state a claim. The Record Label Defendants first argue that Hines's complaint is defective because it does not specify what material from "Help Me" was copied in either "Paper Chase" or "Toe 2 Toe." (*See* Dkt. No. 40 at 9–10; Dkt. No. 59 at 6.).

The Record Label Defendants are correct. To state a claim for copyright infringement, a plaintiff must plead both that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's." *Mannion v. Coors Brewing Co.*, 377 F. Supp. 2d 444, 449 (S.D.N.Y. 2005) (emphases omitted) (quoting *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995)). In particular, to plead substantial similarity, a plaintiff must "specify which aspects of the [offending work] allegedly infringed Plaintiff's [work]." *Perry v. Mary Ann Liebert, Inc.*, No. 17-CV-5600, 2018 WL 2561029, at *5 (S.D.N.Y. June 4, 2018). The failure to do so is "fatal," *id.*, because the plaintiff "has the burden of . . . identifying with some degree of specificity how [the defendant's] works are substantially similar to her own," *Lambertini v. Fain*, No. 12-CV-3964, 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014); *see also Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 442 (S.D.N.Y. 2012) ("[T]he failure to plead facts regarding

---

[11] As for the certificate of default entered against Timbaland, because "personal jurisdiction [wa]s not obtained through valid service of process," the court "has no choice but to vacate." *Ocala Waste Disposal Assocs. v. GGC, Inc.*, No. 87-CV-9240, 1993 WL 138966, at *3 (S.D.N.Y. Apr. 28, 1993) (second quoting *Leab v. Streit*, 584 F. Supp. 748, 760 (S.D.N.Y. 1984)). Timbaland is therefore entitled to vacatur of the certificate of default.

how the [works] are 'substantially similar,' including identifying the protectable elements of the works as part of its claim, will result in the dismissal of the copyright claim.").

The complaint in this case entirely fails to identify which elements of "Help Me" were infringed or which elements of "Paper Chase" and "Toe 2 Toe" are infringing. The complaint contains only broad allegations of similarity. (*See* Compl. ¶ 13 ("'Paper Chase' contain[s] a sample of . . . 'Help Me' as performed by Hines."); Compl. ¶ 20 ("[T]he same sample of 'Help Me' was included . . . in the song 'Toe 2 Toe' . . . ."); *see also* Dkt. No. 31 at 4.) These "vague and general allegations of similarity" do not suffice. *Broughel v. Battery Conservancy*, No. 07-CV-7755, 2010 WL 1028171, at *2 (S.D.N.Y. Mar. 16, 2010). The claims against the Record Label Defendants are therefore dismissed.

The Record Label Defendants separately seek dismissal on the ground that the complaint fails to allege "whether and when the copyright . . . was registered pursuant to statutory requirements." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Specifically, the Record Label Defendants fault Hines for failing to indicate which of several different copyright registrations covers the protectible elements of "Help Me" allegedly infringed by "Paper Chase" and "Toe 2 Toe." (Dkt. No. 82 at 17–18.) Such particularity, however, is not ordinarily required to plead registration. "The complaint is not required to . . . provide registration numbers for . . . the copyrights at issue in order to survive a motion to dismiss." *Klauber Bros., Inc. v. Jenny Yoo Collection, Inc.*, No. 16-CV-9260, 2017 WL 4082483, at *3 (S.D.N.Y. July 18, 2017) (quoting *Palmer Kane LLC v. Scholastic Corp.*, No. 12-CV-3890, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013)). Rather, it is enough that the complaint "allege[s] that plaintiff owns the copyright[] in th[e] work[] and that the copyright[] ha[s] been registered in accordance with the statute." *Id.* (alterations and internal quotation marks omitted) (quoting *Warren v. John Wiley & Sons, Inc.*,

952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013)).  Here, Hines has done so.  Dismissal on this ground is therefore denied.

### C.     Leave to Amend

In addition to opposing the motion to dismiss (Dkt. No. 38), Hines has filed a motion for leave to amend the complaint (Dkt. No. 67).[12]  The Record Label Defendants oppose on various grounds, including bad faith and undue delay.  (Dkt. No. 81 at 5–6; Dkt. No. 82 at 19.)  But as the Second Circuit has indicated, Hines's failure to cure any defects in his original complaint is understandable in the absence of a ruling on the merits of Defendants' motion to dismiss.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies.").

---

[12] This was procedurally improper.  Under this Court's Individual Practices in Civil Cases, "[i]f a motion to dismiss is filed . . . [and] the plaintiff elects not to amend its pleading, no further opportunity to amend will ordinarily be granted and the motion to dismiss will proceed in the normal course."  Individual Practices in Civil Cases Rule 3(D)(ii).

Here, Hines filed both an opposition to the motion to dismiss (Dkt. No. 38) *and* a motion for leave to amend the complaint (Dkt. No. 68).  That decision resulted in full briefing on the motion to dismiss and separate, parallel briefing on the motion for leave to amend — the precise inefficiency that the rule was designed to avert.  Thus, leave to amend could be denied for that reason alone.  *See Ramirez v. M L Rest., Corp.*, No. 14-CV-4030, 2015 WL 12564227, at *1 (S.D.N.Y. 2015) (denying leave to amend because the Court's "Individual Practices require[d] a party to choose between responding to a Motion to Dismiss or amending [it] . . . [but not] both"); *Nightingale Grp., LLC v. CW Capital Mgmt., LLC*, No. 11-CV-9293, 2012 WL 2674539, at *11 (S.D.N.Y. July 5, 2012) (denying leave to amend because plaintiff "made a deliberate decision, after receiving the motion to dismiss, thereupon to defend the [complaint] rather than amend it").  Still, out of an abundance of caution, the Court declines to deny leave to amend on this ground.  *Cf. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) ("Generally, [a court] will not deem a request for leave to amend insufficient on the basis of form alone.").

But because Hines's failure to comply with this Court's Individual Practices has resulted in an unnecessary expenditure of resources, leave to amend is conditioned on Hines's payment of the costs and attorney's fees incurred by the Record Label Defendants in filing and defending their motions to dismiss.

Accordingly, consistent with the "strong preference for resolving disputes on the merits," *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)), leave to amend is granted.[13]  Again, however, leave to amend is conditioned on Hines's payment of the costs and attorney's fees incurred by the Record Label Defendants in filing and defending their motions to dismiss.  *See supra* note 12.

## IV. Conclusion

For the foregoing reasons, the Record Label Defendants' motions to dismiss for failure to state a claim are GRANTED.  Defendant Shawn Carter's motion to dismiss for insufficient service of process is GRANTED.  Defendant Timothy Mosley's motion to set aside default and to dismiss for insufficient service of process is GRANTED.

Plaintiff Hines's motion for leave to amend is GRANTED, conditional on the payment of the costs and attorney's fees incurred by the Record Label Defendants in filing and defending their motions to dismiss.  Plaintiff Hines's motion to supplement the record is DENIED as moot.

Plaintiff Hines is directed to file an amended complaint within sixty days.  Failure to comply with this deadline will result in dismissal with prejudice.

The Clerk of Court is directed to close the motions at Docket Numbers 30, 43, 47, 58, 67, and 75.

SO ORDERED.

Dated: April 16, 2020
        New York, New York

J. PAUL OETKEN
United States District Judge

---

[13] Hines has also filed a motion to supplement the record with a copy of the amended renewal registration, filed with the United States Copyright Office, for one of the copyrights at issue in the case. (Dkt. No. 43.)  Because leave to amend is granted, the motion is denied as moot.