UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
ERNIE HINES D/B/A COLORFUL MUSIC            )
        Plaintiff                            ) Action No.
v.                                          ) 19-CV-04587 (JPO)
                                            )
ROC-A-FELLA RECORDS LLC                     )
DEF JAM RECORDINGS A DIVISION OF            ) MEMORANDUM OF LAW
UMG RECORDINGS INC,                         ) IN SUPPORT OF
SONY MUSIC ENTERTAINMENT,                   ) MOTION FOR
SHAWN CARTER p/k/a JAY-Z and                ) CLARIFICATION AND
TIMOTHY MOSLEY p/k/a TIMBALAND              ) RECONSIDERATION
        Defendants                           )
_____ )

ERNIE HINES D/B/A COLORFUL MUSIC
By His Attorneys,

_____
Christopher Brown
CB3465
Brown & Rosen LLC
Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)

Dated: April 30, 2020      cbrown@brownrosen.com

1

## I. INTRODUCTION

Plaintiff Ernie Hines d/b/a Colorful Music ("Hines") seek reconsideration and clarification of this Court's decision dated April 16, 2020 (Docket Entry 94) dismissing the case, and granting Hines' motion to amend the complaint against Roc-a-Fella Records LLC, UMG Recordings, Inc., Sony Music Entertainment (collectively "the Record Labels") Shawn Carter ("Carter") & Timothy Mosley ("Mosley"). Plaintiff seeks reconsideration of the fees necessary to file an amended complaint in general, and also seeks relief from the Court's order mandating payment of fees to the Record Labels in order to continue this action against Carter and Mosley.[1]

## II. STANDARD OF REVIEW

The Court has the sound discretion to determine whether a motion for reconsideration should be granted. *See Spa 77 G L.P. v. Motiva Enters. LLC*, 772 F. Supp. 2d 418, 437 (E.D.N.Y. 2011). The Second Circuit established that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); *see also* 11 C. Wright et al., Federal Practice and Procedure § 2810.1 (2012); 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995) (noting four grounds for granting such a motion: manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law).

---

[1] Defendants Timothy Mosely p/k/a Timbaland ("Mosley") and Shawn Carter p/k/a ("Jay-Z" "Carter") have only filed Motions alleging insufficient service of process, they not have addressed the merits of Plaintiff's First Amended Complaint.

A finding of clear error and relief is "appropriate only when a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion' and which, if examined, might reasonably have led to a different result." *Corrines v. Am. Physicians Ins. Trust*, 769 F. Supp. 2d 584, 593-94 (S.D.N.Y. 2011) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). A motion for reconsideration may be granted "where the [c]ourt has overlooked matters . . . which might have materially influenced the earlier decision." *Motor Vehicle Mfrs. v. N.Y. State Dep't of Envtl. Conservation*, 831 F. Supp. 57, 60 (N.D.N.Y. 1993) (The court improperly and solely relied upon plaintiff's evidence of sulfur levels and overlooked defendant's evidence as to the degree and nature of sulfur levels that placed into dispute plaintiff's conclusions and, thus, upon reconsideration found that defendant's evidence established that questions of fact remain.).

### III. ARGUMENT

**A. The Plaintiff Requests That This Court Reconsider and Clarify The Potential Dismissal Of The Action In Regards To Shawn Carter and Timothy Mosley.**

Plaintiff seeks to reconsider the Court's ruling that this action will also be dismissed against Shawn Carter and Timothy Mosley if the Plaintiff does not pay the fees of the Record Labels in this action. The Court ruled in Docket Entry 94 as follows:

> **IV. Conclusion**
> For the foregoing reasons, the Record Label Defendants' motions
> to dismiss for failure to state a claim are GRANTED. Defendant
> Shawn Carter's motion to dismiss for insufficient service of
> process is GRANTED.
> Defendant Timothy Mosley's motion to
> set aside default and to dismiss for insufficient service of process
> is GRANTED.
> Plaintiff Hines's motion for leave to amend is GRANTED, conditional
> on the payment of the costs and attorney's fees incurred by the
> Record Label Defendants in filing and defending their motions to

> dismiss. Plaintiff Hines's motion to supplement the record is
> DENIED as moot.
> Plaintiff Hines is directed to file an amended complaint within
> sixty days. Failure to comply with this deadline will result in
> dismissal with prejudice.

