UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNIE HINES D/B/A COLORFUL MUSIC,<br><br>    Plaintiff,<br>    v.<br><br>ROC-A-FELLA RECORDS INC, DEF JAM RECORDINGS INC., UNIVERSAL MUSIC GROUP, SONY MUSIC HOLDINGS INC., SHAWN CARTER p/k/a JAY-Z and TIMOTHY MOSLEY p/k/a TIMBALAND,<br><br>    Defendants. | CASE NO. 19-CV-04587-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
ROC-A-FELLA RECORDS, LLC, AND UMG RECORDINGS, INC.'s MOTION FOR
<u>RECONSIDERATION AND TO AMEND THE JUDGMENT</u>**

12288139.5

Defendants Roc-A-Fella Records, LLC ("Roc-A-Fella") and Def Jam Recordings, a division of UMG Recordings, Inc. ("Def Jam") (collectively, the "Record Label Defendants") respectfully submit this Motion, pursuant to Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b), and Local Rule 6.3, for Reconsideration and to Alter and Amend the Court's Judgment.

## PRELIMINARY STATEMENT

This motion is made to reconsider the Court's decision dismissing this complaint without prejudice of July 1, 2020 (the "July Decision"), but *solely* as such decision applies to the Record Label Defendants.[1] The basis for reconsideration is that the "without prejudice" dismissal as to the Record Label Defendants in the July Decision conflicts with the clear terms of the Court's prior April 16, 2020 Order (the "April Order").

In the April Order, this Court held that the complaint would be dismissed with prejudice and that no further claims could be interposed against the Record Label Defendants if Plaintiff Ernie Hines ("Hines"), within 60 days from said Order, failed to replead *and* pay the legal fees incurred by the Record Label Defendants in connection with their motion to dismiss, which was granted as part of the April Order.[2] Contrary to this Court's statement that Hines' recently-filed

---

[1] This motion is not seeking any reconsideration of the July Decision with respect to the individual defendants, Shawn Carter and Timothy Mosley.

[2] Specifically, the April Order held that (a) Hines' complaint failed to state a valid claim against the Record Label Defendants under Rule 12(b)(6); and (b) as a result of the failure of Hines to

lawsuit was "sufficiently compliant" with the April Order, Hines failed to name the Record Label Defendants in his new complaint, nor could he have done so as he did not first reimburse their attorneys' fees, as ordered.  Indeed, Hines made it clear in his prior submissions that he would not pay them.

Because Hines neither replead his claims against nor reimbursed the Record Label Defendants, as the April Order requires, Hines consciously abandoned his claims against them, and his complaint should have been dismissed against the Record Label Defendants with prejudice.  Hines was aware that dismissal with prejudice would result from his non-compliance with the April Order, because he: (a) voluntarily withdrew his motion for reconsideration of the fee payment mandate; (b) failed to name the Record Label Defendants in his second, related action filed on May 6, 2020; and (c) expressly advised this Court on May 11—five days *after* filing his new claims—that he would not be continuing the instant action.

It appears that the Court may have overlooked these critical, indisputable facts when it entered the July Decision.  Accordingly, the Record Label Defendants respectfully request that the Court amend the judgment in this action to dismiss the Record Label Defendants **with**

---

follow this Court's rules, Hines only had leave to assert an amended complaint within sixty (60) days, and upon the condition that Hines reimbursed the Defendants for the legal expenses they incurred in connection with their motion to dismiss.  Absent compliance with these obligations, the Court held, the Record Label Defendants would be dismissed from the action **with** prejudice.

12288139.5

prejudice, in accordance with the April Order and Hines' clear election not to proceed against them by choosing not to comply with that April Order.

## STANDARD OF REVIEW

The grounds justifying reconsideration under Local Civil Rule 6.3 and Fed. R. Civ. P. 59 are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration is appropriate where, as here, the movant demonstrates that the court overlooked controlling decisions or material facts that were before it on the original motion, and that might "materially have influenced its earlier decision." *Schoolcraft v. City of New York*, 298 F.R.D. 134, 136 (S.D.N.Y. 2014) (granting motion for reconsideration where defendant provided additional color to several facts, which altered the conclusion reached by the court); *see also Lego A/S v. Best-Lock Construction Toys, Inc.*, 319 F.R.D. 440, 454 (D. Conn. 2017) ("Reconsideration, though generally denied and subject to strict standards, may be granted when 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion of the court.'") (citation omitted).

Additionally, under Fed. R. Civ. P. 60(b)(1), the court may set aside a judgment due to mistake, inadvertence, surprise, or excusable neglect. While relief under Rule 60(b) is an

3

extraordinary remedy and final judgments should not lightly be opened, the rule "should be broadly construed to do substantial justice." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Courts in the Second Circuit have repeatedly interpreted Rule 60(b)(1) to encompass judicial error. *Serrano v. Smith*, No. 05 CIV. 1849(KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009) (citing cases). Accordingly, relief under Rule 60(b)(1) is appropriate where, as here, "a court may have overlooked certain parties' arguments or evidence in the record." *Badian v. Brandaid Comm'n Corp.*, No. 03 Civ. 2424(DC), 2005 WL 1083807, at *2 (S.D.N.Y. May 9, 2005); *see also Rumsey v. New York State Dept. of Correctional Servs.*, 580 F. Supp. 1052, 1055 (N.D.N.Y. 1984) (granting relief from order pursuant to Rule 60(b) where plaintiffs demonstrated the existence of facts overlooked by the court).