For parties that have not been served (Carter and Mosley), Hines seeks to have the dismissal reconsidered to considered "without" prejudice to refile and amend the Complaint. Dismissal without prejudice and conditions, when service of process is the reason for dismissal, is commonplace. See *Guity v. Santos*, No. 18-cv-10387 (PKC)(SDNY), Docket Entry 63. This Court's decision appears to state that Hines cannot continue the litigation against the unserved defendants Carter and Mosley, unless the Record Labels fees are paid. Hence, Carter and Mosley benefit from motion practice unrelated to their own filings. Plaintiff requests that the Court reconsider this decision and allow the Plaintiff to continue against Mosley and Carter without a mandate of payment to the Record Labels as a precondition. In *BUI v. Industrial Enterprises of America, Inc.*, 594 F. Supp.2d 364 (S.D.N.Y 2009), the Hon. Judge Marrero dismissed (1) certain claims against one set of defendants with prejudice and (2) distinguished those claims from a second set of defendants that had claims dismissed without prejudice in order to protect the plaintiff's rights against different defendants. Hines seeks relief from the dismissal, potentially with prejudice, in regard to Carter and Mosley and seeks relief from the condition that the Record Labels must be paid reasonable fees in order to continue the litigation against co-defendants Carter and Mosley.

Neither Mosley nor Carter have filed a motion addressing the merits of the Amended Complaint (only service of process), hence Plaintiff contends that dismissal with prejudice, based on the Record Label condition, is not warranted in this action. See *Guity*, No. 18-cv-10387 (PKC)(SDNY). Failure to pay the Record Labels would end Plaintiff's claims against Carter and Mosley despite the fact that Carter and Mosley have not sought dismissal on the merits of the

4

Amended Complaint.  Courts have consistently held that, even when a trial court properly grants a defendant's motion to dismiss, the plaintiff should have at least one chance to cure the deficiency through amendment. *Rainey v. Lipari Foods, Inc.*, 546 F. App'x. 583, 585 (7th Cir. 2014); *Bausch v. Stryker Corp.,* 630 F.3d 546 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). *Rainey*, 546 F. App'x. 583, 585 (7th Cir. 2014) ("plaintiffs generally may amend their complaints before an answer has been filed once as a matter of right, even after a court grants a motion to dismiss"). Even if dismissal is proper, a district court can err in dismissing a complaint with prejudice. *See Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 481 (7th Cir. 2012) (district court correctly dismissed complaint, but erred in dismissing it with prejudice: "Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint."); *Weston v. Illinois Dep't of Human Servs,* 433 F. App'x 480, 482 (7th Cir. 2011).  As Carter and Mosley have not filed motions relating to the merits of the case, Hines requests relief from Docket Entry 94, and seeks to remove the payment of fees to the Record Labels as a condition for continuing the litigation against Carter and Mosley in the next sixty (60) days, effectively making the dismissal as to Carter and Mosley "without" prejudice to refile an amended complaint.

**B. The Plaintiff Requests That This Court Reconsider The Mandate Of Legal Fees In Order To Continue The Litigation- Due To An Inability To Pay.**

Hines is an eighty-one (81) year old senior citizen without means to pay the fees[2] and his financial situation is more difficult during the coronavirus pandemic.[3]  Due to the inability to

---

[2] The Court will have to determine the reasonableness of any fees.

[3] No Affidavit is provided from Hines as Local Rule 6.3 prohibits such a filing. Hines can file an affidavit if directed by the Court to do so.

5

pay, Hines further requests relief from the condition of paying the Record Labels in order to continue the litigation against Carter and Mosley be reconsidered and changed.

In regard to the Record Labels, due to an inability to pay, Hines requests that the Court reconsider the decision mandating payment of the fees in their totality and remove the fee, or allow Hines to pay the fees at the conclusion of the litigation. See *Brooks v. Dash*, 19-1944 (JSR) (Docket Entry 73)(After providing Dash with a six month extension to pay a sanction, the Court afforded Dash more time to pay due to the coronavirus pandemic).

## C. Plaintiff's Intentions To Add Additional Defendants

Hines intends to add defendants to this action. It would serve all parties to have all issues resolved in one litigation. There are multiple copyright infringers that are associated with the Defendants' actions that Plaintiff intends to add to the lawsuit as the copyright violations are ongoing and the infringing works continued to be sold.

## IV. CONCLUSION

For the reasons states above, the April 16, 2020 Order (Docket Entry 94) should be reconsidered and vacated for the reasons stated above.

ERNIE HINES D/B/A COLORFUL MUSIC
By His Attorneys,

Christopher Brown
CB3465
Brown & Rosen LLC
Attorneys At Law
100 State Street, Suite 900
Boston, MA 02109
617-728-9111 (T)
cbrown@brownrosen.com

Dated:  April 30, 2020