## PROCEDURAL HISTORY

On April 16, 2020, this Court entered an Opinion & Order (the "April Order," ECF No. 94), which, *inter alia*, granted the Record Label Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. 12(b)(6) on the ground that "[t]he complaint in this case entirely fails to identify which elements of [the allegedly infringed work] "Help Me" were infringed or which elements of [the allegedly infringing works] "Paper Chase" and "Toe 2 Toe" are infringing."[3]

---

[3] Although not relevant to this Motion, the Court also dismissed defendants Timothy Mosley p/k/a Timbaland and Shawn Carter p/k/a Jay-Z from the action on the ground of insufficient service of process.

The Court further ***conditionally*** granted Hines' motion for leave to amend the complaint as against the Record Label Defendants. The Court explained:

> .. [B]ecause Hines's failure to comply with this Court's Individual Practices has resulted in an unnecessary expenditure of resources, leave to amend is conditioned on Hines's payment of the costs and attorney's fees incurred by the Record Label Defendants in filing and defending their motions to dismiss.

*Id.* at 9 n.12. The Court further held:

> Plaintiff Hines is directed to file an amended complaint within sixty days. Failure to comply with this deadline will result in dismissal ***with prejudice***.

*Id.* at 10 (emphasis added).

On April 30, 2020, Hines filed a Motion for Reconsideration of the April Order. In his Memorandum of Law in Support of his Motion for Reconsideration (ECF No. 98), Hines requested, *inter alia*, the April 2020 Order be amended to "reconsider the decision mandating payment of the fees in their totality and remove the fee, or allow Hines to pay the fees at the conclusion of the litigation." *Id.* at 6. Hines further conceded in his Memorandum of Law that he lacks the "means to pay the fees" to the Record Label Defendants. *Id.* at 5. In the Record Label Defendants' response to Hines' Motion for Reconsideration (ECF No. 106), the Record Label Defendants explained that they sent Hines a letter setting forth their fees. The Record Label Defendants further explained that Hines never responded to their letter, and instead was

5

12288139.5

improperly seeking to press his claims against the Record Label Defendants without paying the requisite fees. *Id.* Hines withdrew his Motion for Reconsideration before it was decided by this Court. *Id.* On May 11, 2020, Plaintiff also informed the Court by letter that he would no longer prosecute this action. ECF No. 104. Consistent with his representation, the sixty-day deadline passed on June 15, 2020 without any payment by Plaintiff of any of the legal fees, which was a prerequisite to any continuation of any claims against the Record Label Defendants. Thus, under the express terms of the April Order, the Record Label Defendants should be dismissed with prejudice.

Hines' second lawsuit (the "Second Action"), which was filed on May 6, 2020, and is now before this Court, is not interposed against the Record Label Defendants. Nor could it be, because under the terms of the April Order, the claims against the Record Label Defendants would be dismissed with prejudice if Hines did not pay their fees. The only defendants whom Hines has named in the Second Action are Mosley, Carter, and certain music publishing entities that were never named as defendants in this action (the "First Action").

Based on the foregoing facts and proceedings, and based on the April Order, on June 29, 2020, the Record Label Defendants moved for dismissal with prejudice from the First Action.

## ARGUMENT

The July Decision as to which this motion is addressed states: "it is true that Plaintiff did not comply with the sixty-day deadline imposed by the Opinion and Order. Plaintiff, however, informed the Court of his intention to proceed against the Defendants in a new lawsuit. (ECF Nos. 104, 105.) And the new lawsuit was filed within sixty days of the Court's Opinion and order. (See *Hines v. EMI April Music Inc*., No. 20-CV-3535.) The Court adjudges Plaintiff's conduct to be sufficiently compliant with its Opinion and order."

The Record Label Defendants respectfully submit that the Court erred by not dismissing them ***with*** prejudice from the First Action for two reasons: *First*, and foremost, Hines has failed to pay any of the fees that the Court held in its April Order were a *condition precedent* to Hines' ability to proceed with his copyright infringement claim against the Record Label Defendants. Accordingly, contrary to the conclusion of the Court in its July Decision, Hines utterly failed to comply with the April Order. *Second,* the complaint in the Second Action does *not* (as it could not under the April Order) name as defendants any Record Label Defendants. Accordingly, the complaint in the Second Action is irrelevant to the issues presented on this motion.

In sum, it is undisputed that Hines was barred under the April Order from filing any further claims against the Record Label Defendants unless he ***first*** paid their legal fees and ***only then*** could he file new claims, provided he did so within a 60-day period expiring on June 15,

2020.  It is also undisputed that neither of those events happened. Thus, pursuant to the April Order, an order of dismissal *with prejudice* of the complaint as against the Record Label Defendants should be issued.  Otherwise, if the without prejudice dismissal is allowed to stand, the April Order will be rendered meaningless, as Hines could seek to thwart its clear terms by now improperly attempting to amend to add the Record Label Defendants.  The Record Label Defendants respectfully submit that this would subvert the Court's April Order, with which Hines demonstrably failed to comply.

## **CONCLUSION**

For the foregoing reasons, the Record Label Defendants respectfully request that they be dismissed from this action ***with prejudice.***

| | |
|---|---|
| DATED: New York, New York<br>July 6, 2020 | MITCHELL SILBERBERG & KNUPP LLP<br><br>By: /s/ Christine Lepera<br>    Christine Lepera<br>    Jeffrey M. Movit<br>    Leo Lichtman<br>    437 Madison Ave., 25th Floor<br>    New York, New York 10022<br>    Telephone: (212) 509-3900<br>    Facsimile: (212) 509-7239<br>    Email: ctl@msk.com<br>    Email: jmm@msk.com<br>    Email: lml@msk.com<br><br>*Attorneys for Defendants Roc-A-Fella Records, LLC and Def Jam Recordings, a division of UMG Recordings, Inc.* |